**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 19, 2021

**VIA ECF & E-MAIL**
United States District Court
Southern District of New York
Attn: Hon. Andrew L. Carter, U.S.D.J.
40 Foley Square, Courtroom 1306
New York, NY 10007-1312
alcarternysdchambers@nysd.courts.gov

   Re: **Pagan v. C.I. Lobster Corp.,** *et al.*
     **Case No: 1:20-cv-7349 (ALC) (SDA)**
     **MLLG File No.: 197-2020**

Dear Judge Carter:

  This firm represents the Defendants, who submit this letter motion in accordance with ¶ 2(A) of this Court's Individual Practices to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss the ninth and tenth causes of action in the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). Defendants provide the basis of their anticipated motion below.

**Relevant Background**

  On September 11, 2020, Plaintiff Joseph Pagan ("Plaintiff") filed the instant lawsuit asserting causes of action under: (i) the Fair Labor Standards Act ("FLSA") for unpaid minimum wages; (ii) the FLSA for unpaid overtime wages; (iii) the New York Labor Law ("NYLL") for unpaid minimum wages; (iv) the NYLL for unpaid overtime wages; (v) the NYLL for failure to furnish wage notices; (vi) the NYLL for failure to furnish wage statements; (vii) the NYLL for spread of hours compensation; (viii) the NYLL for illegal deductions for gratuities; (ix) the New York City Human Rights Law ("NYCHRL") for gender/perceived sexual orientation discrimination; and (x) the NYCHRL for race discrimination. See Docket Entry 2.

**This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim**

  Plaintiff alleges he was paid $10.00 per hour and was not compensated for all hours worked. See Docket Entry 2 at ¶¶ 45-48. He also claims, without any factual details in support, that he was paid only his "regular rate" for hours worked in excess of forty (40) hours per week.[1] See Id. at ¶¶ 49.

---

[1] Discovery will establish that, based on his time records, Plaintiff never worked for more than forty (40) hours in a week in his short one (1) year tenure working for the corporate Defendant.

He similarly conclusorily alleges that he was not paid "spread of hours" premium on days when his workdays lasted longer than ten (10) hours a day, but fails to identify a single day that he worked more than ten (10) hours. Id. at ¶ 50.

Plaintiff also complains that a tip credit was taken against his wages such that his wages paid were less than the full minimum wage, but fails to identify a single week in which he was paid less than the minimum wage. Id.

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiff fails to remotely meet the plausibility standard required to state a claim for his wage-and-hour causes of action. He fails to identify a single week in which he worked and was not paid at least the minimum wage or any overtime wages. Accordingly, his wage-and-hour claims must be dismissed.

**This Court Should Decline to Exercise Supplemental Jurisdiction over the State Law Claims**

The only basis for this Court to have subject matter jurisdiction is the federal question posed by Plaintiff's FLSA claims. See 28 U.S.C. § 1331. Indeed, apparently recognizing the weakness of his discrimination claims, Plaintiff does not pursue them under Title VII in his complaint. See Docket Entry 2.

Plaintiff alleges that he was called racial slurs as an "African American, Hispanic man" and was also called homosexual slurs without affirmatively stating whether he falls into a protected class, i.e., whether he is, in fact, a homosexual. It must be noted that Plaintiff claims in one breath that he is similarly situated to all other employees for his wage-and-hour claims, but then claims he was singled out and discriminated against in another breath for his discrimination claims. Plaintiff cannot have it both ways.

Hon. Andrew L. Carter, U.S.D.J.
January 19, 2021
P a g e | **3**

Defendants respectfully submit that this Court should decline to exercise supplemental jurisdiction over the discrimination claims in this case.

When a district court has original jurisdiction over claims in a case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III.'" See F5 Capital v. Pappas, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) ("Pendent jurisdiction ... exists whenever there is a claim 'arising under [federal law],' *and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'*" (quoting U.S. Const. art. III, § 2) (emphasis added))). Claims are considered "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)).

Here, the only federal claims raised arise under the FLSA. As such, only the NYLL claims for unpaid minimum wage and unpaid overtime may properly form the basis for having a relationship to the FLSA claims for the identical issues. Consequently, the remaining state law claims – recordkeeping violations, spread of hours compensation, and illegal deductions for gratuities under the NYLL, as well as the discrimination claims under the NYCHRL – have absolutely nothing to do with Plaintiff's wage-and-hour claims.

Accordingly, this Court must dismiss all but the first four (4) causes of action because the remaining six (6) causes of action have absolutely no bearing on Plaintiff's federal wage-and-hour claims and can in no way be considered "part of the same case or controversy" nor "derive from a common nucleus of operative fact."

**Plaintiff's Discrimination Claims Fail to State a Claim for Relief**

Even if this Court were to decide the discrimination claims on the merits (which it should not), they must nonetheless be dismissed for failure to state a claim.

Indeed, for those claims, Plaintiff fails to allege any adverse employment action such that an inference can be made that it is related to his race or gender/perceived sexual orientation. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Further, the allegations only give rise to nonactionable petty slights and trivial inconveniences. See Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568 (2d Cir. 2011) (quoting Burlington N & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006)).

For the foregoing reasons, Defendants request a pre-motion conference be scheduled. Defendants also respectfully reserve the right to move for dismissal on any additional grounds concerning Plaintiff's claims discovered in the continuing investigation of Plaintiff's claims.

Hon. Andrew L. Carter, U.S.D.J.
January 19, 2021
P a g e | **4**

### **Defendants' Time to Respond to the Complaint Should be Extended *nunc pro tunc***

Defendants also write pursuant to ¶ 1(D) of this Court's Individual Practices to respectfully request a third extension of time to today, *nunc pro tunc*, to respond to the complaint in this case. The original date a response to the complaint was due was Wednesday, December 30, 2020. There had been two (2) previous requests for an extension of Defendants' deadline to respond to the complaint, which the adversary consented to each time. The adversary consents to this third request, as well. Defendants are unaware of any other scheduled dates affected by the requested extension.

Defendants make this third request in light of this Court's standing Mediation Referral Order entered on October 30, 2020, as Defendants should not be forced to incur the costs of preparing formal pleadings in the event the parties are able to reach a settlement at the mediation. The mediation was originally scheduled for mid-December but got adjourned to this Thursday, January 21, 2021.

Defendants respectfully submit that their request is made in the spirit of Rule 1 of the Federal Rules of Civil Procedure, which provides that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added). After the mediation was adjourned to late January, your undersigned did not realize that the answer was still due because he was working on four (4) motions due at the end of the year in three (3) separate matters and unfortunately overlooked the instant deadline. Plaintiff suffered no prejudice because he previously agreed to wait for a response until after the mediation and Defendants are filing their response to the complaint today in good faith. Defendants thus respectfully submit that the foregoing reasons constitute good cause and excusable neglect pursuant to Rule 6. See Fed. R. Civ. P. 6(b)(1)(B).

Accordingly, Defendants' third letter motion for an extension of time to respond to the complaint should be granted. Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
January 19, 2021                     Respectfully submitted,

                                     **MILMAN LABUDA LAW GROUP PLLC**
                                     _____/s_____
                                     Emanuel Kataev, Esq.
                                     3000 Marcus Avenue, Suite 3W8
                                     Lake Success, NY 11042-1073
                                     (516) 328-8899 (office)
                                     (516) 303-1395 (direct dial)
                                     (516) 328-0082 (facsimile)
                                     emanuel@mllaborlaw.com

cc: Plaintiff (via ECF).