OTTINGER
EMPLOYMENT LAWYERS

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street, 14th Fl.
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

Finn Dusenbery
Direct: (212) 583-0030
finn@ottingerlaw.com

January 22, 2021

**By ECF and Electronic Mail**

Hon. Andrew L. Carter
U.S. District Judge
Southern District of New York
40 Foley Sq, Courtroom 1306
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

**Re: Pagan v. C.I. Lobster Corp., *et al.***
**No. 20-cv-7349 (ALC)(SDA)**

Dear Judge Carter:

This office represents Plaintiff and the proposed class and collective in the above-referenced matter and writes in response to Defendants' letter requesting a pre-motion conference in anticipation of Defendants' motion to dismiss.

Plaintiff has made sufficient allegations to make out wage and hour claims, including minimum wage, overtime and spread of hours claims under the FLSA and NYLL. Specifically, Plaintiff has alleged that: 1) Plaintiff was not paid minimum wage or overtime under the FLSA or NYLL in that he was not paid for all hours worked; 2) Plaintiff was not paid minimum wage or overtime under the NYLL in that Defendants were not entitled to take a $5 tip credit against Plaintiff's hourly rate because Defendants required Plaintiff to share tips with tip-ineligible employees, namely, Defendant Richard Mandarino, who did not provide customer service and had the power to hire and fire employees, and 3) Plaintiff did not receive an extra hour of pay for a spread of hours premium when his workdays lasted longer than ten hours under the N.Y. Hospitality Wage Order. *See Fermin*, 93 F. Supp.3d 19, 39 (E.D.N.Y. 2015) ("Thus, an employer loses its entitlement to the tip credit when it requires tipped employees to share tips with (1) employees who do not provide direct customer service or (2) managers.") *quoting Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234, 240 (2d Cir. 2011); *Yu G. Ke*, 595 F. Supp. 2d 240 ("To be eligible for the tip credit, however, the employer must first notify the employees of the requirements of the law regarding minimum wages and of the employer's intention to take the tip credit, that is, to include tip income when calculating wages actually paid for minimum-wage purposes."); 12 NYCRR 146-1.6.

Moreover, Plaintiff is not required to identify specific calendar days or particular weeks when violations occurred and allegations respecting the hours that Plaintiff "generally" worked are sufficient to make out wage and hour claims. *See Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (the Second Circuit "has not required plaintiffs to keep careful

records and plead their hours with mathematical precision" and "it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime…"; *Gayvoronskaya v. Americare, Inc.*, 2018 WL 4378162, at *4 (E.D.N.Y. 2018) (stating that operative Amended Complaint contained sufficient factual detail of plaintiff's hours worked for overtime claim where it alleged that plaintiff "typically worked for roughly seventy-two (72) hours per week in 2009 and 2010."); *Rothoff v. New York State Catholic Health Plan, Inc.*, 2020 WL 5763862, at *3 (E.D.N.Y. 2020) ("[t]hat the plaintiff alleges that she 'regularly' worked these specific hours during this period does not mean the pleading is insufficient."); *Pichardo v. Hoyt Transp. Corp.*, 2018 WL 2074160 at *7 n. 10 (E.D.N.Y. 2018) (denying motion to dismiss overtime claims where plaintiff alleged "typically" working between 47 and 49 hours per week and at least five hours of uncompensated work and stating, "[t]he reasonable inference – indeed the only inference – is that there was at least one week in which plaintiff worked 40 hours in addition to at least 5 hours of uncompensated work" and that it is "[not] fatal that there may be some atypical workweeks in which plaintiff accrued no overtime.").

Defendants' argument that the Court should decline to exercise supplemental jurisdiction over all state law claims except for the minimum wage and overtime claims is completely meritless. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (finding no abuse of discretion in the District Court's decision to exercise supplemental jurisdiction over NYLL claims, including claims under § 196-d and spread of hours claims and stating, "Because FLSA and NYLL claims usually revolve around the same set of facts, plaintiffs frequently bring both types of claims together in a single action…"). Indeed, under 28 U.S.C. § 1367(a), the Court is required to exercise supplemental jurisdiction where state claims are "so related" to federal claims that they "form part of the same case or controversy." *See* 28 U.S.C. § 1367(a). Claims "form part of the same case or controversy" if they "derive from a common nucleus of operative fact." *Shahriar*, 659 F.3d at 245 *quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). Here, Plaintiff's FLSA and NYLL claims, including his claims for spread of hours compensation, illegally misappropriated tips, and wage notice and statement claims all derive from a "common nucleus of operative facts" as they involve Defendants' compensation policies and practices. *See Humphrey v. Rav Invesetigative & Security Services Ltd.*, 169 F. Supp. 3d 489, 503 (S.D.N.Y. 2016) *quoting Shahriar*, 659 F.3d at 245.

Notwithstanding the above, Plaintiff requests that, prior to Defendants making a motion to dismiss, the Court allow Plaintiff to amend his complaint, which will allow Plaintiff to address any supposed deficiencies, revise any allegations based on further information learned from Plaintiff or while prosecuting this case, and dismiss or withdraw without prejudice the discrimination claims brought under the New York City Human Rights Law, N.Y.C. Admin. L. §§ 8-101 *et seq*.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Finn Dusenbery*
Finn Dusenbery