UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH PAGAN,

                                   Plaintiff,

      -against-

C.I. LOBSTER CORP., JOSEPH MANDARINO,
RICHARD MANDARINO, and JOHN MANDARINO,

                                   Defendants.
------------------------------------------------------------------X

**Case No.:** 1:20-cv-7349 (ALC) (SDA)

**ANSWER**

Defendants C.I. Lobster Corp. (hereinafter the "Corporate Defendant"), Joseph Mandarino (hereinafter "Joseph"), Richard Mandarino (hereinafter "Richard"), and John Mandarino (hereinafter "John") (Joseph, Richard, and John collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants"), by and through their attorneys, Milman Labuda Law Group PLLC, hereby submit this Answer to the First Amended Complaint ("Complaint") of Joseph Pagan (hereinafter "Plaintiff") as follows:

## AS TO "NATURE OF THE CLAIMS"

1. Defendants admit that Plaintiff makes certain allegations contained in ¶ 1 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

2. Defendants admit that Plaintiff makes certain allegations contained in ¶ 2 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief..

3. Defendants admit that Plaintiff makes certain allegations contained in ¶ 3 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

## AS TO "JURISDICTION AND VENUE"

4. ¶ 4 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 4 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

5. ¶ 5 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 5 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

6. ¶ 6 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 6 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "THE PARTIES"

7. ¶ 7 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 7 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

8. ¶ 8 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 8 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

9. Defendants deny the truth of the allegations contained in ¶ 9 of the Complaint.

10. ¶ 10 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 10 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

11. Defendants deny the truth of the allegations contained in ¶ 11 of the Complaint.

12. Defendants deny the truth of the allegations contained in ¶ 12 of the Complaint.

13. Defendants deny the truth of the allegations contained in ¶ 13 of the Complaint.

14. Defendants deny the truth of the allegations contained in ¶ 14 of the Complaint.

15. Defendants deny the truth of the allegations contained in ¶ 15 of the Complaint.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

16. Defendants admit that Plaintiff makes certain allegations contained in ¶ 16 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

17. Defendants deny the truth of the allegations contained in ¶ 17 of the Complaint.

18. Defendants deny the truth of the allegations contained in ¶ 18 of the Complaint.

19. Defendants deny the truth of the allegations contained in ¶ 19 of the Complaint.

20. Defendants deny the truth of the allegations contained in ¶ 20 of the Complaint.

21. Defendants deny the truth of the allegations contained in ¶ 21 of the Complaint.

22. Defendants deny the truth of the allegations contained in ¶ 22 of the Complaint.

## AS TO "CLASS ACTION ALLEGATIONS"

23. Defendants admit that Plaintiff makes certain allegations contained in ¶ 23 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

24. Defendants admit that Plaintiff makes certain allegations contained in ¶ 24 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

25. Defendants deny the truth of the allegations contained in ¶ 25 of the Complaint.

26. Defendants deny the truth of the allegations contained in ¶ 26 of the Complaint.

27. Defendants deny the truth of the allegations contained in ¶ 27 of the Complaint.

28. Defendants deny the truth of the allegations contained in ¶ 28 of the Complaint.

29. Defendants deny the truth of the allegations contained in ¶ 29 of the Complaint.

30. Defendants deny the truth of the allegations contained in ¶ 30 of the Complaint.

31. Defendants deny the truth of the allegations contained in ¶ 31 of the Complaint.

32. Defendants deny the truth of the allegations contained in ¶ 32 of the Complaint.

33. Defendants deny the truth of the allegations contained in ¶ 33 of the Complaint.

34. Defendants deny the truth of the allegations contained in ¶ 34 of the Complaint.

35. Defendants admit that Plaintiff makes certain allegations contained in ¶ 35 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

## **AS TO "INDIVIDUAL FACTUAL ALLEGATIONS"**

36. Defendants deny the truth of the allegations contained in ¶ 36 of the Complaint.

37. Defendants deny the truth of the allegations contained in ¶ 37 of the Complaint.

38. Defendants deny the truth of the allegations contained in ¶ 38 of the Complaint.

39. Defendants deny the truth of the allegations contained in ¶ 39 of the Complaint.

40. Defendants deny the truth of the allegations contained in ¶ 40 of the Complaint.

41. Defendants deny the truth of the allegations contained in ¶ 41 of the Complaint.

42. Defendants deny the truth of the allegations contained in ¶ 42 of the Complaint.

43. Defendants deny the truth of the allegations contained in ¶ 43 of the Complaint.

44. Defendants deny the truth of the allegations contained in ¶ 44 of the Complaint.

45. Defendants deny the truth of the allegations contained in ¶ 45 of the Complaint.

46. Defendants deny the truth of the allegations contained in ¶ 46 of the Complaint.

47. Defendants deny the truth of the allegations contained in ¶ 47 of the Complaint.

48. Defendants deny the truth of the allegations contained in ¶ 48 of the Complaint, except admit that the Corporate Defendant lawfully took a tip credit against Plaintiff's wages after informing him of same.

49. Defendants deny the truth of the allegations contained in ¶ 49 of the Complaint.

50. Defendants deny the truth of the allegations contained in ¶ 50 of the Complaint.

51. Defendants deny the truth of the allegations contained in ¶ 51 of the Complaint.

52. Defendants deny the truth of the allegations contained in ¶ 52 of the Complaint.

53. Defendants deny the truth of the allegations contained in ¶ 53 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"

54. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

55. Defendants deny the truth of the allegations contained in ¶ 55 of the Complaint.

56. Defendants deny the truth of the allegations contained in ¶ 56 of the Complaint.

57. ¶ 57 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 57 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

58. Defendants admit that Plaintiff makes certain allegations contained in ¶ 58 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

## AS TO "SECOND CAUSE OF ACTION"

59. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

60. Defendants deny the truth of the allegations contained in ¶ 60 of the Complaint.

61. Defendants deny the truth of the allegations contained in ¶ 61 of the Complaint.

62. ¶ 62 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 62 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

63. Defendants deny the truth of the allegations contained in ¶ 63 of the Complaint.

64. Defendants admit that Plaintiff makes certain allegations contained in ¶ 64 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

## AS TO "THIRD CAUSE OF ACTION"

65. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

66. Defendants deny the truth of the allegations contained in ¶ 66 of the Complaint.

67. Defendants deny the truth of the allegations contained in ¶ 67 of the Complaint.

68. ¶ 68 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 68 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

69. Defendants admit that Plaintiff makes certain allegations contained in ¶ 69 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

## AS TO "FOURTH CAUSE OF ACTION"

70. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

71. Defendants deny the truth of the allegations contained in ¶ 71 of the Complaint.

72. Defendants deny the truth of the allegations contained in ¶ 72 of the Complaint.

73. ¶ 73 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 73 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

74. Defendants admit that Plaintiff makes certain allegations contained in ¶ 74 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

## AS TO "FIFTH CAUSE OF ACTION"

75. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

76. Defendants deny the truth of the allegations contained in ¶ 76 of the Complaint.

77. ¶ 77 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 77 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

78. Defendants admit that Plaintiff makes certain allegations contained in ¶ 78 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

## AS TO "SIXTH CAUSE OF ACTION"

79. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

80. Defendants deny the truth of the allegations contained in ¶ 80 of the Complaint.

81. ¶ 81 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 81 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

82. Defendants admit that Plaintiff makes certain allegations contained in ¶ 82 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

## AS TO "SEVENTH CAUSE OF ACTION"

83. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

84. ¶ 84 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 84 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

85. ¶ 85 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 85 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

86. ¶ 86 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 86 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

87. Defendants deny the truth of the allegations contained in ¶ 87 of the Complaint.

88. Defendants deny the truth of the allegations contained in ¶ 88 of the Complaint.

89. Defendants deny the truth of the allegations contained in ¶ 89 of the Complaint.

90. ¶ 90 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 90 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

91. Defendants admit that Plaintiff makes certain allegations contained in ¶ 91 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

## AS TO "EIGHTH CLAIM FOR RELIEF"

92. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

93. Defendants deny the truth of the allegations contained in ¶ 93 of the Complaint.

94. Defendants deny the truth of the allegations contained in ¶ 94 of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

95. Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

96. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

97. Plaintiffs have been paid all monies owed to them.

### FOURTH AFFIRMATIVE DEFENSE

98. Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, Plaintiffs cannot establish that any alleged violation of the FLSA was willful and, thus, cannot establish entitlement to a three-year statute of limitations with respect to their claims.

### FIFTH AFFIRMATIVE DEFENSE

99. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, unclean hands, and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

100. This action is barred, in whole or in part, as to all or some of the hours allegedly worked by Plaintiffs that were not reported in accordance with any applicable policies or procedures.

**SEVENTH AFFIRMATIVE DEFENSE**

101.    Plaintiffs are not entitled to liquidated damages pursuant to the New York Labor Law and/or the FLSA because at all times Defendants acted in good faith and had reasonable grounds for believing that their acts and/or omissions were not a violation.

**EIGHTH AFFIRMATIVE DEFENSE**

102.    Defendants' actions regarding payroll practices and compliance with the New York Labor Law and/or the FLSA were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the New York Labor Law and/or the FLSA.

**NINTH AFFIRMATIVE DEFENSE**

103.    Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiffs are not entitled to liquidated damages because Defendants' actions with respect to the method of paying Plaintiffs was taken in good faith.

**TENTH AFFIRMATIVE DEFENSE**

104.    This action is barred, in whole or in part, as to all or some of the hours allegedly worked of which Defendants lack actual or constructive knowledge.

**ELEVENTH AFFIRMATIVE DEFENSE**

105.    To the extent that NYLL § 195 provides for a private cause of action and Defendants violated NYLL § 195 (which they deny), Plaintiffs are not entitled to any monetary damages because they were paid all alleged wages owed to them.

**TWELFTH AFFIRMATIVE DEFENSE**

106.    Defendants have met and satisfied any and all obligations to Plaintiffs and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

107. Plaintiffs' claims are unable to be brought as a class action.

## FOURTEENTH AFFIRMATIVE DEFENSE

108. Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

## FIFTEENTH AFFIRMATIVE DEFENSE

109. Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

110. The allegations of the Complaint are insufficient to entitle Plaintiffs to punitive damages. Defendants' conduct was not willful, wanton and/or egregious and punitive damages are not available on Plaintiffs' FLSA and State Labor Law claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

111. The allegations of the Complaint are insufficient to entitle Plaintiffs to an award of attorneys' fees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

112. The causes of action herein have been waived and/or are barred by reason of the Plaintiffs' failure to give proper and timely notice to the Defendants of their claims.

## NINETEENTH AFFIRMATIVE DEFENSE

113. Plaintiffs were not employed by each and every Defendant, for some or all of the relevant period.

**TWENTIETH AFFIRMATIVE DEFENSE**

114. If Plaintiffs succeed in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiffs, which is expressly denied, Defendants are entitled to a set-off against said sum to the extend paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above his wages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

115. Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and the New York Labor Law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

116. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the Fair Labor Standards Act and/or New York Labor Law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

117. Plaintiffs' claims are barred to the extent they petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States Bankruptcy Code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

118. Plaintiffs worked for another entity, business, or company other than Defendants during all or part of the time that Plaintiffs claim to have worked for Defendants.

### **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

119. Defendants reserve the right pending completion of discovery to assert any additional defenses that may exist.

### **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

120. The potential class is not numerous.

### **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

121. The questions of law or fact are not common to the potential class.

### **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

122. The claims or defenses of the parties are not typical of the claims or defenses of the potential class.

### **TWENTY-NINTH AFFIRMATIVE DEFENSE**

123. The interests of the potential class will not be fairly and adequately protected.

### **THIRTIETH AFFIRMATIVE DEFENSE**

124. The Plaintiffs are not an adequate representative of the putative class members.

### **THIRTY-FIRST AFFIRMATIVE DEFENSE**

125. Plaintiffs are not similarly situated with those they allege are potential members of a collective action.

### **THIRTY-SECOND AFFIRMATIVE DEFENSE**

126. The allegations contained in the Complaint do not establish that the Corporate Defendants constitute a single employer, or an alter ego and/or successor of each other.

### **THIRTY-THIRD AFFIRMATIVE DEFENSE**

127. Plaintiff never worked overtime.

## DEFENDANTS DEMAND TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all questions of fact raised in this case.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint together with costs and disbursements of this action.

Dated: Lake Success, New York
March 19, 2021

**MILMAN LABUDA LAW GROUP PLLC**

\_\_/s Emanuel Kataev, Esq._____
Richard I. Milman, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
rich@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*