```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

Joseph Pagan, individually and on behalf of all others similarly situated,

               Plaintiff(s),

No. 1:20-cv-7349 ( ALC ) (SDA)

-against-

C.I. Lobster Corp., Joseph Mandarino, Richard Mandarino, and John Mandarino

               Defendant(s).

-------------------------------------------------------------x

## REPORT OF RULE 26(f) MEETING AND ~~PROPOSED~~ CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on __05/18/2021__ and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

    **Plaintiff:**
    Plaintiff's brings putative class action claims for (1) Failure to pay minimum wages under FLSA, NYLL and N.Y.C.R.R.; (2) Failure to pay overtime compensation under FLSA; (3) Failure to furnish wage notices under NYLL; (4) Failure to furnish wage statements under NYLL; (5) Failure to compensate the spread of hours pay under NYLL and N.Y.C.R.R.; (6) Illegal deductions from Gratuities under NYLL 196-d;

    **Defendant:**
    Defendants submit that Plaintiff is not similarly situated to other employees and otherwise has no actionable claims because he never worked overtime, cannot rebut with any evidence the validity of ~~the accurate and contemporaneous time records, received written and verbal notice of the~~ tip credit ~~and properly received enough tips to satisfy the minimum wage requirement for all weeks~~ worked, ~~did not work a spread of ten or more hours during his employment, and otherwise receive~~d all gratuities. Defendants respectfully refer the Court to their Answer (Docket Entry 28).

2. **Basis of Subject Matter Jurisdiction:** Pursuant to 28 USC 1331; the case is brought under the FLSA, 29 U.S.C. 201, et seq.

1

*Revised: April 22, 2021*

    3.    **Subjects on Which Discovery May Be Needed**

<u>Plaintiff:</u>

Plaintiff will seek discovery for himself and the punitive class for hours worked, compensation, tips, and policies and practices regarding the same.

<u>Defendant:</u>
Defendants will seek Plaintiff's testimony and any evidence he may have rebutting the presumptive validity of Defendants' time and payroll records. Defendants reserve the right to seek any other discovery deemed necessary under the Federal Rules of Civil Procedure.

    4.    **Initial Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on will be disclosed by Plaintiff on 06/18/21_. In addition, on _06/18/21_, Plaintiff(s) will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be disclosed by Defendant(s) on 6/18/2021. In addition, on 6/18/2021, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

    5.    **Formal Discovery**

    The parties jointly propose to the Court the following discovery plan:

    a.    All fact discovery must be completed by 01/05/2022.

    b.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

    i.    <u>Depositions</u>: Depositions shall be completed by  01/05/2022 and limited to no more than  10   depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before     05/31/2021    . All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii.    <u>Requests for Admission</u>: Requests for admission must be served on or before      11/15/2021       .

    iv.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on    05/31/2021       and responses shall be due on      06/30/2021       . All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

At this point, there are no discovery disputes and no party is seeking limitations on discovery
_____
_____

7. **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated?__No._____

    b.    Last date to amend the Complaint: ___May 31, 2021_____

*Revised: April 22, 2021*

8. **Expert Witness Disclosures**

At this time, the parties do /(do not) (circle one) anticipate utilizing experts.  Expert discovery shall be completed by _____N/A_____.

9. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery?  __No_____

    b. Is there an electronic discovery protocol in place?  If not, when the parties except to have one in place?  __The parties will discuss the protocol if the need arises__

    c. Do the parties want the Court to enter a Rule 502(d) Order? (*see* Rule 502(d) Order)

    Yes _____    No __✓__

    d. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

    No

10. **Anticipated Motions**

    Motion for Conditional Certification Pursuant to 29 USC 216 (b)
    Motion for Judgment on the Pleadings and/or Motion for Summary Judgment
    Motion for Sanctions arising out of Plaintiff's and his counsel's improper solicitations of employees.

11. **Early Settlement or Resolution**

The parties (have)/ have not (circle one) discussed the possibility of settlement.  The parties request a settlement conference by no later than _____.  The following information is needed before settlement can be discussed:

Defendants' Position: Plaintiff refuses to resolve this case absent certification of a collective action and/or class action. Defendants are prepared to resolve this case.
Plaintiff's Position: Parties enaged in mediation, which was unsuccessful.

12. **Trial**

    a. The parties anticipate that this case will be ready for trial by __03/01/2022__.

4

*Revised: April 22, 2021*

    b.    The parties anticipate that the trial of this case will require **7** days.
Defendants submit only three (3) days is necessary.

    c.    The parties do /**do not** (circle one) consent to a trial before a Magistrate Judge at this time.

    d.    The parties request **a jury** / bench (circle one) trial.

13.    **Other Matters**

_____
_____
_____

Respectfully submitted this **20th** day of **May, 2021**.

ATTORNEYS FOR PLAINTIFF(S):    ATTORNEYS FOR DEFENDANT(S):

Finn Dusenbery, Esq.    Emanuel Kataev, Esq.
Ottinger Law Firm, P.C.    Milman Labuda Law Group PLLC

ENDORSEMENT: The parties' proposed case management plan is approved. Extensions shall be granted for good cause shown. Defendants shall file their anticipated motion to disqualify counsel/ motion for sanctions no later than June 24, 2021. Plaintiff shall file his opposition no later than July 8, 2021 and Defendant shall file any reply no later than July 15, 2021. In addition, on August 10, 2021, the parties shall file a joint letter regarding the status of discovery. SO ORDERED.
Dated: June 10, 2021 *[signature]*