UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Pagan, individually and on behalf of all others similarly-situated, | No.: 1:20-cv-7349 (ALC)(SDA) |
| Plaintiffs, | |
| v. | |
| C.I. Lobster Corp., Joseph Mandarino, Richard Mandarino, and John Mandarino, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISQUALIFY**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

    A.  FACTS.......................................................................................................................... 1

    B.  STANDARD OF REVIEW........................................................................................... 3

    C.  THE OTTINGER FIRM, P.C. SHOULD NOT BE DISQUALIFIED BECAUSE IT DID
       NOT ENGAGE IN SOLICITATION .......................................................................... 4

    D.  THERE IS NO CONFLICT OF INTEREST BETWEEN THE OTTINGER FIRM, P.C.
       AND PLAINTIFF PAGAN........................................................................................... 7

    E.  THE COURT SHOULD SANCTION DEFENDANTS FOR BRINGING THIS
       FRIVOLOUS MOTION............................................................................................... 8

    F.  CONCLUSION .......................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Austen v. Catterton Partners*,
   831 F. Supp. 2d 559, 567 (D. Conn. 2011) .................................................................................. 5

*Board of Ed. of City of New York v. Nyquist*,
   590 F.2d 1241, 1246 (2d Cir. 1979) ............................................................................................. 3

*Brown v. Mustang Sally's Spirits and Grill, Inc.*,
   2012 WL 4764585 (W.D.N.Y. 2012); ABA Formal Op. 07-445 (2007).................................... 5

*Chambers v. NASCO, Inc.*,
   501 U.S. 32, 35 (1991) ................................................................................................................. 8

*Dziennik v. Sealift, Inc.*,
   2006 WL 1455464 (E.D.N.Y. 2006)............................................................................................ 5

*Evans v. Artek Sys. Corp.*,
   715 F.2d 788, 791-92 (2d Cir. 1983).......................................................................................... 3

*Glueck v. Jonathan Logan, Inc.*,
   653 F.2d 746, 748 (2d Cir. 1981). .............................................................................................. 3

*Guerrilla Girls, Inc. v. Kaz*,
   2004 WL 2238510 (S.D.N.Y. 2004) ......................................................................................... 3,4

*Gulf Oil v. Bernard*,
   452 U.S. 89, 100 (1981) ............................................................................................................... 4

*Hickman v. Burlington Bio-Medical Corp.*,
   371 F. Supp. 2d 225, 229 (E.D.N.Y. 2005)................................................................................ 3

*Hinterberger v. Catholic Health System, Inc.*,
   2010 WL 3395672 (W.D.N.Y. 2010)........................................................................................... 5

*King v. Fox*,
   2005 WL 741760 at *2 (S.D.N.Y. 2005) ..................................................................................... 3

*Matthews v. LeBoeuf, Lamb, Greene & MacRae,*
902 F. Supp. 26, 28 (S.D.N.Y. 1995) ................................................................................ 3

*Mendez v. Enecon Northeast Applied Polymer Systems, Inc.,*
2015 WL 4249219 (E.D.N.Y. 2015) ................................................................................. 4

*Piccolo v. Top Shelf Productions, Inc., et al.,*
16-cv-6930 (GRB) (E.D.N.Y. May 25, 2021), Dkt. No. 175, p. 2, Ex. 1. ............................ 9,10

*Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.,*
687 F. Supp. 2d 381 (S.D.N.Y. 2010) ............................................................................. 3,4

*Revson v. Cinque & Cinque, P.C.,*
221 F.3d 71, 78 (2d Cir. 2000) ....................................................................................... 8, 9

*Rivera v. Lutheran Medical Center,*
866 N.Y.S.2d 520 (Kings Co. 2008) *aff'd* 73 A.D.3d 891 (2d Dep't 2010) .......................... 6

*Shibetti v. Z Rest. Diner and Lounge, Inc.,*
2021 WL 1738315 at *6 (E.D.N.Y. 2021) ......................................................................... 6,7

*TufAmerica, Inc. v. Codigo Music LLC,*
2013 WL 1903867 (S.D.N.Y. 2013) ................................................................................. 3

*United States Football League v. National Football League,*
605 F. Supp. 1448, 1452 (S.D.N.Y. 1985) ....................................................................... 3

## Statutes

28 U.S.C. § 1927 .............................................................................................................. 8,9
Fair Labor Standards Act, 29 U.S.C. § 201 *et seq. See* Dkt. No. 17 ..................................... 2,7
Fair Labor Standards Act  29 U.S.C. § 216(b) ..................................................................... 4

## Other Authorities

Federal Rules of Civil Procedure 26(a)(1)(A)(i) .................................................................. 7
Federal Rules of Civil Procedure 50(b) .............................................................................. 10
Model Rules [of Professional Conduct] .............................................................................. 5
N.Y. Rules of Professional Conduct 1.4(a)(1)(iii) ................................................................. 8
N.Y. Rules of Professional Conduct, Rule 4.3 and 7.3 .......................................................... 5

**PRELIMINARY STATEMENT**

Defendants' motion to disqualify the Ottinger Firm, P.C. ("Ottinger Firm") is frivolous, as Ottinger Firm called and texted potential witnesses to gather information – not to engage in solicitation – and Ottinger Firm did not direct Plaintiff Pagan to solicit anyone.  Further, the Court should not grant Defendants' requested evidentiary hearing about whether Plaintiff's counsel communicated a settlement offer or overture to Plaintiff Pagan or whether Plaintiff Pagan wishes to pursue a class and/or collective action, as the parties engaged in a mediation with a neutral third-party mediator, Dennis Drebsky, Esq., a member of the mediation panel in the Southern District of New York, who conveyed Defendants' settlement offer and subsequent proposal to both Plaintiff's counsel and Plaintiff Pagan simultaneously over a Zoom call, which Plaintiff Pagan countered and then rejected, respectively.[1]  Given the complete lack of evidence for any of Defendants' specious claims, Plaintiff's counsel can only conclude that Defendants have brought the instant motion in bad faith as a tactic to hinder Plaintiff's counsel's pursuit of this case and to smear Plaintiff's counsel's reputation.  Accordingly, Plaintiff seeks sanctions against Defendants' counsel for their egregious abuse of the legal process and their deliberate wasting of Plaintiff's counsel's and the Court's time.

**A.  FACTS**

Plaintiff filed this action on September 9, 2020 and Defendants' current counsel appeared on October 23, 2020.  *See* Dkt. No. 12.  On October 30, 2020, the Court ordered the parties to

---

[1] In light of the mediation agreement that Plaintiff Pagan and Plaintiff's counsel signed prohibiting disclosure of "discussions or other communications with the mediator unless…required by law…," the Court's Mediation Program Procedures stating same (Section 2(b)), and the fact that Defendants have already divulged that they made an offer in their moving papers, Plaintiff will limit any discussion of the mediation to the same level of generality that Defendants used, namely, that Defendants made an offer, Plaintiff countered, and then Defendants made a subsequent proposal, which Plaintiff also rejected.

attend a mandatory mediation as part of a standing order for cases including claims under the

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. *See* Dkt. No. 17

On January 21, 2021, the parties held a mediation with Dennis Drebsky, Esq., a member

of the mediation panel in the Southern District of New York. *See* Dusenbery Decl. ¶ 4. The

mediation was held by Zoom and the mediator, Mr. Drebsky, communicated Defendants' offer

and subsequent proposal to both Plaintiff and Plaintiff's counsel simultaneously, which Plaintiff

countered and rejected, respectively. *See* Dusenbery Decl. ¶ 5. Plaintiff agreed to litigate this

case on a class and/or collective action basis and understands that the case will proceed on that

basis. *See* Dusenbery Decl. ¶ 6.

On Thursday, April 1, 2021, the undersigned sent text messages to phone numbers

believed to belong to potential witnesses Laundel Booker and Christopher Baca in an attempt to

gather information about the claims in this case and a possible conditional certification motion

under the FLSA, not to improperly solicit any putative class or collective members. *See*

Dusenbery Decl. ¶ 7. Specifically, on Thursday, April 1, 2021, the undersigned sent text

messages to phone numbers believed to belong to Christopher Baca and Laundel Booker, stating,

"Hi, this is Finn Dusenbery, I'm an attorney for Joseph Pagan against CI Lobster Corp. If you

have a chance, please call me at 607-437-1168." *See* Dusenbery Decl. ¶ 8. Importantly, the text

messages do not state that Plaintiff's counsel sought to add Mr. Booker or Baca to the case as

FLSA opt-ins or clients and Plaintiff's counsel sent the text messages for the purpose of

gathering information and interviewing witnesses. *See* Dusenbery Decl. ¶ 9. While the

undersigned also called the numbers thought to belong to Mr. Booker and Baca for the purpose

of gathering information and interviewing witnesses, the undersigned cannot locate actual

records of any such calls. *See* Dusenbery Decl. ¶ 9.

### B. STANDARD OF REVIEW

"[B]ecause disqualification interferes with a party's right to chose [*sic*] counsel, and motions to disqualify are often interposed for tactical reasons, the Second Circuit disfavors such motions." *Hickman v. Burlington Bio-Medical Corp.*, 371 F. Supp. 2d 225, 229 (E.D.N.Y. 2005) *citing Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir. 1983); *King v. Fox*, 2005 WL 741760 at *2 (S.D.N.Y. 2005); *Matthews v. LeBoeuf, Lamb, Greene & MacRae*, 902 F. Supp. 26, 28 (S.D.N.Y. 1995) (citation omitted); *see also TufAmerica, Inc. v. Codigo Music LLC*, 2013 WL 1903867 (S.D.N.Y. 2013) ("Courts in this Circuit show 'considerable reluctance to disqualify attorneys' because 'disqualification has an immediate adverse effect on the client by separating him from counsel of his choice' and because 'disqualification motions are often interposed for tactical reasons [a]nd even when made in the best of faith…inevitably cause delay.") *quoting Board of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979).

"Accordingly, motions to disqualify are subject to a high burden of proof." *Hickman*, 371 F. Supp. 2d at 229 *citing Evans*, 715 F.2d at 791; *see also Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381 (S.D.N.Y. 2010) ("…motions to disqualify are disfavored and subject to a high standard of proof, in part because they can be used tactically as leverage in litigation."). Further, "The appearance of impropriety, standing alone, is insufficient to grant a motion to disqualify." *Hickman*, 371 F. Supp. 2d at 229 *citing United States Football League v. National Football League*, 605 F. Supp. 1448, 1452 (S.D.N.Y. 1985). Disqualification should be granted when "an attorney's conduct tends to 'taint the underlying trial,'" such as where an attorney might use "confidential information about an adverse party obtained through prior representation of that party." *Guerrilla Girls, Inc. v. Kaz*, 2004 WL 2238510 (S.D.N.Y. 2004) *quoting Board of Ed. Of the City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979 and *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981). The party moving

3

to disqualify bears "the heavy burden of proving the facts required for disqualification." *Guerilla Girls, Inc.*, 2004 WL 2238510 *quoting Evans*, 715 F.2d 788, 794 (internal quotation marks omitted).

While Defendants cite *Revise Clothing,* Inc. to argue that a "per se" standard of disqualification should apply here, the "per se" standard only applies to concurrent representations where an attorney represents a "client and another party with interests directly adverse to that client." *Revise Clothing, Inc.,* 687 F. Supp. 2d at 388 (rejecting application of "per se" standard and finding that different standard for successive representations applied).

## C.  THE OTTINGER FIRM, P.C. SHOULD NOT BE DISQUALIFIED BECAUSE IT DID NOT ENGAGE IN SOLICITATION[2]

The U.S. Supreme Court has determined that Plaintiff's counsel has the right to contact potential witnesses to gather information about the claims at issue in this case and for a possible conditional certification motion under the FLSA.  *See* 29 U.S.C. § 216(b); *Gulf Oil v. Bernard*, 452 U.S. 89, 100 (1981) (finding that District Court abused its discretion in limiting communications between, on the one hand, the parties and their counsel and, on the other hand, putative or actual class members, because limitation "made it more difficult for respondents, as the class representatives, to obtain information about the merits of the case from the persons they sought to represent"); *see also Mendez v. Enecon Northeast Applied Polymer Systems, Inc.*, 2015 WL 4249219 (E.D.N.Y. 2015) ("'…[b]oth parties need to be able to communicate with putative class members – if only to engage in discovery regarding issues relevant to class certification –

---

[2] While Defendants have included a section in their moving papers, titled, "Pagan is not Similarly Situated to Other Employees Because He Never Worked Overtime," Plaintiff Pagan will not respond to this as he is entitled to discovery before making a motion for conditional certification under the FLSA, 29 U.S.C. § 216(b) and class certification under Rule 23.  Moreover, the instant motion is not the appropriate vehicle for a discussion about certification issues, which was ostensibly brought as a disqualification motion and motion for an evidentiary hearing.

4

from the earliest stages of class litigation…District courts thus must not interfere with *any* party's ability to communicate freely with putative class members, unless there is a specific reason to believe that such interference is necessary.'") *quoting Austen v. Catterton Partners*, 831 F. Supp. 2d 559, 567 (D. Conn. 2011); *Dziennik v. Sealift, Inc.*, 2006 WL 1455464 (E.D.N.Y. 2006) ("…plaintiffs generally have a right to contact members of the putative class."); *Hinterberger v. Catholic Health System, Inc.*, 2010 WL 3395672 (W.D.N.Y. 2010) ("Moreover, Plaintiffs have a right to seek information from putative class members…"); *Brown v. Mustang Sally's Spirits and Grill, Inc.*, 2012 WL 4764585 (W.D.N.Y. 2012); ABA Formal Op. 07-445 (2007) ("Both plaintiffs' counsel and defense counsel have legitimate need to reach out to potential class members regarding the facts that are the subject of the potential class action, including information that may be relevant to whether or not a class should be certified…Rule 7.3's restrictions [concerning attempts to represent putative class members] do not apply to contacting potential class members as witnesses, so long as those contacts are appropriate and comport with the Model Rules [of Professional Conduct]."); *see also* N.Y. Rules of Professional Conduct, Rule 4.3 and 7.3. Consistent with this undeniable right to contact potential witnesses, the Ottinger Firm did what any competent attorneys would have done, namely, reached out to potential witnesses for the purpose of gathering information. Indeed, Ottinger Firm would have been remiss to do otherwise.

While Defendants state that they "respectfully submit that Plaintiff acted at the direction of the Ottinger Firm in reaching out to Booker," they provide no evidence for this reckless allegation. *Cf. Dziennik v. Sealift, Inc.*, 2006 WL 1455464 (E.D.N.Y. 2006) ("…since plaintiffs themselves are not attorneys, professional ethical restrictions do not apply to them."). The affidavits of Mr. Booker and Mr. Baca also contain zero facts about supposed solicitation and

instead baldly speculate that Plaintiff's counsel's purpose was solicitation, despite that Plaintiff's counsel never spoke to these individuals on the phone or otherwise indicated (e.g. via text message) that he was soliciting their participation in this litigation. *See* Dusenbery Decl. ¶ 10.

Defendant cites two cases that are obviously distinguishable from the present case. First, Defendants cite *Rivera v. Lutheran Medical Center*, where the court disqualified Defendants' counsel from representing witnesses that Defendants' counsel had purposefully solicited so that Plaintiff's counsel would have to contact the witnesses through Defendants' counsel, thereby preventing informal discovery. *See Rivera v. Lutheran Medical Center*, 866 N.Y.S.2d 520 (Kings Co. 2008) *aff'd* 73 A.D.3d 891 (2d Dep't 2010). Here, by contrast, Plaintiff's counsel did not solicit any witnesses and only sought to interview them to gather information. *See* Dusenbery Decl. ¶ 9. In fact, in its lengthy discussion of *Niesig v. Team I*, where the Court of Appeals allowed informal interviews of certain corporate employees, the *Rivera* court actually endorses the kind of informal discovery that Plaintiff's counsel attempted. *Rivera*, 866 N.Y.S.2d 520 *aff'd* 73 A.D.3d 891 ("The [*Niesig*] Court underscored the importance of informal discovery practices in litigation – in particular, private interviews of fact witnesses…").

Second, Defendants cite to *Shibetti v. Z Rest. Diner and Lounge, Inc.*, 2021 WL 1738315 at *6 (E.D.N.Y. 2021) and falsely state that the plaintiffs there engaged in the "very same conduct that the Ottinger Firm has engaged in," despite that plaintiffs' counsel in *Shibetti* called and left voicemails with a solicitation, specifically, "*whether [potential plaintiffs] had any interest in joining the lawsuit.*" *See Shibetti v. Z Restaurant, Diner and Lunge, Inc.*, 2021 WL 1738315 (E.D.N.Y. 2021) (emphasis in original). The italicized solicitation about "*joining the lawsuit*" was the key phrase that the *Shibetti* court emphasized was a solicitation. *Shibetti*, 2021 WL 1738315 at *9 ("Although the cover letters were unnecessary, they remain fairly

6

innocuous…the letters did not ask the recipients to join the lawsuit, in stark contrast to the phone calls."). Here, unlike *Shibetti*, Plaintiff's counsel made no such solicitation and said nothing about joining a lawsuit.

Finally, Defendants argue that Plaintiff gained "an unfair advantage" in "failing to disclose any individuals with discoverable information" in Plaintiff's Rule 26 initial disclosures, but Rule 26 initial disclosures only require the names and contact information of individuals that are "likely to have discoverable information" that a party "may use to support its claims or defenses." *See* F.R.C.P. 26(a)(1)(A)(i). Given that the Ottinger Firm has not interviewed either Mr. Booker or Mr. Baca, Plaintiff cannot say whether or not they possess discoverable information that Plaintiff may use. Accordingly, The Ottinger Firm properly did not list these individuals as Rule 26 witnesses.

### D. THERE IS NO CONFLICT OF INTEREST BETWEEN THE OTTINGER FIRM, P.C. AND PLAINTIFF PAGAN

The parties conducted a mediation for Plaintiff's individual claims on January 21, 2021 pursuant to the Court's standing order for cases including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. *See* Dkt. No. 17. At that mediation, which was conducted by Zoom with Plaintiff and Plaintiff's counsel present, the mediator, Dennis Drebsky, communicated Defendants' settlement offer and subsequent proposal simultaneously to both Plaintiff and Plaintiff's counsel, which Plaintiff countered and then rejected, respectively. Plaintiff agreed to litigate this case on a class and/or collective action basis and understands that the case will proceed on that basis. *See* Dusenbery Decl. ¶ 6.

The Court's standing order requiring mediation and the negotiations at the mediation render moot Defendants' argument that Plaintiff's counsel refused to engage in settlement discussions for Plaintiff Pagan on an individual basis. Further, around October 22, 2020, at the

time that Defendants' counsel sought an individual settlement demand from Plaintiff's counsel, Plaintiff Pagan was entitled to discovery related to his claims – including time and pay records to see what purported hours Plaintiff was paid for in this case alleging off-the-clock work, *see* Dkt. Nos. 2, 25 – before making a demand, which Defendants had not provided. *See* Dusenbery Decl. ¶ 11. In any event, the New York Rules of Professional Conduct do not require counsel to convey the opposing party's interest in settlement or requests for a settlement demand; rather, the rules only require that counsel communicate with clients regarding actual settlement offers, which was done at mediation. *See* N.Y. Rules of Professional Conduct 1.4(a)(1)(iii).

Finally, Plaintiff's counsel believes that Defendants have made this frivolous motion in an attempt to infringe on the attorney/client relationship and interfere with it, and to tactically raise the issue of individual settlement again even though the case failed to settle at mediation. Defendants are not entitled to an evidentiary hearing simply because they have not been able to force a settlement to their liking. Defendants will simply have to take "no" for an answer.

### E. THE COURT SHOULD SANCTION DEFENDANTS FOR BRINGING THIS FRIVOLOUS MOTION

Given the frivolous nature of Defendants' allegations, Plaintiff respectfully requests that the Court sanction Defendants and Defendants' counsel and award Plaintiff its attorneys' fees in connection with Plaintiff's preparation and filing of its opposition to the instant motion. "The Court has inherent power to sanction parties and their attorneys…where the party or the attorney has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991) (finding that a District Court "properly invoked its inherent power in assessing as a sanction for a party's bad faith conduct attorney's fees and related expenses…"). Further, 28

8

U.S.C. § 1927 provides that: "Any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Thus, [t]o impose sanctions under either authority, the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson*, 221 F.3d at 79.

Here, Defendants brought a motion to sanction Plaintiff's counsel and obtain an evidentiary hearing purely as a tactic without any evidence. To reiterate, Plaintiff's counsel did not make any solicitations in any of the text messages or voicemails mentioned in Defendants' motion and did not direct Plaintiff Pagan to send the text message that Defendants have cited in their papers. Defendants and their counsel must have known that their claims were meritless and based on nothing more than rank speculation yet proceeded with the motion anyway, despite that it is settled law – practically carved in granite – that Plaintiff's counsel is permitted to contact witnesses to gather information and that settlement talks failed at a mediation with a neutral third-party mediator who conveyed Defendants' settlement communications to Plaintiff and Plaintiff's counsel. On their face, Defendants' allegations are also illogical: on the one hand, Defendants want the Court to believe that Plaintiff attempted to solicit new plaintiffs and, on the other hand, that Plaintiff does not want to proceed with a class or collective action. Clearly, Defendants are just flinging baseless allegations at Plaintiff and his counsel without any concern for their truth or merit.

This is not the first time that Defendants' counsel has made meritless arguments or engaged in pointless, scorched earth litigation, which informs the issue of Defendants' counsel's bad faith. In *Piccolo v. Top Shelf Prods, Inc.*, U.S. District Judge Gary Brown stated that, "This

matter has been characterized by years of extraordinarily vicious and often pointless hostilities between the parties…" *Piccolo v. Top Shelf Productions, Inc., et al.*, 16-cv-6930 (GRB) (E.D.N.Y. May 25, 2021), Dkt. No. 175, p. 2, Ex. 1.  In *Piccolo*, after a verdict, Milman Labuda "moved for relief under Rule 50(b) of the Federal Rules of Civil Procedure – a motion that was procedurally defective and substantively meritless." *Id.*, pp. 2, 10  ("As noted above, the Rule 50(b) motion and, more importantly, the appeal that followed, represented completely unnecessary legal efforts engendered by defendants' frivolous and facially defective efforts to attack the jury's well-considered verdict in this case."), Ex. 1.  Regrettably, Milman Labuda has chosen to engage in legal thuggery here and file another wholly meritless motion, warranting sanctions.

### F.  CONCLUSION

Accordingly, the Court should deny Defendants' motion and sanction Defendants and their counsel for Plaintiff's counsel attorneys' fees accrued in opposing the instant motion, which amount to approximately $5,100[3], and award same to Plaintiff's counsel.

Dated: July 8, 2021                                        **THE OTTINGER FIRM, P.C.**

/s/ Finn Dusenbery
Finn Dusenbery
The Ottinger Firm, P.C.
79 Madison Ave
New York, NY 10016

*Attorneys for Plaintiff and Putative Class*

---

[3] Plaintiff will submit detailed billing records if the Court wishes.