**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

July 30, 2021

**VIA ECF & E-MAIL**
United States District Court
Southern District of New York
Attn: Hon. Andrew L. Carter, U.S.D.J.
40 Foley Square, Courtroom 1306
New York, NY 10007-1312
alcarternysdchambers@nysd.courts.gov

> Re:   **Pagan v. C.I. Lobster Corp.,** *et al.*
>        **Case No: 1:20-cv-7349 (ALC) (SDA)**
>        **MLLG File No.: 197-2020**_____

Dear Judge Carter:

     This office represents the Defendants in the above-referenced case. See Docket Entry 12. Defendants write to request an extension of time to file and serve objections to the Hon. Stewart D. Aaron, U.S.M.J.'s (hereinafter "Judge Aaron") July 16, 2021 Order denying Defendants' motion: (i) to disqualify Plaintiff's counsel for violations of the New York Rules of Professional Conduct ("RPC"); (ii) for sanctions for violations of the RPC; (iii) for other sanctions such as a monetary penalty, attorneys fees related to the instant motion, as well as an Order finding that The Ottinger Firm, P.C. is not to collect any fees for the work performed in soliciting any opt-in plaintiffs together with any work that is fruit of the poisonous tree, as well as the issuance of a Court-authorized corrective notice to all employees of the Restaurant that The Ottinger Firm, P.C. improperly contacted them, that it is not permissible for The Ottinger Firm, P.C. to contact them, and that any attempts to contact them should be reported directly to the Court; and (iv) for a hearing to determine whether (1) The Ottinger Firm, P.C. conveyed Defendants early desire to attempt to resolve this case (and actual settlement offer) to the Plaintiff and (2) whether Plaintiff actually wishes to pursue a class and/or collective action. See Docket Entry 44 (Order denying motion).

     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), a party has fourteen (14) days from service of a report and recommendation to file written objections. See 28 U.S.C. § 636(b)(1)(c) & Fed. R. Civ. P. 72. A party may also seek an extension of time of the deadline set forth in Rule 72. See Gao v. Perfect Team Corp., No. 10-CIV.-1637 (ENV) (CLP), 2013 WL 6901136, at *1 n. 1 (E.D.N.Y. Dec. 31, 2013) (extending Rule 72 deadline at least twice upon request). Indeed, pursuant to Rule 6, the court may, for good cause, extend the time with or without motion or notice if a request is made before the original time or its extension expires. See Fed. R. Civ. P. 6(b)(1)(A).

     Here, Defendants respectfully submit that good cause exists warranting an extension of time for a couple of reasons.

First, Defendants need additional time to file their objections to Judge Aaron's Order pursuant to Rule 72 because your undersigned counsel's deadlines in other matters prevented him from being able to prepare Defendants' anticipated Rule 72 motion. It would therefore be unfair to deny Defendants their right to *de novo* review by this Court on account of their counsel's obligations in other matters. See, e.g., Index Nos.: 156292/2017 (New York County Supreme Court) and 654167/2021 (New York County Supreme Court).

Second, Defendants wish to avail themselves of *de novo* review of Judge Aaron's Order pursuant to Rule 72 which will require additional time. Judge Aaron found in his Order that not enough evidence existed to grant Defendants the relief they requested, yet Judge Aaron denied Defendants' request for an evidentiary hearing and made credibility determinations based on written declarations without observing the demeanor or assessing the credibility of any witnesses. Indeed, the Plaintiff himself did not submit any sworn testimony or evidence whatsoever in opposition to the motion.

Accordingly, Defendants respectfully submit that good cause exists warranting this Court to exercise its discretion in granting the requested extension of time.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
July 30, 2021

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**
The Ottinger Firm, P.C.
Attn: Robert Ottinger & Finn Dusenbury, Esqs.
401 Park Avenue South
New York, NY 10016
robert@ottingerlaw.com
finn@ottingerlaw.com