UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH PAGAN,

                                    **Case No.:** 1:20-cv-7349 (ALC) (SDA)

                 Plaintiff,

        -against-

C.I. LOBSTER CORP., JOSEPH MANDARINO,
RICHARD MANDARINO, and JOHN MANDARINO,

                Defendants.
------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS
TO THE HON. STEWART D. AARON, U.S.M.J.'S JULY 16, 2021 OPINION & ORDER
DENYING DEFENDANTS' MOTION FOR AN ORDER DISQUALIFYING
PLAINTIFF'S COUNSEL, AWARDING SANCTIONS, A CORRECTIVE NOTICE,
<u>AND AN EVIDENTIARY HEARING</u>**

Dated: Lake Success, New York
       August 11, 2021

                               **MILMAN LABUDA LAW GROUP PLLC**

                               By:   */s  Emanuel Kataev, Esq.*          
                               Emanuel Kataev, Esq.
                               3000 Marcus Avenue, Suite 3W8
                               Lake Success, NY 11042-1073
                               (516) 328-8899 (office)
                               (516) 303-1395 (direct dial)
                               (516) 328-0082 (facsimile)
                               emanuel@mllaborlaw.com

                               *Attorneys for Defendant*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................ 1

**FACTS** ............................................................................................................................. 1

**STANDARD OF REVIEW** ............................................................................................ 4

**ARGUMENT** .................................................................................................................. 6

      **I.**      **JUDGE AARON'S ORDER WAS CLEARLY ERRONEOUS** ............... 6

      **II.**    **JUDGE AARON'S ORDER WAS CONTRARY TO LAW** ..................... 8

**CONCLUSION** ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

Ahmed v. T.J. Maxx Corp.,
    No. 10-CIV.-3609 (ADS) (ETB), 2013 WL 2649544 (E.D.N.Y. Jun. 8, 2013)................8

Carling v. Peters,
    760 F. Supp. 2d 400 (S.D.N.Y. 2011) ...........................................................................4

Catskill Dev., L.L.C. v. Park Place Entrn't Corp.,
    206 F.R.D. 78 (S.D.N.Y. 2002).....................................................................................8

Creighton v. City of New York,
    No. 12-CIV.-7454 (PGG), 2015 WL 8492754 (S.D.N.Y. Dec. 9, 2015) .........................5

JobDiva, Inc. v. Monster Worldwide, Inc.,
    13-CIV.-8229 (KBF), 2014 WL 5034674 (S.D.N.Y. Oct. 3, 2014) .................................7

Khatabi v. Bonura,
    No. 10-CIV.-1168 (ER), 2017 WL 10621191 (S.D.N.Y. Apr. 21, 2017) .........................5

Norton v. Sam's Club,
    145 F.3d 114 (2d Cir. 1998)...........................................................................................8

Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.,
    924 F. Supp. 2d 508 (S.D.N.Y. 2013) .............................................................................5

Thompson v. Keane,
    No. 95-CIV.-2442, 1996 WL 229887 (S.D.N.Y. May 6, 1996) .......................................6

Townsend v. Sain,
    372 U.S. 293 (1963) .......................................................................................................9

United Parcel Serv. of Am., Inc. v. The Net, Inc.,
    222 F.R.D. 69 (E.D.N.Y. 2004) ......................................................................................6

United States v. Orena,
    145 F.3d 551 (2d Cir. 1998)............................................................................................7

United States v. Persico,
    CR-92-0351 (CPS), 1997 WL 867788 (E.D.N.Y. Mar. 13, 1997) ..................................7

Vail v. Walker, No. 96-CIV.-578 (FJS) (DRH),
    1996 WL 34400120 (N.D.N.Y. Dec. 31, 1996)...............................................................9

Wahad v. F.B.I.,
    132 F.R.D. 17 (S.D.N.Y. 1990)........................................................................................4

Wong v. Yoo,
    649 F. Supp. 2d 34 (E.D.N.Y. 2009) .............................................................................8

**Statutes**

28 U.S.C. § 636...........................................................................................................4, 9

**Rules**

Fed. R. Civ. P. 72 ............................................................................................ 4. 4 n. 3, 5

## PRELIMINARY STATEMENT

Where there's smoke, there's fire.  For the reasons set forth below, Defendants C.I. Lobster Corp. (hereinafter the "Corporate Defendant" or the "Restaurant"), Joseph Mandarino ("Joseph"), Richard Mandarino ("Richard"), and John Mandarino ("John")[1] respectfully submit this sage point was lost in the mix in the Hon. Stewart D. Aaron, U.S.M.J.'s (hereinafter "Judge Aaron") decision denying Defendants' motion for an Order disqualifying Plaintiff Joseph Pagan's (hereinafter "Plaintiff" or "Pagan") counsel, The Ottinger Firm, P.C. (hereinafter the "Ottinger Firm"), sanctioning the Ottinger Firm, issuing a corrective notice to all employees of the Restaurant, and – to the extent that there was insufficient facts to provide any of the foregoing – scheduling an evidentiary hearing to determine the merits of Defendants' motion (hereinafter the "Order").[2]

Accordingly, and as more fully explained below, Defendants respectfully submit that Judge Aaron's Order must be set aside for abuse of discretion.

## FACTS

Plaintiff commenced this action on September 9, 2020 asserting wage-and-hour claims on a class and collective action basis (in which he pled that he was similarly situated to other employees), while at the same time, he incongruously asserted discrimination claims pleading that he was discriminated against (and therefore not similarly situated to anyone.  See Docket Entries 1-2.

From the get-go, the Ottinger Firm refused to engage in settlement discussions for the improper purpose of seeking a class and/or collective action.

---

[1] Joseph, Richard, and John will be collectively hereinafter be referred to as the "Individual Defendants," while the Corporate Defendant and the Individual Defendants will be collectively hereinafter referred to "Defendants."

[2] The Order is annexed as **Exhibit "A"** to the Declaration of Emanuel Kataev, Esq. ("Kataev Decl.").

On October 23, 2020, Defendants appeared by counsel and requested an extension of time to respond to the complaint.  See Docket Entry 13.  There, Defendants informed the Court:

> Though your undersigned usually seeks to explore resolution early in such cases, *Plaintiff has indicated that he is unwilling to engage in any such discussions on the grounds that he seeks a class action in this case.*  Defendants respectfully submit that this is both unfortunate and violative of Rule 1 …, and request that this case be referred to mandatory mediation

Id. (emphasis added).  In his Order addressing the branch of Defendants' motion to disqualify the Ottinger Firm based on a conflict of interest with his client based on the Ottinger Firm's refusal to discuss settlement on an individual basis, Judge Aaron found, from reading a declaration drafted and sworn to by Finn Dusenbery (hereinafter "Dusenbery"), that while an unsuccessful mediation was held, Plaintiff agreed to litigate this case on a class and/or collective action basis and understands that the case will proceed on that basis.  See Order at 2.  This is despite the fact that Dusenbery cannot speak to Plaintiff's state of mind as to what he understood, and without inquiring as to the basis for the proposition that "Plaintiff agreed to litigate this case on a class and/or collective action basis," i.e., whether said agreement was expressly written in a retainer agreement or otherwise.   That was not the end of the Ottinger Firm's misconduct.

On March 29, 2021, an employee of the Restaurant named Laundel Booker ("Booker") received a text message from Plaintiff asking him to join the instant case and stated to him "let's get this money."  See Order at 2.  Thereafter, Booker received a series of phone calls and text messages directly from Dusenbery, identifying himself as counsel for Pagan and requesting a return call.  Id. at 2-3.  Notably, Dusenbery did not expressly state the purpose of his contact.  Five (5) days prior, Dusenbery also contacted Christopher Baca ("Baca") in a series of phone calls and text messages engaging in the same conduct.

Both Booker and Baca understood the purpose of Dusenbery's contact was to join the lawsuit, not serve as witnesses.  See Docket Entries 38-4 at ¶¶ 48-50 and 38-5 at ¶¶ 45-47. Nevertheless, Judge Aaron denied Defendants' motion for disqualification on the grounds that there was no improper solicitation and that there was no conflict of interest.  See Order at 5-7.  He did so on the grounds that "all the record establishes is that the Ottinger Firm contacted Baca and Booker and sought to speak with them" without addressing *what* the purpose of the contact was, and accepted Dusenbery's sworn declaration stating that the purpose of the contact was to interview witnesses despite the fact Plaintiff did not identify Booker nor Baca as witnesses in his Rule 26 disclosures.  Id. at 5.  Judge Aaron found that there is no writing or evidence that contains any solicitation by the Ottinger Firm, and dismissed Booker's and Baca's sworn declarations stating that the purpose in contacting them was to join the lawsuit was "speculative," despite the fact Dusenbery did so within days of Pagan himself reaching out to Booker by text message by stating "let's get this money" and telling Booker that Pagan will "put [him] on."  See Id. at 5-6.

Relying on Dusenbery's sworn declaration as more credible than Booker's and Baca's, Judge Aaron found that "Dusenbery, …, states under oath that he contacted Booker and Baca 'for the purpose of gathering information and interviewing witnesses' and that he never 'indicated that [he] was soliciting their participation in this ligation.'"  Id. at 6.  Judge Aaron held that Defendants therefore did not meet their burden to prove the Ottinger Firm engaged in solicitation.  Id.  He also found no conflict of interest existed between the Ottinger Firm and Pagan because Defendants failed to provide factual or legal support for this despite providing correspondence in which the Ottinger Firm unequivocally refused to provide a settlement demand without first consulting with its client on the grounds that they seek a class and collective action because they recently secured two settlements worth $1.8M and $1.5M.  See Id. at 6-7; see also Docket Entry 38-1.

In finding that no conflict of interest exists, Judge Aaron held that this case is no different from any other class or collective action where the *named plaintiff must decide* whether to continue in the action on behalf of others or accept a settlement for himself alone, and – again relying on Dusenbery's self-serving sworn statement that Pagan agreed to litigate this case on a class and/or collective action basis and *understands* that the case will proceed on that basis – found that there are no facts to suggest that Pagan wishes to settle his individual claims alone and that the Ottinger Firm somehow is preventing him from doing so despite the fact no declaration was provided from Pagan himself confirming same.

Defendant respectfully submits that Judge Aaron's Order is both clearly erroneous and contrary to law and thus must be set aside.

## STANDARD OF REVIEW

"A district court may designate a magistrate judge to 'hear and determine any pretrial matter pending before the court....'" See 28 U.S.C. § 636(b)(1)(A).  A party may serve and file objections within fourteen (14) days to a Magistrate Judge's Order after being served with a copy of the Order to which it objects to.  See Carling v. Peters, 760 F. Supp. 2d 400 (S.D.N.Y. 2011) (citing Fed. R. Civ. P. 72(a)).[3]

Rule 72(a) governs "pretrial matter[s] not dispositive of a claim or defense of a party."  See Wahad v. F.B.I., 132 F.R.D. 17, 20 (S.D.N.Y. 1990) ("If the motion at issue is non-dispositive then a district court is to disturb the magistrate's order only if it is shown that the ruling is 'clearly erroneous or contrary to law") (citing Fed. R. Civ. P. 72(a)).

---

[3] Judge Aaron entered the Order at issue here on July 16, 2021, and this motion is made on August 11, 2021, following this Court's Order granting Defendants an extension of time to file and serve objections pursuant to Rule 72.  See Docket Entry 48.  This motion is therefore timely made.

Rule 72(a) directs the Court to consider objections to a Magistrate Judge's ruling on a non-dispositive matter and "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Id.

"A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." See Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep., 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations and internal quotation marks omitted).

Additionally, "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge," see Thai Lao Lignite (Thailand) Co., 924 F. Supp. 2d at 512, and "[n]ew arguments and factual assertions cannot properly be raised for the first time in objections to [a magistrate's discovery order], and indeed may not be deemed objections at all," see Khatabi v. Bonura, No. 10-CIV.-1168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (citation omitted) (collecting cases); see also Creighton v. City of New York, No. 12-CIV.-7454 (PGG), 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015) ("Although a district court has the inherent authority to consider further evidence in reviewing rulings on non-dispositive matters, such discretion should rarely be exercised in this context, because the district court functionally operates as an appellate tribunal under Rule 72(a) ...." (internal quotation marks omitted)).

For the reasons set forth below, the Order must be set aside, and this Court should hold an evidentiary hearing concerning the disputed factual issues to properly determine Defendants' entitlement to an Order, together or individually, for: (i) disqualification; (ii) sanctions; and (iii) the issuance of a corrective notice to all employees as requested in the underlying motion papers.

## ARGUMENT

## POINT ONE

## JUDGE AARON'S ORDER WAS CLEARLY ERRONEOUS

"An order is 'clearly erroneous' only when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" See United Parcel Serv. of Am., Inc. v. The Net, Inc., 222 F.R.D. 69, 70-71 (E.D.N.Y. 2004) (quoting Thompson v. Keane, No. 95-CIV.-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996))).

Here, Defendants respectfully submit that several grounds exist to find that Judge Aaron clearly erred. Most notably, in denying Plaintiff's reactive cross-motion for sanctions against Defendants, Judge Aaron held that the juxtaposition of the ambiguous text message that Pagan sent to Booker on March 29, 2021 about "get[ting] the money" with the text message that Dusenbery sent to Booker three days later, on April 1, 2021, created a "thin reed" for Defendants to argue that Booker was being solicited, and that the timing of the messages took the motion out of the realm of frivolousness. In effect, Judge Aaron found that while the evidence Defendants offered was plausible for the proposition that the Ottinger Firm engaged in improper solicitation, Defendants failed to prove this. Judge Aaron found that Dusenbery's self-serving sworn statement was credible, but at the same time held that Booker's and Baca's unbiased and disinterested declarations were "speculative." He made this determination without the benefit of assessing the various declarants' demeanor in the course of live testimony to determine who was telling the truth and who was not, despite the fact that the declarations lend themselves to the indisputable reality that these two positions are diametrically opposed to each other and there exist disputed facts that must be resolved in order to properly determine the merits of the motion. This is the primary reason the Order is clearly erroneous; an evidentiary hearing was necessary but was denied.

Indeed, the ability to determine disputed factual issues through live testimony cannot be understated.  See JobDiva, Inc. v. Monster Worldwide, Inc., 13-CIV.-8229 (KBF), 2014 WL 5034674, at *2 (S.D.N.Y. Oct. 3, 2014) ("it is impossible to ignore that when witnesses are examined and then cross-examined before the Court …, the Court does and must assess the demeanor and weigh the credibility of those witnesses"); see also United States v. Persico, CR-92-0351 (CPS), 1997 WL 867788, at *19 (E.D.N.Y. Mar. 13, 1997), aff'd in part, rev'd in part sub nom. United States v. Orena, 145 F.3d 551 (2d Cir. 1998) ("A hearing allows for a searching inquiry into the particulars …, as the court undertakes to sort through the conflicting claims, and permits factual determinations to be made by the … judge. A hearing also provides the … judge with an opportunity to observe the demeanor and assess the credibility of various witnesses. Most often, conducting a hearing is the preferred course of action in cases where disputed factual issues exist").  Due to the undeniable existence of the disputed factual issues here concerning the motive behind the Ottinger Firm's contact, it was clear error not to conduct an evidentiary hearing.  In effect, Judge Aaron held that where there is smoke, there is not necessarily fire.  An evidentiary hearing is warranted.

Judge Aaron's Order was also clearly erroneous in that he resolved credibility determinations in favor of the Ottinger Firm despite the fact that the Plaintiff himself offered no evidence or declaration regarding the issues in dispute.  Defendants respectfully submit that this glaring omission should have given rise to an inquiry as to why the Plaintiff has not addressed the allegations of a conflict of interest and why he has not unequivocally stated himself that it is he who seeks to certify a class and/or collective action.  Instead, the Ottinger Firm offered, and Judge Aaron accepted, a declaration from Dusenbery in which Dusenbery attempted to prove the truth of the matter asserted as to what Plaintiff "agreed to" and "understood."

This is inadmissible hearsay.  It was clear error to deny an evidentiary hearing such that the admissible evidence can be entered and a decision could be rendered on a full record with admissible evidence.

Notably, Judge Aaron issued his Order within approximately ten (10) hours after Defendants submitted reply papers in further support of their motion.  This alone indicates that Defendants' arguments in further support were likely not fully considered, including Defendants' argument on reply that the Ottinger Firm knows that their conduct is forbidden and thus took steps to hide it by being vague in their written communications with Booker and Baca such that they may later rely on this very vagueness to protect themselves, and that such conduct is no different than individuals who engage in unlawful discrimination. See Wong v. Yoo, 649 F. Supp. 2d 34, 69 (E.D.N.Y. 2009) (quoting Norton v. Sam's Club, 145 F.3d 114, 119 (2d Cir. 1998) ("plaintiffs in discrimination suits often must rely on the cumulative weight of circumstantial evidence," and a defendant "is unlikely to leave a 'smoking gun'"). Defendants respectfully submit that the very same principles apply here, except that based on Pagan's text message to "let's get this money" and to "put [Booker] on," followed immediately by a barrage of contact by Dusenbery is more than a smoking gun, warranting setting aside Judge Aaron's Order.  Accordingly, for these reasons, Defendants respectfully submit that Judge Aaron's Order is clearly erroneous.

## POINT TWO

## JUDGE AARON'S ORDER WAS CONTRARY TO LAW

An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." See Ahmed v. T.J. Maxx Corp., No. 10-CIV.-3609 (ADS) (ETB), 2013 WL 2649544, at *7 (E.D.N.Y. Jun. 8, 2013) (citing Catskill Dev., L.L.C. v. Park Place Entrn't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

Judge Aaron denied Defendants' request for an evidentiary hearing because he found no legal basis for same. However, a federal court has ample authority to conduct an evidentiary hearing to resolve disputed facts. See Townsend v. Sain, 372 U.S. 293, 312 (1963); see also Vail v. Walker, No. 96-CIV.-578 (FJS) (DRH), 1996 WL 34400120, at *1 (N.D.N.Y. Dec. 31, 1996) ("Magistrate Judge Homer clearly possesses the power and authority to conduct evidentiary hearings when, in his discretion, he deems it necessary for proper adjudication … pursuant to Rule 8 of the Rules Governing Section 2254 Proceedings in the United States District Courts, 28 U.S.C. § 636(b)(1)(B), the standing Orders and Local Rules of this Court, *and the inherent power of the district court to dispose of pending matters in an expeditious manner*") (emphasis added).

Judge Aaron's decision denying an evidentiary hearing was therefore contrary to law, as there are indisputably issues of fact here between Dusenbery's affidavit stating that the purpose of contact was for fact gathering, which is diametrically in opposition to Booker's and Baca's declarations, each of which unequivocally state that the purpose of his contact was to have them join the lawsuit. This is no different than material facts being in dispute warranting a trial.

Accordingly, for the foregoing reasons, Judge Aaron's Order is contrary to law.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court: (1) set aside Judge Aaron's Opinion & Order dated July 16, 2021, and (2) for such other and further relief as this honorable Court deems just and proper.

Dated:   Lake Success, New York
         August 11, 2021

**MILMAN LABUDA LAW GROUP, PLLC**

By:   */s   Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*