UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Pagan, individually and on behalf of all others similarly-situated, <br><br> Plaintiffs, <br><br> v. <br><br> C.I. Lobster Corp., Joseph Mandarino, Richard Mandarino, and John Mandarino, <br><br> Defendants. | No.: 1:20-cv-7349 (ALC)(SDA) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE**

**PRELIMINARY STATEMENT**

Defendants' objections and motion to set aside Magistrate Judge Aaron's Order dated July 16, 2021 – which denied Defendants' motion to disqualify and alleged solicitation – for abuse of discretion is utterly frivolous.  When, in declining to award Plaintiff sanctions against Defendants, Magistrate Judge Aaron stated that there was a "thin reed" for Defendants' arguments on their motion to disqualify, he did not mean that Defendants' arguments were "plausible," as Defendants assert, only that they were barely outside of what would be sanctionable.

Now, Defendants' argument on the instant motion is that Judge Aaron should have ordered an evidentiary hearing to assess the declarants' live testimony ("This is the primary reason the Order is clearly erroneous; an evidentiary hearing was necessary but was denied."), but live testimony was pointless because Plaintiff's counsel never had any interactions with Defendants' declarants – Laundel Booker and Christopher Baca – other than text messages which did not contain solicitations.  As Judge Aaron's Order stated, "There is no writing or other evidence that contains any solicitation by the Ottinger Firm" and it is "undisputed that Dusenbery of the Ottinger Firm never spoke with [Defendants' declarants]."  *See* Dkt. No. 44, p. 5.

**I.    THERE WAS NO EVIDENCE OF SOLICITATION AND AN EVIDENTIARY HEARING WOULD HAVE SERVED NO PURPOSE**

As stated previously in Plaintiff's opposition papers on Defendants' motion to disqualify, the affidavits of Mr. Booker and Mr. Baca "contain zero facts about supposed solicitation and instead baldly speculate that Plaintiff's counsel's purpose was solicitation, despite that Plaintiff's counsel never spoke to these individuals on the phone or otherwise

indicated (e.g. via text message) that he was soliciting their participation in this litigation." *See* Dkt. No. 41, p. 5-6; Dkt. No. 11, ¶ 10.

To gather information, the undersigned texted phone numbers believed to belong to potential witnesses Laundel Booker and Christopher Baca, stating, "Hi, this is Finn Dusenbery, I'm an attorney for Joseph Pagan against CI Lobster Corp. If you have a chance, please call me at 607-437-1168." Dkt. No. 11, ¶¶ 7-8.  Since the undersigned never spoke to Mr. Booker or Baca, they would not have been able to testify about anything beyond the text messages at an evidentiary hearing, rendering such hearing pointless.  Further, Plaintiff Pagan was not required to produce evidence on his own, given that it is the Defendants who carry the "high" burden on a disqualification motion.  *Hickman v. Burlington Bio-Medical Corp.*, 371 F. Supp. 2d 225, 229 (E.D.N.Y. 2005) *citing Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983).

In sum, there was no evidence of solicitation and the Court was correct in denying an evidentiary hearing where Defendants' declarants had no testimony to provide other than rank speculation.  The fact that Judge Aaron issued his order within approximately ten (10) hours after Defendants submitted reply papers shows the frivolous nature of Defendants' motion, not a lack of consideration.

## II.     THE COURT SHOULD SANCTION DEFENDANTS' COUNSEL

Even if there was a "thin reed" that took Defendants' disqualification motion "out of the realm of frivolousness," the instant motion is sanctionable.  As stated in opposition to Defendants' disqualification motion, "The Court has inherent power to sanction parties and their attorneys…where the party or the attorney has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991) (finding that a District Court "properly

invoked its inherent power in assessing as a sanction for a party's bad faith conduct attorney's fees and related expenses…"). Further, as stated previously, 28 U.S.C. § 1927 provides that: "Any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Thus, [t]o impose sanctions under either authority, the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson*, 221 F.3d at 79.

    Here, Defendants have made a motion to set aside Magistrate Judge Aaron's Order denying an evidentiary hearing where Defendants' arguments were based on text messages and a hearing would not have made any difference to the outcome of the motion. Moreover, on their motion to disqualify, Defendants made false allegations about solicitation against Plaintiff's counsel as a tactic to attempt to delay this case, disqualify Plaintiff's counsel and infringe on or interfere with Plaintiff's attorney/client relationship. Finally, this is not the first time Defendants have made a frivolous motion. *Piccolo v. Top Shelf Productions, Inc., et al.*, 16-cv-6930 (GRB) (E.D.N.Y. May 25, 2021), Dkt. No. 175, p. 2[1]. In *Piccolo*, after a verdict, Milman Labuda "moved for relief under Rule 50(b) of the Federal Rules of Civil Procedure – a motion that was procedurally defective and substantively meritless." *Id*., pp. 2, 10 ("As noted above, the Rule 50(b) motion and, more importantly, the appeal that followed, represented completely unnecessary legal efforts engendered by defendants' frivolous and facially defective efforts to attack the jury's well-considered verdict in this case."). The Court cannot condone Milman Labuda to continue abusing the legal system with impunity. Accordingly, Plaintiff respectfully

---

[1] Attached as Exhibit 1 to the Affidavit of Finn Dusenbery in Opposition to Defendants' Motion to Disqualify. *See* Dkt. No. 42.

requests that the Court sanction Defendants and Defendants' counsel and award Plaintiff its attorneys' fees in connection with Plaintiff's preparation and filing of its opposition to the instant motion.

### III.  CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion in its entirety and sanction Defendants' counsel for Plaintiff's counsel attorneys' fees accrued in opposing the instant motion, which amount to approximately $595.[2]

Dated: August 25, 2021                                        **THE OTTINGER FIRM, P.C.**

/s/ Finn Dusenbery
Finn Dusenbery
The Ottinger Firm, P.C.
79 Madison Ave
New York, NY 10016

*Attorneys for Plaintiff and Putative Class*

---

[2] Plaintiff will submit billing records if the Court wishes.