**OTTINGER**
EMPLOYMENT LAWYERS

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street, 14th Fl.
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

Finn Dusenbery
finn@ottingerlaw.com

September 1, 2021

**By ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St
New York, NY 10007

      **Re:**    **Pagan v. C.I. Lobster Corp., et al.**
               **No. 20-cv-7349 (ALC)(SDA)**

Dear Judge Aaron:

      As you know, we represent Plaintiff and the putative class in the above-referenced matter. Pursuant to Local Rule 37.2, I write to request a discovery conference with the Court.

      By way of background, this is a wage and hour class action where plaintiff alleges, *inter alia*, that Defendants did not pay him for all hours worked, estimating that he was not paid approximately 24.5 hours per week during the summer season and 20 hours per week during the off-season. Further, Plaintiff has alleged that Defendants were not entitled to a tip credit and that Plaintiff did not receive all of his tips because he was required to share tips with a manager, John Mandarino, who did not provide customer service and had the power to hire and fire employees. *Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234, 240 (2d Cir. 2011).

      On Thursday, August 26, 2021, Defendants wrote that they were maintaining their objections as to certain discovery disputes. On Friday, August 27, 2021, at about 3:30 p.m., the parties met and conferred by phone for approximately 12 minutes, with the undersigned present for Plaintiff and Emanuel Kataev present for Defendants. During the call, the parties conferred as to certain disputes and, additionally, Plaintiff's counsel informed Defendants' counsel that he intended to move to compel as to any discovery dispute where Defendants maintained or stood on their objections. Plaintiff seeks to compel certain documents and information described *infra*.

**Class-Wide Discovery, Request No. 2, 3, 4, 7, 8, 11, 15, 16, 30**

      Request No. 2, 3, 4, 7, 8, 11, 15, 16, 30 seek documents relating to putative class members (all non-exempt employees six years prior to the filing of the complaint on September 9, 2020), including records of compensation, such as payroll records, paystubs, and any records of tips; time records, such as any timesheets or punch in/out records; schedules; job descriptions of all members of the putative class; purported wage notices and statements, including any purported tip credit notices; all applicable employee handbooks for members of the putative class; and any purported

www.ottingerlaw.com

employment contracts, including any arbitration agreements.[1]  Specifically, the documents mentioned are necessary to determine the amounts that putative class members were paid, whether they were paid for all hours worked or the proper rates, and whether they received proper notice of the tip credit, *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240 (S.D.N.Y. 2008).  Indeed, in an off-the-clock case such as this one, Plaintiff must have the opportunity to review Defendants' records and ask putative class members about their hours worked and whether the records are accurate.

While Defendants have objected, among other things, on the grounds that "no collective action or class action has been certified," the documents are necessary to gather information for a motion for conditional certification under the FLSA and class certification of NYLL claims under Rule 23.  *See Rodriguez v. Castle Check Cashing Corp.*, 17-cv-9930, Dkt. No. 67 (S.D.N.Y. 2018) (Woods, J.) (ordering pre-certification production of time and pay records for putative class of approximately 100-150 current and former employees in class/collective action alleging overtime violations under FLSA and NYLL); *Santiago v. Rivka, Inc.*, 15-cv-9184, Dkt. No. 51 (S.D.N.Y. 2016) (Pauley, J.) (ordering pre-certification discovery of unredacted time and payroll data for putative class members in class/collective action alleging time shaving and overtime violations under FLSA and NYLL and stating, "Defendants' position – refusing to produce discovery about putative collective action members, then opposing certification because Plaintiff lacks that discovery – manufactures a Catch-22."); *Thompson v. Global Contact Services, LLC*, 2021 WL 1103029 (E.D.N.Y. 2021) (stating in NYLL class and FLSA collective case "To the extent the records [Plaintiff] seeks relate to putative class members – among other things, names, contact information, hours and pay information – they all bear on class certification, may be sought, and must be produced."); *see also Dupres v. Houslanger & Associates, PLLC*, 2021 WL 2373737 (E.D.N.Y. 2021) ("Defendants' generic objections to class discovery, based on the assertion that absent certification such discovery is unavailable, is frivolous.  Plaintiffs are entitled to class discovery even absent a certification motion."); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299 (S.D.N.Y. 2012) (ordering class-wide discovery respecting compensation, promotion and performance evaluation data for purposes of class certification in gender discrimination case).  Accordingly, Plaintiff seeks all responsive documents for the putative class and, in the alternative, an order requiring Defendant to produce documents and meet and confer on a particular sample size.  *See Thompson*, 2021 WL 1103029 at *2.

**Request No. 20**

This Request seeks all documents concerning any complaints made by current or former employees of Defendants respecting any allegations in the Complaint or Amended Complaint, which are relevant to the work conditions of other putative class or collective members, how they were compensated, commonality and lack of good faith.  *See* 29 U.S.C. § 260; NYLL § 663.

**Interrogatory No. 2**

This Interrogatory seeks the identity of all persons who had authority to hire and/or fire, which is relevant to whether Defendants are individually liable for wage violations as employers,

---

[1] Plaintiff has attached Plaintiff's first set of document requests and interrogatories hereto as Exhibit A and Defendants' responses to same as Exhibit B.

9/1/21
Page 3 of 3

*Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132 (2d Cir. 1999); *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014), and whether Defendant Richard Mandarino unlawfully retained tips as a manager. *See Shahriar*, 659 F.3d at 240. Defendant Joseph Mandarino surely has the ability to hire and/or fire employees as the owner of Defendant C.I. Lobster Corp. and Defendants' counsel has not denied this, but Defendants will not identify any individuals beyond one manager, Victor Navarro. Accordingly, Defendants must fully respond to the Interrogatory.

**Interrogatory No. 3 and 4**

These Interrogatories seek the identity of persons who have participated in creating, implementing and/or executing Defendants' timekeeping and payroll practices. Defendant's counsel stated, in sum and substance, that there were other responsive individuals but would only supplement to add Marie Mandarino.

**Interrogatory No. 7**

This Interrogatory seeks the identity – name, present or last known address and present or last known place of employment – of each and every current and former non-exempt employee employed by Defendants during the liability period. This information is clearly relevant to developing facts for Plaintiff's anticipated class certification motion and Plaintiff is entitled to information for the *entire* putative class. *Ruiz v. Citibank, N.A.*, 2010 U.S. Dist. LEXIS 121486, at *4 (S.D.N.Y. Nov. 9, 2010), *aff'd by* 2011 U.S. Dist. LEXIS 5950 (S.D.N.Y. Jan. 4, 2011); *see also Whitehorn v. Wolfgang's Steakhouse at Park Ave.*, 2010 U.S. Dist. LEXIS 58460, at *8 (S.D.N.Y. June 14, 2010) ("Pre-certification of employee contact information will either enable Plaintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification."); *see also Brown v. Barnes and Noble, Inc.*, No. 16-cv—7333, Dkt. No. 205 (S.D.N.Y. 2018); *see also Youngblood v. Family Dollar Stores, Inc.*, 2011 WL 1742109 (granting plaintiffs' motion to compel the production of a list of putative class members' names, addresses and dates of employment in Rule 23 class action and stating, "There is no question that the names and addresses of putative class members are relevant to Plaintiffs' motion for class certification."); *Glatt v. Fox Searchlight Pictures Inc.*, 2012 WL 2108220 (S.D.N.Y. 2012) (ordering pre-certification discovery of contact information including telephone numbers and e-mail addresses).[2]

We respectfully request that the Court order Defendants to produce the foregoing documents and information. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Finn Dusenbery

---

[2] While Plaintiff is restricted to seeking only the names of witnesses, addresses and places of employment in Interrogatory form under the SDNY Local Rules, 33.3, 26.3(c)(3), unless the Court orders otherwise, Plaintiff respectfully requests that the Court order production of email addresses and phone numbers. On August 2, 2021, Plaintiff wrote a deficiency letter to Defendants seeking such email addresses and phone numbers and, in any event, on August 12, 2021, served a second set of document requests and interrogatories seeking same.