# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH PAGAN, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>        v.<br><br>C.I. LOBSTER CORP., JOSEPH MANDARINO, RICHARD MANDARINO, and JOHN MANDARINO,<br><br>                 Defendants. | Case No.: 20-cv-07349 (ALC)<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

### PLAINTIFFS' CLASS-WIDE INTERROGATORIES TO DEFENDANTS

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the SOUTHERN DISTRICT OF NEW YORK ("Local Civil Rules"), Plaintiffs hereby request that the Defendants answer the following Interrogatories ("Interrogatories") separately and fully in writing, under oath, and serve their answers signed and notarized within thirty (30) days upon The Ottinger Firm, P.C., 401 Park Avenue South, New York, NY 10016. These Interrogatories should be read, interpreted and responded to in accordance with the instructions and definitions set forth below as well as the Federal Rules of Civil Procedure and Local Civil Rules. Plaintiffs reserve the right to serve supplemental interrogatories at a later date.

### INSTRUCTIONS

1.     The following Interrogatories shall be continuing in nature to the full extent permitted by law. Accordingly, if subsequent to serving an answer to any Interrogatory, or any part thereof, Defendants or any other person acting for or on Defendants' behalf obtains or becomes aware of additional information pertaining to such Interrogatory, Defendants is required

to provide such information, by way of supplemental answers, which will augment or otherwise modify the previous answer.  Such supplemental responses are to be made and served upon Plaintiffs within ten (10) days after Defendants receives or becomes aware of such information.

2.      In furnishing answers to these Interrogatories, Defendants should provide all information which is available, including information in the possession, custody, or control of Defendants or its attorneys or investigators, or anyone else acting on Defendants' behalf, and not merely such information held by Defendants on the basis of personal knowledge

3.      Each answer is to be made separately and fully.  An incomplete or evasive answer will be considered a failure to answer.  If after exercising due diligence to secure the information, Defendants cannot answer in full any one of the following Interrogatories, Defendants should expressly so indicate, answer to the extent possible, specifying Defendants' inability to answer the remainder of the Interrogatory and stating whatever information or knowledge Defendants has concerning the unanswered portion(s) including the name of any person(s) who may have additional knowledge or information to complete the response.

4.      Each Interrogatory may be answered in whole or in part by attaching documents that contain sufficient information to answer the question completely.  The relevant portion of the document, however, must be so marked or indicated.

5.      Should Defendants object to an Interrogatory in whole or in part, state the particular Interrogatory to which Defendants objects and the precise grounds for the objection in sufficient detail to allow Plaintiffs to evaluate and respond to the objection and, if necessary, the Court to rule on the objection.  These Interrogatories should be read, interpreted, and responded to in accordance with the definitions set forth and the detail required by the Federal Rules of Civil Procedure and Local Civil Rules.

6.      In the event that a claim of privilege or other evidentiary exclusion is asserted in objection to an Interrogatory, please furnish the information required by Local Civil Rule 26.2.

## **DEFINITIONS**

1.      These Interrogatories incorporate the definitions contained in the Local Rules of the United States District Court for the Southern District of New York.

2.      The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, data or data compilation stored in any medium.   A draft or non-identical copy is a separate document within the meaning of this term.

3.      The term "**communication**" means any manner or form of information or message transmission, however produced or reproduced, whether by document as herein defined or orally or otherwise, which is made, distributed or circulated between or among persons or data storage or processing units, including but not limited to, e- mails and/or instant messages and any and all documents containing, consisting of, relating or referring to, or recording in any way, either directly or indirectly to a "communication."   The term includes any conversation, discussion, meeting, conference, or any other oral statement.

4.      The term the "**Action**" refers to the above-captioned case.

5.      The word **"Complaint"** refers to the Complaint(s) filed in the Action.

6.      The word "**Amended Complaint**" refers to the Amended Complaint(s) filed in the Action.

7.      The word "**Answer**" refers to the Answer(s) filed in the Action.

8.      The term "**Plaintiff**" means JOSEPH PAGAN.

9.       The terms "**Defendants**" refers to C. I. Lobster Corp., Joseph Mandarino, Richard Mandarino, and John Mandarino.

10.      The term "**Similarly Situated Employees**" refers to all non-exempt employees, including Servers/Waiters, Cooks, Bussers, Dishwashers, Hosts, Bartenders, and other restaurant staff, employed by Defendants from September 9, 2014, through the ultimate resolution of this case regardless as to whether they have and/or have not filed notices of consent to become party plaintiffs in this Action.

11.      The word "**person**" includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entity, federal, state, and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

12.      When referring to a person, "**to identify**" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person needs be listed in response to subsequent discovery requesting the identification of that person.

13.      When referring to a document or records, "**to identify**" means to give, to the extent known, the document's full name, category of document, whether the document exists physical, exists in electronic format only, or exists both physically and electronically, where the document is located, who is the custodian of the document, the contact information for the custodian of the document and the business address and contact information for the custodian.

14.      The term "**concerning**" means containing, consisting of, relating to, referring to, describing, evidencing or constituting, in whole or in part.

15.     The word **"date"** means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

16.     The term "**employee**" refers to current and/or former: full-time employees; part-time employees; temporary employees; independent contractors; executives; managers; members; owners; agents; work staff; laborers; paid and/or unpaid consultants, interns, externs and agents; and/or any other persons performing work for Defendants.

17.     The term **"compensation"** refers to the payment or transfer of ownership or control, whether complete, partial, conditional or unconditional, or howsoever restricted, of anything of value, including but not limited to, base salary, bonus or incentive compensation, cash, common or restricted stock or shares, restricted stock units, other equity or fixed income products or their derivatives, options, warrants or other financial products, and services, rights, entitlements or benefits of any kind.

18.     The term "**hours**" includes full hours and partial hour(s).

19.     The term **"e-mail"** includes e-mails and instant messages as well as all associated meta-data.

20.     The singular includes the plural and vice versa.

21.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive

22.     "**Any**" means "all," "each and every" as well as "any one."

23.     "**He**" shall also mean **"she"** and vice versa.

24.     "**His**" shall also mean **"hers"** and vice versa.

## <u>INTERROGATORIES</u>

Identify the reporting structure as relevant to the Plaintiffs:

1. Identify all shareholders, LLC members, and/or general or limited partners of Defendant C.I. Lobster Corp.

2. Identify everyone who has or had the authority to hire and/or fire Defendants' non-exempt employees between September 9, 2014, and the ultimate resolution of this Action.

3. Identify everyone who has participated in creating or implementing, or anyone who has other unique knowledge about, your time keeping practices from September 9, 2014, and the ultimate resolution of this Action.

4. Identify everyone who has participated in creating, implementing and/or executing, or anyone who has other unique knowledge about, Defendants' payroll practices and actual payrolls from September 9, 2014, and the ultimate resolution of this Action.

5. Identify everyone who is or has been responsible for Defendants' compliance with all applicable State and Federal wage laws from September 9, 2014, through the ultimate resolution of this Action.

6. Identify everyone, whether Defendants' employee or a third-party, responsible for maintaining accurate employment records for Defendants from September 9, 2014, through the ultimate resolution of this Action.

7. Identify every current and former non-exempt employee employed by Defendants from September 9, 2014, through the ultimate resolution of this Action.

8. Identify any third-party vendor used to keep track of the hours worked and/or wages paid to any non-exempt employee from September 9, 2014, through the ultimate date of resolution of this Action; including but not limited to the business address and contact information for any such third-party vendor.

* * *

6

Date:   June 1, 2021
      New York, New York             Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: _/s/ Finn Dusenbery_
Finn Dusenbery
THE OTTINGER FIRM, P.C.
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
finn@ottingerlaw.com

## CERTIFICATE OF SERVICE

This is to certify that on June 1, 2021, a copy of the foregoing Plaintiff's First Set of Interrogatories to All Defendants was sent via first-class mail, postage prepaid, to:

Emanuel Kateaev
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
emanuel@mllaborlaw.com


*/s/ Finn W. Dusenbery*

_____

Finn W. Dusenbery

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH PAGAN, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 20-cv-07349 (ALC) |
| v. | |
| C.I. LOBSTER CORP., JOSEPH MANDARINO, RICHARD MANDARINO, and JOHN MANDARINO, | **PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |
| Defendants. | |

**PLAINTIFFS' CLASS-WIDE REQUESTS FOR THE PRODUCTION OF DOCUMENTS**
**FROM THE DEFENDANTS**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the SOUTHERN DISTRICT OF NEW YORK ("Local Civil Rules"), Joseph Pagan, individually and on behalf of all others similarly situated (collectively "Plaintiffs") hereby request that C. I. Lobster Corp., Joseph Mandarino, Richard Mandarino, and John Mandarino (collectively "Defendants") produce copies of any and all documents in their possession, custody, or control as requested herein to the offices of The Ottinger Firm, P.C., 401 Park Ave South, New York, NY 10016.

Defendants' response to Plaintiffs' First Request for Production of Documents ("Requests") are due within thirty (30) days of the service of these Requests upon Defendants. These Requests should be read, interpreted, and responded to in accordance with the instructions and definitions set forth below as well as the Federal Rules of Civil Procedure and the applicable Local Civil Rules.

//

//

1

## INSTRUCTIONS

1.      The following Requests constitute a continuing demand for production of documents to the full extent permitted by law.  Accordingly, if at some point after the service of these Requests, Defendants or anyone acting on their behalf obtains or becomes aware of additional documents and/or electronically stored information pertaining to any Request for production, or a document and/or electronically stored information is located or is created which is responsive to one of the Requests herein, these Requests are to be interpreted as requiring production of that document and/or electronically stored information, and Defendants is required to provide such documents and/or electronically stored information by way of supplemental responses. Such supplemental responses are to be served upon Plaintiffs within twenty (20) days after the Defendants becomes aware of such documents and/or electronically stored information, but no later than two (2) weeks prior to the date of any trial or hearing in this action.

2.      In responding to these Requests, Defendants must furnish all documents and/or electronically stored information that are available, including documents and/or electronically stored information in the possession, custody, or control of Defendants' attorneys or investigators or anyone else acting for or on Defendants' behalf, and not merely those documents and/or that electronically stored information held by Defendants.  If Defendants are unaware of the existence of any documents and/or electronically stored information responsive to a request, Defendants should expressly so indicate, answer to the extent possible, and identify any person(s) who may have additional knowledge or information to complete the response.

3.      If any document or electronically stored information is withheld on grounds of privilege, or that the document or electronically stored information contains materials that constitute attorney work product, Defendants should provide a statement signed and verified by

2

Defendant's attorneys that sets forth as to each such document or electronically stored information a sufficient description to enable the Court to rule on the validity of the claim of privilege, including at least the following information:

    a) the name and address of the person(s) who possess or control the document or electronically stored information and each copy of the document;

    b) the name of the author of the document or the electronically stored information;

    c) the name of the sender of the document or electronically stored information if different from the author and the name of the person(s) to whom copies were sent or otherwise made available, including but not limited to, the name of each to:, from:, cc: and bcc: if applicable for the entire e-mail chain of any responsive e-mails;

    d) the name of any person(s) known to have seen or have possession of a copy of the document if not identified above;

    e) the business affiliation and job title of every person named in (a), (b), (c) and (d) above;

    f) the date of the document;

    g) a brief description of the nature (e.g., letter, memorandum) and subject matter of the document; and

    h) the basis of the privilege claim.

4.    If any document or electronically stored information that would have been responsive to these Requests has been destroyed or is no longer in Defendants' possession, custody or control, provide the following information:

    a) the date of the document or electronically stored information;

    b) the names and job titles of the preparer(s), sender(s), and recipient(s) of the documents and electronically stored information;

    c) the date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document or electronically stored information left Defendants' possession, custody or control; and

    d) the circumstances surrounding the loss of the document or electronically stored information or the reason for its destruction.

5.    These requests should be read, interpreted and responded to in accordance with the definitions, instructions, and detail required by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Courts for the SOUTHERN DISTRICT OF NEW YORK.

6.       Pursuant to Federal Rule of Civil Procedure 34(b), Plaintiffs specify that any responsive electronically stored information shall be produced in the following formats:

A.       **PDFs**: All documents shall be delivered as OCR PDF files, or, when appropriate, their native file format.

B.       **Unique IDs**: Each image should have a unique file name and should be named with the Bates number assigned to it.

C.       **Text Files**: Extracted full text in the format of multipage .txt files shall be provided, and each text file should match the respective filename.  Text from redacted pages should be produced in OCR format.

D.       **Parent-Child Relationship:** Parent-child relationships (the association between an attachment and its parent record) should be preserved.

F.       **Metadata**: For records that were originally created using common, off-the-shelf software (e.g., Microsoft Word, Microsoft PowerPoint, Adobe PDF), Defendants will provide all metadata fields set forth in the below metadata fields.  Defendants must produce all files attached to each email they produce, but only if such files are actually attached to that email in the ordinary course of business.  To the extent Defendants produces email attachments that were originally created using common, off-the-shelf software; Defendants will produce the metadata for those attached electronic records in accordance with this section:

- Custodian
- Beginning Bates Number
- Ending Bates Number
- Beginning Attachment Number
- Ending Attachment Number
- Record Type
- Master_Date
- SentOn_Date and Time
- Received_Date and Time
- Create_Date and Time
- Last_Modified Date and Time
- Parent Folder
- Author
- To
- From
- CC
- BCC

4

- Subject/Title
- Original Source
- Native Path
- File Extension
- File Name
- File Size
- Full Text

G.  **Spreadsheets**: For spreadsheets that were originally created using common, off-the-shelf software (e.g., Microsoft Excel), Defendants should produce the spreadsheets in native format (with a native file link as produced included with the document metadata) and, in addition, a PDF Cover Letter identifying the associated Bates Stamps numbering.

7.      Unless otherwise stated, these Requests seek documents and electronically stored information that were generated, received, came into existence and/or were utilized from March 1, 2015, to the present.

## DEFINITIONS

1.      The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, data or data compilation stored in any medium.  A draft or non-identical copy is a separate document within the meaning of this term.

2.      The term "**communication**" means any manner or form of information or message transmission, however produced or reproduced, whether by document as herein defined or orally or otherwise, which is made, distributed or circulated between or among persons or data storage or processing units, including but not limited to, e- mails and/or instant messages and any and all documents containing, consisting of, relating or referring to, or recording in any way, either directly or indirectly to a "communication."  The term includes any conversation, discussion, meeting, conference, or any other oral statement.

3.      The term the "**Action**" refers to the above-captioned case.

5

4.      The word **"Complaint"** refers to the Complaint(s) filed in the Action.

5.      The word "**Amended Complaint**" refers to the Amended Complaint(s) filed in the Action.

6.      The word "**Answer**" refers to Answer(s) filed in the Action.

7.      The term "**Plaintiff**" means Joseph Pagan.

8.      The terms "**Defendants**" refers to C. I. Lobster Corp., Joseph Mandarino, Richard Mandarino, and John Mandarino.

9.      The term "**Similarly Situated Employees**" refers to all non-exempt employees, including Servers/Waiters, Cooks, Bussers, Dishwashers, Hosts, Bartenders, and other restaurant staff, employed by Defendants from September 9, 2014, through the ultimate resolution of this case regardless as to whether they have and/or have not filed notices of consent to become party plaintiffs in this Action.

10.     The word **"person"** includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entity, federal, state, and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

11.     When referring to a person, "**to identify**" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person needs be listed in response to subsequent discovery requesting the identification of that person.

12.     When referring to a document or records, "**to identify**" means to give, to the extent known, the document's full name, category of document, whether the document exists physical,

exists in electronic format only, or exists both physically and electronically, where the document is located, who is the custodian of the document, the contact information for the custodian of the document and the business address and contact information for the custodian.

13.     The term **"concerning"** means containing, consisting of, relating to, referring to, describing, evidencing or constituting, in whole or in part.

14.     The word **"date"** means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

15.     The term "**employee**" refers to current and/or former: full-time employees; part-time employees; temporary employees; independent contractors; executives; managers; members; owners; agents; work staff; laborers; paid and/or unpaid consultants, interns, externs and agents; and/or any other persons performing work for Defendants.

16.     The term **"compensation"** refers to the payment or transfer of ownership or control, whether complete, partial, conditional or unconditional, or howsoever restricted, of anything of value, including but not limited to, wages, base salary, bonus or incentive compensation, cash, common or restricted stock or shares, restricted stock units, other equity or fixed income products or their derivatives, options, warrants or other financial products, and services, rights, entitlements or benefits of any kind.

17.     The term "**hours**" includes full hours and partial hour(s).

18.     The term **"e-mail"** includes e-mails, electronic messages, regardless of format or platform, as well as all associated meta-data.

19.     The singular includes the plural and vice versa.

20.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive

21.    "**Any**" means "**all**," "**each and every**" as well as "**any one**."

22.    "**He**" shall also mean "**she**" and vice versa.

23.    "**His**" shall also mean "**hers**" and vice versa.

## DOCUMENT REQUESTS

1.    All employment-related documents concerning Joseph Pagan maintained by the Defendants, including, but not limited to, his/her employment agreement(s), wage notice(s), time records, pay records, wage statements, personnel files and/or desk files and any written communications relating to wage notice(s), hours worked, wages earned, wages paid, wage statements, or any alleged failure to pay wages that have been earned.

2.    All employment-related documents concerning all of Defendants' Similarly Situated Employees from September 9, 2014, through the ultimate resolution of this Action maintained by the Defendants, including, but not limited to, employment agreement(s), wage notice(s), time records, pay records, wage statements, personnel files and/or desk files and any written communications relating to wage notice(s), hours worked, wages earned, wages paid, wage statements, or any alleged failure to pay wages that have been earned.

3.    All notices of the tip credit that were given to Plaintiff and/or Similarly Situated Employees.

4.    All writings maintained by Defendants that describe Defendants' employment practices as they relate or related to Plaintiff and/or Similarly Situated Employees from September 9, 2014, through the ultimate resolution of this Action.

5.    All documents or electronically stored information concerning any deductions taken from Joseph Pagan's compensation, during his employment with the Defendants.

8

6.    All documents or electronically stored information concerning any deductions taken from any Plaintiff's and/or Similarly Situated Employees' compensation, during their employment with the Defendants.

7.    All documents or electronically stored information concerning the hours worked by Plaintiff and/or Similarly Situated Employees during their employment with Defendants.

8.    All documents or electronically stored information concerning the compensation earned by Plaintiff and/or Similarly Situated Employees during their employment with Defendants.

9.    All documents or electronically stored information concerning the compensation paid to Plaintiff and/or Similarly Situated Employees during their employment with Defendants.

10.    All employment-related documents or electronically stored information concerning the hiring, promotion, and/or demotion of Joseph Pagan, including without limitation, any job descriptions, offer letters, employment contracts, compensation agreements, wage notices, or any other writings or communications.

11.    All employment-related documents or electronically stored information concerning the hiring, promotion, and/or demotion of Similarly Situated Employees, including without limitation, any job descriptions, offer letters, employment contracts, compensation agreements, wage notices, or any other writings or communications.

12.    All documents or electronically stored information concerning any evaluations of Joseph Pagan's performance, whether formal or informal, including, but not limited to, performance reviews, performance evaluations, performance appraisals, performance summaries, self-evaluations, peer reviews, cross evaluations, or performance improvement plans completed for or with respect to Defendants for the duration of Joseph Pagan's employment with Defendants.

13.     All documents or electronically stored information concerning any evaluations of Similarly Situated Employees' performance, whether formal or informal, including, but not limited to, performance reviews, performance evaluations, performance appraisals, performance summaries, self-evaluations, peer reviews, cross evaluations, or performance improvement plans completed for or with respect to Defendants for the duration of Plaintiffs' employment with Defendants.

14.     All documents or electronically stored information concerning any changes in Joseph Pagan's (a) job duties and responsibilities, (b) reporting relationships, and (c) compensation, benefits and/or bonuses during his employment with the Defendants.

15.     All documents or electronically stored information concerning any changes in Similarly Situated Employees' (a) job duties and responsibilities, (b) reporting relationships, and (c) compensation, benefits and/or bonuses during their employment with the Defendants.

16.     All documents or electronically stored information relating to Defendants' practices and policies, employee handbook(s), company pay practices, company payroll systems, withholdings, deductions from wages, or any other document or electronically stored information otherwise relating to Similarly Situated Employees.

17.     All documents, electronically stored information, video tapes, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements, declarations, discussions, meetings, encounters, conversations, and/or any other communications of Defendants and/or its employees and agents regarding Joseph Pagan's employment, compensation, deductions from compensation, hours worked, and this Action.

18.     All documents, electronically stored information, video tapes, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements,

declarations, discussions, meetings, encounters, conversations, and/or any other communications of Defendants and/or its employees and agents regarding Similarly Situated Employees' employment, compensation, deductions from compensation, hours worked, and this Action.

19.     All documents or electronically stored information concerning any communication, conversation, or meeting involving any employee, officer, director, or agent of Defendants concerning Joseph Pagan's claims against Defendants as set forth in the in this action, including, but not limited to, (a) memoranda, (b) correspondence, (c) e-mails, (d) notes, (e) reports, and/or (f) other communications.

20.     All documents concerning any complaints, whether formal or informal, made by any current or former agent, manager, employee, or client of Defendants with respect to any of the allegations in the Complaint or Amended Complaint, including, but not limited to, Defendants' failure to pay overtime and/or minimum wage, failure to pay spread of hours pay, and/or failure to provide accurate wage notices and wage statements.

21.     All documents concerning any employment-related actions concerning Similarly Situated Employees, including, but not limited to, disciplinary actions, commendations, warnings, complaints, probations, or suspension notices.

22.     All documents or electronically stored information which Defendants intend to introduce as an exhibit or to which Defendants may refer at the hearing or deposition in this matter or may use to refresh the recollection of witnesses at the hearing or during depositions in this matter.

23.     C. I. Lobster Corporation's State and Federal tax filings for the years 2014, 2015, 2016, 2017, 2018, 2019, and any subsequent year until the ultimate resolution of this Action.

24.     All documents or electronically stored information concerning any communications with any individuals from whom the Defendants has obtained or expects to obtain a written or oral statement concerning the facts, allegations and claims involved in this case, including but not limited to a copy of any such statement.

25.     Defendants' organizational charts for the years 2014, 2015, 2016, 2017, 2018, 2019 and any subsequent year until the final resolution of this Action; including the name and title for each individual who fills or filled each position within each organizational chart.

26.     Copies of all documents relied upon or submitted in response to any state or federal investigation and/or action brought against Defendants relating to the employment and/or payment of wages to non-exempt employees from September 9, 2014, through the ultimate resolution of this Action.

27.     All documents concerning, supporting, or contradicting any of the statements or defenses in the Defendants' Answer.

28.     All documents or electronically stored information concerning any communications of any employee, agent, or other worker of Defendants with anyone related to matters raised in the Complaint or Amended Complaint.

29.     All documents referred to for the purposes of responding to any set of Interrogatories served in this Action at any time.

30.     All documents related to Similarly Situated Employees' job duties.


* * *


12

Dated: June 1, 2021
   New York, New York     Respectfully submitted,

            **THE OTTINGER FIRM, P.C.**


               */s/ Finn Dusenbery*
            By: _____
            Finn Dusenbery
            THE OTTINGER FIRM, P.C.
            401 Park Avenue South
            New York, New York 10016
            Telephone: (212) 571-2000
            benjamin@ottingerlaw.com

## CERTIFICATE OF SERVICE

This is to certify that on June 1, 2021, a copy of the foregoing Plaintiff's First Set of Requests for the Production of Documents to All Defendants was sent via first-class mail, postage prepaid, to:

Emanuel Kateaev
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
emanuel@mllaborlaw.com


*/s/ Finn W. Dusenbery*

_____

Finn W. Dusenbery

14