# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH PAGAN,

                          Plaintiff,

           -against-

C.I. LOBSTER CORP., JOSEPH MANDARINO,
RICHARD MANDARINO, and JOHN MANDARINO,

                         Defendants.
------------------------------------------------------------------X

**Case No.:** 1:20-cv-7349 (ALC) (SDA)

**DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST SET OF <u>INTERROGATORIES</u>**

Defendants, C.I. Lobster Corp. (hereinafter the "Corporate Defendant"), Joseph Mandarino (hereinafter "Joseph"), Richard Mandarino (hereinafter "Richard"), and John Mandarino (hereinafter "John") (Joseph, Richard, and John collectively hereinafter the "Individual Defendants") (the Corporate Defendants and the Individual Defendants collectively hereinafter the "Defendants"), by and through their attorneys, Milman Labuda Law Group PLLC, hereby answers Plaintiff's First Set of Interrogatories as follows:

## <u>GENERAL OBJECTIONS</u>

Defendant's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Defendant's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

1

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response.

5. Defendant objects to these uniformly overbroad interrogatories to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff's interrogatories are overboard to the extent that they cover time periods not relevant to the instant litigation.

6. Defendant objects to Plaintiff's interrogatories to the extent they are so overbroad that they impose an undue burden upon them.

7. Defendant objects to Plaintiff's interrogatories to the extent they are unreasonably vague and ambiguous.

8. Defendant objects to Plaintiff's interrogatories to the extent they seek information that is confidential, proprietary and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9. Defendant objects to Plaintiff's interrogatories to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Defendant's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Defendant objects to Plaintiff's interrogatories to the extent they assume facts that have not been established.  Defendant specifically reserves the right to object to the factual assumption made in these demands.

12. Defendant objects to Plaintiff's interrogatories to the extent that the demands (i) exceed the permissible scope of discovery established under the FRCP and (ii) attempt to place obligations upon Defendant which are inconsistent with those rules.

All of Defendant's responses are made subject to the above comments and qualifications.

## SPECIFIC INTERROGATORIES AND RESPONSES

**Interrogatory No. 1:** Identify all shareholders, LLC members, and/or general or limited partners of Defendant C.I. Lobster Corp.

**Response: Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, assumes facts not in evidence, and not relevant to any claim or defense or proportional to the needs of the case.**

**Interrogatory No. 2:** Identify everyone who has or had the authority to hire and/or fire Defendants' non-exempt employees between September 9, 2014, and the ultimate resolution of this Action.

**Response: Defendants object to this interrogatory on the grounds that it is overly broad in temporal scope, unduly burdensome, and not proportional to the needs of the case.**

**Interrogatory No. 3:** Identify everyone who has participated in creating or implementing, or anyone who has other unique knowledge about, your time keeping practices from September 9, 2014, and the ultimate resolution of this Action.

**Response: Defendants object to this interrogatory on the grounds that it is overly broad in temporal scope, unduly burdensome, violative of the attorney-client privilege and/or attorney work-product doctrine, and not proportional to the needs of the case.**

**Interrogatory No. 4:** Identify everyone who has participated in creating, implementing and/or executing, or anyone who has other unique knowledge about, Defendants' payroll practices and actual payrolls from September 9, 2014, and the ultimate resolution of this Action.

**Response: Defendants object to this interrogatory on the grounds that it is overly broad in temporal scope, unduly burdensome, violative of the attorney-client privilege and/or attorney work-product doctrine, and not proportional to the needs of the case.**

**Interrogatory No. 5:** Identify everyone who is or has been responsible for Defendants' compliance with all applicable State and Federal wage laws from September 9, 2014, through the ultimate resolution of this Action.

**Response: Defendants object to this interrogatory on the grounds that it is overly broad in temporal scope, unduly burdensome, violative of the attorney-client privilege and/or attorney work-product doctrine, and not proportional to the needs of the case.**

**Interrogatory No. 6:** Identify everyone, whether Defendants' employee or a third-party, responsible for maintaining accurate employment records for Defendants from September 9, 2014, through the ultimate resolution of this Action.

**Response: Defendants object to this interrogatory on the grounds that it is overly broad in temporal scope, unduly burdensome, and not proportional to the needs of the case.**

**Interrogatory No. 7:** Identify every current and former non-exempt employee employed by Defendants from September 9, 2014, through the ultimate resolution of this Action.

**Response:   Defendants object to this interrogatory on the grounds that no collective action or class action has been certified, and it is otherwise overly broad in temporal scope, unduly burdensome, and not proportional to the needs of the case.**

**Interrogatory No. 8**: Identify any third-party vendor used to keep track of the hours worked and/or wages paid to any non-exempt employee from September 9, 2014, through the ultimate date of resolution of this Action; including but not limited to the business address and contact information for any such third-party vendor.

**Response:   Defendants object to this interrogatory on the grounds that it is overly broad in temporal scope, unduly burdensome, vague, and not proportional to the needs of the case.**

Dated: Lake Success, New York
       July 23, 2021

**MILMAN LABUDA LAW GROUP PLLC**

__/s Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH PAGAN,

                              Plaintiff,

               -against-

C.I. LOBSTER CORP., JOSEPH MANDARINO,
RICHARD MANDARINO, and JOHN MANDARINO,

                              Defendants.
------------------------------------------------------------------X

**Case No.:** 1:20-cv-7349 (ALC) (SDA)

**DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Defendants, C.I. Lobster Corp. (hereinafter the "Corporate Defendant"), Joseph Mandarino (hereinafter "Joseph"), Richard Mandarino (hereinafter "Richard"), and John Mandarino (hereinafter "John") (Joseph, Richard, and John collectively hereinafter the "Individual Defendants") (the Corporate Defendants and the Individual Defendants collectively hereinafter the "Defendants"), by and through their attorneys, Milman Labuda Law Group PLLC, respond to Plaintiff's First Set of Requests for the Production of Documents as follows:

## GENERAL OBJECTIONS

Defendants' responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Defendants' General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

1

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5. Defendants object to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In addition, the demands are overboard to the extent that they cover time periods not relevant to the instant litigation.

6. Defendants object to Plaintiff's demands to the extent they are so overboard that they impose an undue burden.

7. Defendants object to Plaintiff's demands to the extent they are unreasonably vague and ambiguous.

8. Defendants object to Plaintiff's demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9. Defendants object to Plaintiff's demands to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Defendants' right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained.  When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Defendants object to Plaintiff's demands to the extent they assume facts that have not been established. Defendants specifically reserve the right to object to the factual assumption made in these demands.

12. Defendants object to Plaintiff's demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure and the local rules of the Eastern District and (ii) attempt to place obligations upon Defendants which are inconsistent with those rules. Defendants will respond to Plaintiff's demands in accordance with the applicable rules.

All of Defendants' answers are made subject to the above comments and qualifications.

## SPECIFIC DEMANDS AND RESPONSES

**Document Request No. 1:** All employment-related documents concerning Joseph Pagan maintained by the Defendants, including, but not limited to, his/her employment agreement(s), wage notice(s), time records, pay records, wage statements, personnel files and/or desk files and any written communications relating to wage notice(s), hours worked, wages earned, wages paid, wage statements, or any alleged failure to pay wages that have been earned.

**Response: Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, vague, and not relevant to any claim or defense or proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced Bates stamped D1-D14.**

**Document Request No. 2:** All employment-related documents concerning all of Defendants' Similarly Situated Employees from September 9, 2014, through the ultimate resolution of this Action maintained by the Defendants, including, but not limited to, employment agreement(s),

3

wage notice(s), time records, pay records, wage statements, personnel files and/or desk files and any written communications relating to wage notice(s), hours worked, wages earned, wages paid, wage statements, or any alleged failure to pay wages that have been earned.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is otherwise overly broad, unduly burdensome, vague, and not relevant to any claim or defense or proportional to the needs of the case.**

**Document Request No. 3:** All notices of the tip credit that were given to Plaintiff and/or Similarly Situated Employees.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced Bates stamped D1-9, D14.**

**Document Request No. 4:** All writings maintained by Defendants that describe Defendants' employment practices as they relate or related to Plaintiff and/or Similarly Situated Employees from September 9, 2014, through the ultimate resolution of this Action.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced Bates stamped D1-9, D14.**

**Document Request No. 5:** All documents or electronically stored information concerning any deductions taken from Joseph Pagan's compensation, during his employment with the Defendants.

4

**Response: Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced Bates stamped D1-9, D14.**

**Document Request No. 6:** All documents or electronically stored information concerning any deductions taken from any Plaintiff's and/or Similarly Situated Employees' compensation, during their employment with the Defendants.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced Bates stamped D1-9, D14.**

**Document Request No. 7:** All documents or electronically stored information concerning the hours worked by Plaintiff and/or Similarly Situated Employees during their employment with Defendants.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced Bates stamped D1-13.**

**Document Request No. 8:** All documents or electronically stored information concerning the compensation earned by Plaintiff and/or Similarly Situated Employees during their employment with Defendants.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced Bates stamped D1-9, D14.**

**Document Request No. 9:** All documents or electronically stored information concerning the compensation paid to Plaintiff and/or Similarly Situated Employees during their employment with Defendants.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced Bates stamped D1-9, D14.**

**Document Request No. 10:** All employment-related documents or electronically stored information concerning the hiring, promotion, and/or demotion of Joseph Pagan, including without limitation, any job descriptions, offer letters, employment contracts, compensation agreements, wage notices, or any other writings or communications.

**Response: Defendants object to this demand on the grounds it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

**Document Request No. 11:** All employment-related documents or electronically stored information concerning the hiring, promotion, and/or demotion of Similarly Situated Employees, including without limitation, any job descriptions, offer letters, employment contracts, compensation agreements, wage notices, or any other writings or communications.

**Response:   Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

**Document Request No. 12:** All documents or electronically stored information concerning any evaluations of Joseph Pagan's performance, whether formal or informal, including, but not limited to, performance reviews, performance evaluations, performance appraisals, performance summaries, self-evaluations, peer reviews, cross evaluations, or performance improvement plans completed for or with respect to Defendants for the duration of Joseph Pagan's employment with Defendants.

**Response:   Defendants object to this demand on the grounds it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

**Document Request No. 13:** All documents or electronically stored information concerning any evaluations of Similarly Situated Employees' performance, whether formal or informal, including, but not limited to, performance reviews, performance evaluations, performance appraisals, performance summaries, self-evaluations, peer reviews, cross evaluations, or performance improvement plans completed for or with respect to Defendants for the duration of Plaintiffs' employment with Defendants.

**Response:   Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

**Document Request No. 14:** All documents or electronically stored information concerning any changes in Joseph Pagan's (a) job duties and responsibilities, (b) reporting relationships, and (c) compensation, benefits and/or bonuses during his employment with the Defendants.

**Response: Defendants object to this demand on the grounds it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

**Document Request No. 15:** All documents or electronically stored information concerning any changes in Similarly Situated Employees' (a) job duties and responsibilities, (b) reporting relationships, and (c) compensation, benefits and/or bonuses during their employment with the Defendants.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

**Document Request No. 16:** All documents or electronically stored information relating to Defendants' practices and policies, employee handbook(s), company pay practices, company payroll systems, withholdings, deductions from wages, or any other document or electronically stored information otherwise relating to Similarly Situated Employees.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

**Document Request No. 17:** All documents, electronically stored information, video tapes, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements, declarations, discussions, meetings, encounters, conversations, and/or any other communications of Defendants and/or its employees and agents regarding Joseph Pagan's employment, compensation, deductions from compensation, hours worked, and this Action.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

<u>Document Request No. 18</u>: All documents, electronically stored information, video tapes, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements, declarations, discussions, meetings, encounters, conversations, and/or any other communications of Defendants and/or its employees and agents regarding Similarly Situated Employees' employment, compensation, deductions from compensation, hours worked, and this Action.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

<u>Document Request No. 19</u>: All documents or electronically stored information concerning any communication, conversation, or meeting involving any employee, officer, director, or agent of Defendants concerning Joseph Pagan's claims against Defendants as set forth in the in this action, including, but not limited to, (a) memoranda, (b) correspondence, (c) e-mails, (d) notes, (e) reports, and/or (f) other communications.

**Response: Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.**

<u>Document Request No. 20</u>:  All documents concerning any complaints, whether formal or informal, made by any current or former agent, manager, employee, or client of Defendants with respect to any of the allegations in the Complaint or Amended Complaint, including, but not

9

limited to, Defendants' failure to pay overtime and/or minimum wage, failure to pay spread of hours pay, and/or failure to provide accurate wage notices and wage statements.

**Response: Defendants object to this demand on the grounds it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

<u>Document Request No. 21</u>: All documents concerning any employment-related actions concerning Similarly Situated Employees, including, but not limited to, disciplinary actions, commendations, warnings, complaints, probations, or suspension notices.

**Response: Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

<u>Document Request No. 22</u>: All documents or electronically stored information which Defendants intend to introduce as an exhibit or to which Defendants may refer at the hearing or deposition in this matter or may use to refresh the recollection of witnesses at the hearing or during depositions in this matter.

**Response: Defendants object to this demand on the grounds that it is premature, overly broad, unduly burdensome, vague, and not proportional to the needs of the case. Defendants reserve the right to introduce exhibits or refer to same at hearings or depositions in this case, including to use same to refresh the recollection of witnesses at any hearing or deposition in this case, consistent with the Federal Rules of Civil Procedure.**

<u>Document Request No. 23</u>: C. I. Lobster Corporation's State and Federal tax filings for the years 2014, 2015, 2016, 2017, 2018, 2019, and any subsequent year until the ultimate resolution of this Action.

**Response: Defendants object to this demand on the grounds that it seeks confidential information, is overly broad, unduly burdensome, and not proportional to the needs of the case.**

Document Request No. 24: All documents or electronically stored information concerning any communications with any individuals from whom the Defendants has obtained or expects to obtain a written or oral statement concerning the facts, allegations and claims involved in this case, including but not limited to a copy of any such statement.

**Response: Defendants object to this demand on the grounds that it is premature, overly broad, unduly burdensome, vague, is violative of the attorney-client privilege and/or the attorney work product doctrine, and not proportional to the needs of the case. Defendants reserve the right to obtain oral or written statements concerning the facts, allegations, and claims involved in this consistent with the Federal Rules of Civil Procedure.**

Document Request No. 25: Defendants' organizational charts for the years 2014, 2015, 2016, 2017, 2018, 2019 and any subsequent year until the final resolution of this Action; including the name and title for each individual who fills or filled each position within each organizational chart.

**Response: Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.**

Document Request No. 26: Copies of all documents relied upon or submitted in response to any state or federal investigation and/or action brought against Defendants relating to the employment

11

and/or payment of wages to non-exempt employees from September 9, 2014, through the ultimate resolution of this Action.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, and not relevant nor proportional to the needs of the case.**

<u>Document Request No. 27</u>: All documents concerning, supporting, or contradicting any of the statements or defenses in the Defendants' Answer.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

<u>Document Request No. 28</u>: All documents or electronically stored information concerning any communications of any employee, agent, or other worker of Defendants with anyone related to matters raised in the Complaint or Amended Complaint.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

<u>Document Request No. 29:</u> All documents referred to for the purposes of responding to any set of Interrogatories served in this Action at any time.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

<u>Document Request No. 30:</u> All documents related to Similarly Situated Employees' job duties.

**Response:   Defendants object to this demand on the grounds that no collective action or class action has been certified, and it is overly broad, unduly burdensome, vague, and not proportional to the needs of the case.**

Dated: Lake Success, New York
July 23, 2021

**MILMAN LABUDA LAW GROUP PLLC**

  /s Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*