UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEPH PAGAN,

                                                                  **Case No.:** 1:20-cv-7349 (ALC) (SDA)

                      Plaintiff,

        -against-

C.I. LOBSTER CORP., JOSEPH MANDARINO,
RICHARD MANDARINO, and JOHN MANDARINO,

                      Defendants.
-------------------------------------------------------------------X

# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF THEIR OBJECTIONS TO
# THE HON. STEWART D. AARON, U.S.M.J.'S JULY 16, 2021 OPINION & ORDER
# DENYING DEFENDANTS' MOTION FOR AN ORDER
# DISQUALIFYING PLAINTIFF'S COUNSEL, AWARDING SANCTIONS,
# A CORRECTIVE NOTICE, AND AN EVIDENTIARY HEARING

Dated: Lake Success, New York
         September 1, 2021

                                                 **MILMAN LABUDA LAW GROUP PLLC**
                                                 Emanuel Kataev, Esq.
                                                 3000 Marcus Avenue, Suite 3W8
                                                 Lake Success, NY 11042-1073
                                                 (516) 328-8899 (office)
                                                 (516) 303-1395 (direct dial)
                                                 (516) 328-0082 (facsimile)
                                                 emanuel@mllaborlaw.com

                                                 *Attorneys for Defendants*

**PRELIMINARY STATEMENT**

The Ottinger Firm, P.C. (hereinafter the "Ottinger Firm") provides no basis to deny Defendants' motion to set aside the Hon. Stewart D. Aaron, U.S.M.J.'s (hereinafter "Judge Aaron") July 16, 2021 Opinion & Order (hereinafter the "Order").

It argues, circularly, that no evidentiary hearing is necessary because the Ottinger Firm never had any interactions with Laundel Booker ("Booker") and Christopher Baca ("Baca"), two (2) non-party employees employed by C.I. Lobster Corp. (hereinafter the "Corporate Defendant" or the "Restaurant").  But this is not true.

Booker and Baca were each bombarded with contact from the Ottinger Firm via repeated text messages and phone calls (with accompanying voice messages) requesting that they each get in contact with the Ottinger Firm without any explanation as to why they were being contacted. Tellingly, Plaintiff Joseph Pagan's ("Pagan" or "Plaintiff") message to Booker offered a glimpse as to the reason why the Ottinger Firm so suddenly and mysteriously began badgering Booker and Baca.  "Let's get this money," Pagan said to Booker; he will "put [Booker] on," apparently referring to this case.  It does not take a rocket scientist to infer that the Ottinger Firm, who shortly thereafter proceeded with contacting Booker, did so for the very purpose of soliciting him and others, such as Baca, to join the lawsuit.

In that regard, the Ottinger Firm's argument that there were no express solicitations misses the point: the repeated text messages and phone calls themselves constituted solicitations.  This is exactly why the New York Rules of Professional Conduct ("RPC") prohibits unsolicited in-person and telephonic contact by attorneys with anyone other than a close friend, relative, former client, or existing client.  Of course there is no writing or other evidence that contains any express solicitation; the Ottinger Firm knows the law and sought to circumvent it!

1

Common sense must prevail. Because the Ottinger Firm provided no basis to deny the relief requested – and because Plaintiff yet again glaringly offers no evidence in opposition to same – Defendants respectfully submit that Judge Aaron's Order must be set aside for abuse of discretion, and grant Defendants' original requested relief in the form of an evidentiary hearing as well as a curative notice as set forth in Defendants' underlying motion papers.

## ARGUMENT

### POINT ONE

### AN EVIDENTIARY HEARING IS WARRANTED

The Ottinger Firm does not set forth any reason why Judge Aaron's Order is not clearly erroneous or contrary to law. Instead, it sidesteps the relevant standard to determine whether the Order should be set aside under Rule 72 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") to focus on its argument that no evidentiary hearing is necessary to determine the true purpose behind its unsolicited and repeated contact with two (2) non-party employees of the Restaurant who were never disclosed by Plaintiff in his Rule 26 disclosures as witnesses.

In so arguing, the Ottinger Firm relies on the fact that its attorneys did not actually converse with Booker nor Baca despite the fact it nonetheless engaged in prohibited telephonic contact with them. This argument is unavailing, as there is enough evidence in the record to infer that the Ottinger Firm contacted Booker and Baca for the sole purpose of soliciting them to join this lawsuit. Indeed, Pagan himself first reached out to Booker by effectively stating that there was money to be made by him being "put on" the case. Immediately thereafter, the Ottinger Firm commenced a campaign of contact via text messages, phone calls, and voice messages requesting a call back without explaining the nature or purpose of the contact. The Ottinger Firm engaged in the same conduct with Baca, and undoubtedly with others that Defendants are unaware of.

The logical inference to be made here is an easy two-step process (i.e., the Ottinger Firm contacted Booker and Baca to "put [them] on," as Pagan told them he could), and hardly constitutes the fatal leap in logic Plaintiff argues it to be.

The Ottinger Firm also argues that the Plaintiff himself was not required to provide any evidence in opposition to Defendants' motion because Defendants carry a high burden on a disqualification motion. However, separate from their disqualification bid, Defendants sought additional forms of relief which do not carry the same high burden of proof: namely, (i) a monetary penalty; (ii) attorneys' fees related to Defendants' motion; (iii) an Order finding that the Ottinger Firm is not to collect any fees for the work performed in soliciting any opt-in plaintiffs together with any work that is fruit of the poisonous tree; (iv) the issuance of a corrective notice to all employees of the Restaurant that the Ottinger Firm improperly contacted them, that it is not permissible for the Ottinger Firm to contact them, and that any attempts to contact them should be reported directly to the Court; (v) an evidentiary hearing to the extent one is necessary to conclusively establish the Ottinger Firm's unethical conduct in this case; and (vi) such other and further relief as this honorable Court deems just, equitable, and proper.

In that regard, it is crucial to note that Judge Aaron nevertheless held in the Order that Defendants may ask Pagan at his deposition about the nature and purpose of the text message that Pagan sent to Booker on March 29, 2021, and whether the message was sent at the behest of the Ottinger Firm. See Order at 9 n. 8. This highlights the very reason an evidentiary hearing is warranted, and is further supported by Plaintiff's glaring absence in opposing both the underlying and instant motions. To the extent that the Ottinger Firm directed Pagan to contact Booker, it unquestionably violated Rule 7.3 of the RPC. This Court must therefore grant Defendants' motion and conduct an evidentiary hearing, assess Plaintiff's demeanor, and rule on Defendants' motion.

3

# POINT TWO

## PLAINTIFF'S DEFECTIVE, REFLEXIVE, & REACTIVE SANCTIONS BID MUST BE DENIED

Plaintiff argues that Defendants should be sanctioned by this Court for availing themselves of review by this Court of Judge Aaron's Order, review which is expressly authorized under Rule 72. There is no authority permitting sanctions against a party for engaging in permitted motion practice. This is evident from Plaintiff's lack of authority submitted in support of its defective bid for sanctions. Further, Plaintiff should have objected to Judge Aaron's Order under Rule 72 if they wished to object to his holding denying sanctions. Because they failed to do so, Plaintiff's bid for sanctions is dead on arrival. See Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (holding that failure to timely object under Rule 72 results in waiver of right to do so).

Even if this Court were to consider Plaintiff's defective cross-motion under its inherent power to do so (which it should not), Plaintiff's request for sanctions is meritless and unsupported by the very case law and statutory authority he cites.

Plaintiff first relies on Revson v. Cinque & Cinque, P.C., an inapposite and unavailing Second Circuit decision which actually *reversed* a district court's decision to impose sanctions. There, the district court sanctioned an attorney for, *inter alia*, an attorney's reference to a proctology examination vis-à-vis the underlying litigation. See 221 F.3d 71, 78 (2d Cir. 2000). Setting aside the fact that the Second Circuit reversed the district court's decision, the facts here come nowhere near the level of acrimony the parties in Revson engaged in for the district court to impose sanctions. There are no allegations here that counsel for either party has made any statements that are "repugnant" or "inappropriate." The sole basis for Plaintiff's misguided cross-motion is that Defendants filed a motion permitted under Rule 72. This is not a basis for sanctions, and is unsupported by the Second Circuit's decision in Revson.

4

The same holds true for Chambers v. NASCO, Inc. where the Supreme Court held that the sanctioned party's "entire course of conduct throughout the lawsuit evidenced bad faith and an attempt to perpetrate a fraud on the court." See 501 U.S. 32, 51 (1991).  There are no allegations of fraud here by Defendants, whose underlying motion is supported by admissible evidence such as sworn declarations under penalty of perjury.  As such, this case is similarly inapposite and unavailing.

Plaintiff then turns to the Court's inherent powers under 28 U.S.C. § 1927, which requires a finding that Defendants' claims are entirely meritless and that Defendants acted for improper purposes.  Neither element can be satisfied here.  First, Judge Aaron found that Defendants' motion was neither frivolous or sanctionable based on the evidence presented.  Second, Defendants' motion was and is submitted for the proper purpose of controlling the conduct of counsel and parties in class actions, the authority for which a Court possesses even before a class is certified.  See O'Conner v. Agilant Sols., Inc., 444 F. Supp. 3d 593, 601 (S.D.N.Y. 2020).

Finally, Defendants repeat their argument as set forth in the underlying motion, with regard to the Ottinger Firm's reference to Piccolo v. Top Shelf Prods., Inc., in which Saul Zabell ("Zabell") – the opposing attorney in Piccolo, and one who has frequently been sanctioned for his conduct there and in other cases – was involved, Defendants respectfully submit that this Court should not consider that case in the context of this motion, which is focused on the Ottinger Firm's conduct.  Further, your undersigned respectfully submits that he was not an attorney of record in that case, and that the plaintiff's attorney there, among many other things, called the police on my colleague and partner, Joseph M. Labuda, during a deposition because Mr. Labuda sought to question a witness once Zabell completed his line of questioning at a deposition in that case.

As a result, this Court should not give any weight to Plaintiff's argument concerning same.

5

For these reasons, and because Plaintiff's memorandum of law in opposition provides no basis to deny Defendants' motion to set aside the Order, Defendants respectfully submit that their motion must be granted.

## **CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that the Court: (1) set aside Judge Aaron's Opinion & Order dated July 16, 2021, and (2) for such other and further relief as this honorable Court deems just, equitable, and proper.

Dated:  Lake Success, New York
          September 1, 2021

**MILMAN LABUDA LAW GROUP, PLLC**

By:  */s   Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*