# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**VIA ECF**                                                                                    September 10, 2021

United States District Court
Southern District of New York
Attn: Hon. Stewart D. Aaron, U.S.M.J.
500 Pearl Street, Courtroom 11C
New York, NY 10007-1312

      *Re:*    **Pagan v. C.I. Lobster Corp.,** *et al.*
             **Case No: 1:20-cv-7349 (ALC) (SDA)**
             **MLLG File No.: 197-2020_____**

Dear Judge Aaron:

      This office represents the Defendants in the above-referenced case. See Docket Entry 12. Defendants write in opposition to Plaintiff's letter motion to compel discovery pursuant to this Court's September 8, 2021 Order.[1] For the reasons set forth below, Plaintiff's letter motion to compel discovery must be denied.

      This is a wage-and-hour case in which Defendants maintain scrupulous time and pay records, all of which have been produced to Plaintiff, and there is no basis whatsoever for Plaintiff to argue that they are inaccurate. See Docket Entry 38-2 (payroll report, time records, and tip credit notice). Indeed, tellingly, there is no allegation whatsoever of any "off the clock" work performed in Plaintiff's complaints. See Docket Entries 1 and 25. It is also factually impossible for Plaintiff to have worked 24.5 hours per week without being paid, and Defendants deny the misappropriation of any tips. See Docket Entries 38-4 and 38-5 (declarations from fellow employees of Plaintiff who explain why Plaintiff could not have worked the hours he claimed to have worked).

**Plaintiff is Not Entitled to Class-Wide Discovery without Changing the Certification Standard**

      Failing to adduce any evidence that Plaintiff has suffered any alleged violation of the Fair Labor Standards Act, he now seeks the records of everyone else after his counsel's failed efforts to solicit them. The law does not entitle Plaintiff to such broad-sweeping discovery. Indeed, as the Hon. Brian Cogan, U.S.D.J. explained recently in Beaton v. Verizon New York, Inc., No. 20-CIV.-672 (BMC), 2020 WL 6449235, at *3 (E.D.N.Y. Nov. 3, 2020), "courts in this district have proved 'very cautious about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage[,]'" where this case sits. Id. (citing Charles v. Nationwide Mut. Ins. Co., No. 09-CIV.-94, 2010 WL 7132173, at *4 (E.D.N.Y. May 27, 2010).

---

[1] Defendants thank this honorable Court for its gracious extension of time granted *sua sponte* and respectfully submit that the Jewish holidays played a substantial role in Defendants' oversight concerning the response deadline to Plaintiff's letter motion.

Judge Cogan went on to explain in Beaton:

> These courts have acknowledged that there may be circumstances in which this information is relevant to the issues that arise under Rule 23, such as numerosity, common questions, and adequacy of representation. See id. at *8; see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354 n.20 (1978). But a plaintiff is not automatically entitled to this information. See Charles, 2010 WL 7132173, at *8. And courts have "refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification." See Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc., No. 13-cv-60, 2013 WL 5132023, at *8 n.9 (E.D.N.Y. Sept. 12, 2013) (quoting Dziennik v. Sealift, Inc., No. 05-cv-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006)).
>
> Requests for contact information and records are particularly weak when a plaintiff "has not sought discovery through other means that would support his Rule 23 claim" and has not otherwise "demonstrated that he is entitled to the putative class contact information." See Jenkins v. TJX Companies, Inc., No. 10-cv-3753, 2011 WL 1563677, at *2 (E.D.N.Y. Apr. 25, 2011). In Charles v. Nationwide Mutual Insurance Co., No. 09-cv-94, 2010 WL 7132173, at *1 (E.D.N.Y. May 27, 2010), for example, the court applied this principle when a plaintiff brought a class action under the NYLL as well as a collective action under the FLSA. The plaintiff had sought to represent all of the defendant's paralegals, and she filed a motion to compel defendant to produce their names, contact information, and billing sheets. But the court denied this motion, noting that plaintiff could point to nothing more than "bare allegations" that all the paralegals were "subject to the same pay practice." Id. at *6.
>
> That reasoning applies with equal force here. Although plaintiff maintains that the requested information is relevant, he has not provided any evidence why that is true, beyond the allegations in the complaint and his own declaration[2].... As in Charles, he has not used other discovery devices to establish that all technicians and technician escorts in New York City are subject to the same practices[.] ... See id. Therefore, plaintiff "has not discussed the need for the requested information in light of the discovery already provided by defendant." Id.

---

[2] Here, Plaintiff does not offer any such declaration.

2

> Moreover, the requests would be unduly burdensome, given the detailed information that plaintiff requests.... [D]efendant has provided a Rule 30(b)(6) deponent to testify about defendant's policies regarding wage and hour notices and reporting time. … "[P]laintiff must conduct some preliminary discovery before he can demonstrate his entitlement to the information he seeks under Rule 23." Jenkins, 2011 WL 1563677, at *2.

See Beaton, 2020 WL 6449235, at *3. Defendants submit that the reasoning in Beaton applies here, and offer a Rule 30(b)(6) witness for Defendant C.I. Lobster Corp. to address Defendants' policies regarding its wage and hour practices and records rather than entering an unduly burdensome Order requiring Defendants to engage in the costly and prohibitively expensive task of providing the broad-sweeping discovery Plaintiff seeks only to learn that all employees are properly paid in accordance with the law, especially at a time that the restaurant industry has been brought to a near-death-knell due to the corona virus pandemic. See Columbus Ale House, Inc. v. Cuomo, No. 20-CIV.-4291 (BMC), 2020 WL 6118822, at *5 (E.D.N.Y. Oct. 16, 2020) (Cogan, J.) ("New York City is in the middle of an economic crisis brought about by the pandemic. Much has been written about the … potential permanent or long-term demise of the … restaurant [industry] in New York").

In the unlikely event that this Court grants Plaintiff's broad and unsupported request for the voluminous class-wide discovery sought despite the fact Defendants offer a Rule 30(b)(6) witness to be deposed on pre-class certification issues (which it should not), Defendants request that: (i) such an Order require anonymization of employee names with employee ID numbers to protect against solicitation (see, e.g., Zheng, *supra*, 2013 WL 5132023, at *8 n. 9 and Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981), permitting district courts in class action to exercise control over the class action and to enter appropriate orders governing the conduct of counsel and parties); and (ii) that the standard[3] for Plaintiff's anticipated motion for conditional certification of a collective action be appropriately modified to allow this Court to consider Defendants' evidence in opposition to same. See Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012) (holding that the action proceeds as a "collective action throughout the discovery process" only after the Court grants conditional certification) (citing Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)).

---

[3] When a motion for conditional certification of a collective action is made without any pre-class certification discovery, a Plaintiff need make only a "'modest factual showing'" that he and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." See Lloyd v J.P. Morgan Chase & Co., No. 11-CIV.-9305 (LTS), 2013 WL 4828588, at *3 (S.D.N.Y. Sept. 9, 2013), aff'd in part, 791 F.3d 265 (2d Cir. 2015). Indeed, on an *initial, pre-discovery* motion for conditional certification of a collective – i.e., a "step one" motion, such as the one currently before this Court – courts look to the pleadings, and to any statements made by plaintiffs in submitted affidavits or declarations, to determine whether the named plaintiffs have made the requisite initial showing that the proposed opt-in plaintiffs are "similarly situated" to them. See Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (emphasis added); see also In re Penthouse Exec. Club Comp. Litig., No. 10-CIV.-1145 (NRB), 2010 WL 4340255, at *3 (S.D.N.Y. Oct. 27, 2010).

Indeed, where pre-class certification discovery is granted, Plaintiff should not have the benefit of a modest or lenient standard afforded to him under the normal "step one" standard. See Romero v. H.B. Auto. Grp., Inc., No. 11-CIV.-386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) ("More importantly, Plaintiff does not make any showing about a widespread failure to pay minimum wage based on Defendants' pay records, *although Plaintiff has had the benefit of class discovery and has had access to them*.") (emphasis added).

**Request No. 20 Must be Denied**

To the extent that any prior complaints exist, they are irrelevant to the pre-class certification question as to whether there exists a common policy or plan that violated the law. See Ordonez v. A & S Broadway Produce, Inc., 14-CIV.-4152 (NSR) (JCM), 2015 WL 5729415, at *2 (S.D.N.Y. Sep. 29, 2015) ("Defendants contend, *and the Court agrees*, that the two prior complaints are largely irrelevant to the instant action and would be unfairly prejudicial if admitted for all purposes at trial") (citing Fed. R. Evid. 402, 403).

**Interrogatory No. 2 Must be Denied**

Defendants object to this interrogatory but, notwithstanding their objections, identified a manager named Victor Navarro as responsive. Under the "economic reality" test, the relevant factors as to whether an individual is an employer under the FLSA includes "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." See Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 139 (2d Cir. 1999), holding mod. by Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003). Indeed, no one of the four factors standing alone is dispositive. See Brock v. Superior Care, Inc., 840 F.2d 1054, 1059 (2d Cir.1988). Instead, the "economic reality" test encompasses the *totality of circumstances*, *no one of which is exclusive*. Since economic reality is determined based upon all the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition. See Rutherford Food Corp. v. McComb, 331 U.S. 722, 730, (1947) (whether an employer-employee relationship exists does not depend on isolated factors but rather "upon the circumstances of the whole activity") (emphasis added).

Thus, based on the foregoing case law and the applicability of Local Civil Rule 33.3, restricting the scope of interrogatories, *inter alia*, to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, Defendants properly object to this interrogatory and these questions are better suited for a deposition where the totality of the circumstances can properly be explored.

**Interrogatory Nos. 3 and 4 Must be Denied**

Defendants did not state in sum and substance whether there were other "responsive individuals," and only identified Marie Mandarino as "the individual responsible for dealing with payroll;" nothing more. These interrogatories must be denied for the same reasons set forth in the preceding paragraphs.

4

**Interrogatory No. 7**

This interrogatory must be denied for the same reasons set forth in opposition to Plaintiff's requests for class-wide discovery in addition to Defendants' objections pursuant to Local Civil Rule 33.3. Indeed, as to the latter, Plaintiff has failed to set forth any basis upon which this Court should permit them to exceed the narrowly tailored purpose of interrogatories set forth in the Local Civil Rules.

Accordingly, Plaintiff's letter motion for a Rule 37.2 conference must be denied.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
September 10, 2021

        Respectfully submitted,

        **MILMAN LABUDA LAW GROUP PLLC**

        */s/ Emanuel Kataev, Esq.*
        Emanuel Kataev, Esq.
        3000 Marcus Avenue, Suite 3W8
        Lake Success, NY 11042-1073
        (516) 328-8899 (office)
        (516) 303-1395 (direct dial)
        (516) 328-0082 (facsimile)
        emanuel@mllaborlaw.com

        *Attorneys for Defendants*

**VIA ECF**
The Ottinger Firm, P.C.
<u>Attn</u>: Robert Ottinger & Finn Dusenbury, Esqs.
401 Park Avenue South
New York, NY 10016
robert@ottingerlaw.com
finn@ottingerlaw.com

*Attorneys for Plaintiff*