USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Pagan, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>-against-<br><br>C.I. Lobster Corp. et al.,<br><br>         Defendants. | 1:20-cv-07349 (ALC) (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is a motion by Plaintiff Joseph Pagan ("Plaintiff" or "Pagan") to compel Defendants C.I. Lobster Corp. (the "Restaurant"), Joseph Mandarino, Richard Mandarino and John Mandarino (collectively, the "Defendants") to produce certain documents and information. (Pl.'s 9/1/21 Ltr. Mot., ECF No. 60.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

The Amended Complaint in this action, which was filed on February 22, 2021, asserts collective and class claims against Defendants for wage and hour violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*See* Am. Compl., ECF No. 25, ¶¶ 54-94.) With respect to his FLSA claims, "Plaintiff seeks to represent a collective made up of all persons who are or have been employed by Defendants as non-exempt employees in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action," *i.e.*, members of what he defines as the "FLSA Collective Action." (*See id*. ¶¶ 2, 16-17.) With respect to his NYLL claims, "Plaintiff seeks to represent a class made up of all persons

who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action," *i.e.*, what he defines as the "New York Class." (*See id*. ¶¶ 2, 23.) Pagan alleges that "Defendants did not compensate [him] for all hours worked." (*Id*. ¶ 44.) Pagan further alleges that "Defendants did not give [him] adequate notice of the tip credit" and that "Defendants required [him] to share tips with tip-ineligible employees, such as Defendant Richard Mandarino . . . ." (*Id*. ¶¶ 50-51.) In addition, Pagan alleges that "Defendants committed the foregoing acts against Plaintiff[], members of the FLSA Collective Action, and members of the New York Class." (*Id*. ¶ 53.)

On June 1, 2021, Plaintiff served interrogatories and requests for production of documents upon Defendants. (*See* Ex. A to Pl.'s 9/1/21 Ltr. Mot., ECF No. 60-1.) On July 23, 2021, Defendants served responses and objections to Plaintiff's interrogatories and document requests. (*See* Ex. B to Pl.'s 9/1/21 Ltr. Mot., ECF No. 60-2.) After having met and conferred on August 27, 2021, the parties were unable to resolve disputes regarding certain interrogatories and document requests. (*See* Pl.'s 9/1/21 Ltr. Mot. at 1.) Most notably, Plaintiff is seeking class-wide discovery, but Defendants contend that Plaintiff is not entitled to class-wide discovery. (*Compare* Pl.'s 9/1/21 Ltr. Mot. at 1-2, *with* Defs.' 9/10/21 Resp., ECF No. 63, at 1-4.)

On September 1, 2021, Plaintiff filed the instant motion to compel. (*See* Pl.'s 9/1/21 Ltr. Mot.) On September 10, 2021, Defendants filed their response. (*See* Defs.' 9/10/21 Resp.) On September 14, 2021, Plaintiff filed his reply. (Pl.'s 9/14/21 Reply, ECF No. 64.)

## LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A court may consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. A court must limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

Courts may conditionally certify a FLSA collective "after plaintiffs make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (cleaned up). "Precertification discovery in a FLSA case should be tailored to this 'modest' standard." *Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-00651 (MKB) (SJB), 2021 WL 1103029, at *1 (E.D.N.Y. Feb. 16, 2021) (citation omitted).

Class certification under Rule 23 of the Federal Rules of Civil Procedure, however, requires much more than a modest showing. The party seeking certification must demonstrate by a preponderance of the evidence that all the requirements of Rule 23 have been met. *See Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 465 (2d Cir. 2013). In evaluating whether the moving party has done so, the Court must engage in a "rigorous analysis," in which it is permitted to "probe behind the pleadings before coming to rest on the certification question." *Comcast Corp. v.*

3

*Behrend*, 569 U.S. 27, 33 (2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Thus, "'[p]re-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate' in light of the requirements set out in Rule 23." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490 (S.D.N.Y. 2016) (quoting *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06-CV-06198 (LAK) (JCF), 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007)).

Contact information of a potential class of a defendants' employees "may be discoverable where it is relevant to demonstrating satisfaction of Rule 23 requirements." *Benavides*, 166 F. Supp. 3d at 491 (citing cases). "However, some courts have 'refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.'" *Id*. (quoting *Dziennik v. Sealift, Inc.*, No. 05-CV-04659 (DLI) (MDG), 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006)). "Others have denied such a request without prejudice, finding it potentially cumulative and thus premature, where a plaintiff has not demonstrated that plaintiff['s] ability to demonstrate commonality, predominance and typicality will . . . necessarily require obtaining discrete employment information from any individual class members." *Id*. (cleaned up; citations omitted).

**DISCUSSION**

The Court, in its discretion, finds that Plaintiff is entitled to wage-and-hour and compensation-related documents, addressed below, for all members of the New York Class dating back to six years prior to the filing of the original Complaint (based on the NYLL statute of limitations) because that information "would likely support findings of commonality, typicality,

4

numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23." *Benavides*, 166 F. Supp. 3d at 492. However, the Court finds that many of the disputed document requests (*i.e.*, Request Nos. 2, 7, 8, 11, 15, 16 and 30), as written, are not proportional to the needs of the case.[1] Accordingly, the Court hereby Orders Defendants to produce only the following documents regarding these disputed document requests:

    1.    For the period September 9, 2014 to September 9, 2020 (the date Plaintiff filed the Complaint), wage notices, records of hours worked, records of compensation paid, wage statements, notices of tip credit[2] and descriptions of job duties and/or titles for all members of the New York Class; and

    2.    Documents sufficient to show Defendants' policies regarding wage and hour notices and reporting time.[3]

---

[1] Request No. 2 seeks "[a]ll employment-related documents concerning all of Defendants' Similarly Situated Employees from September 9, 2014;" Request Nos. 7 and 8 seek "[a]ll documents or electronically stored information" concerning hours and compensation; Request No. 11 seeks "[a]ll employment-related documents or electronically stored information concerning the hiring, promotion, and/or demotion of Similarly Situated Employees;" Request No. 15 seeks "[a]ll documents or electronically stored information" about "any changes" in job duties, reporting relationships and compensation during the entire period of their employment; Request No. 16 goes so far as to request "any other document or electronically stored information otherwise relating to Similarly Situated Employees;" and Request No. 30 seeks "[a]ll documents related to Similarly Situated Employees' job duties." (*See* Ex. A to Pl.'s 9/1/21 Ltr. Mot. at PDF pp. 8-10.)

[2] Although Request No. 3 (regarding tip credit notices) seeks documents relevant and proportional to the needs of the case, the Court has included these notices as part of the Court's item 1 in lieu of having the Defendants produce documents in response to Request No. 3.

[3] The Court finds Request No. 4, which seeks "writings . . . that describe Defendants' employment practices" (*see* Ex. A to Pl.'s 9/1/21 Ltr. Mot. at PDF p. 8) to be vague and ambiguous. If Plaintiff wishes to pursue information relating to this request, he should do so by way of a revised, targeted document request or at an appropriate deposition of the Defendants.

The Court, in its discretion, finds that Plaintiff is not entitled at this time to information regarding the identities and/or contact information of the New York Class because he has not made a "showing that communication with [such individuals] is necessary to support [his] assertions under Rule 23." *Benavides*, 166 F. Supp. 3d at 492. Thus, Defendants may redact such information from the documents to be produced pursuant to this Opinion and Order. Further, Defendants need not respond to Interrogatory No. 7, which seeks the identities of current and former non-exempt employees. (*See* Ex. A to Pl.'s 9/1/21 Ltr. Mot. at PDF p. 7.)

Defendants' objection to Request No. 20—which seeks prior complaints by Defendants' employees with respect to any of the allegations contained in the Complaint or Amended Complaint (*see* Ex. A to Pl.'s 9/1/21 Ltr. Mot. at PDF p. 20)—is not well founded. Any such complaints are relevant to class certification since, if there were such complaints, they would be probative of whether other employees were subjected to the same or similar practices as alleged by Plaintiff. Moreover, any such complaints would be relevant to the issue of willfulness. Indeed, in the case cited by Defendants in support of its objection to Request No. 20, *Ordonez v. A & S Broadway Produce, Inc.*, No. 14-CV-04152 (NSR) (JCM), 2015 WL 5729415 (S.D.N.Y. Sept. 29, 2015) (*see* Defs.' 9/10/21 Resp. at 4), the Court permitted the admission of prior complaints at trial "for the limited purpose of establishing Defendants' willfulness under the FLSA and NYLL." *Ordonez*, 2015 WL 5729415, at *2.

In addition, Defendants' objections to Plaintiffs' interrogatories which seek the identities of persons with had the authority to hire and fire and persons who created, implemented or have unique knowledge regarding Defendants' time keeping practices, payroll and payroll practices (*see* Ex. A to Pl.'s 9/1/21 Ltr. Mot. at PDF p. 7), are not well founded. These individuals are persons

6

with knowledge of information relevant to the subject matter of the action and, as such, the interrogatories are proper under Local Civil Rule 33.3(a). *See* S. & E.D.N.Y.R. 33.3(a).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART. Within twenty-one (21) days of the date of this Opinion and Order, Defendants shall produce the documents identified herein (with appropriate redactions) and shall provide sworn responses to the interrogatories as set forth herein.

**SO ORDERED.**

Dated: New York, New York
September 17, 2021

_____
STEWART D. AARON
United States Magistrate Judge