**OTTINGER**

**EMPLOYMENT LAWYERS**

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street, 14th Fl.
San Francisco, CA 94105
(415) 262-0096

Finn Dusenbery
finn@ottingerlaw.com

OTTINGERLAW.COM

November 17, 2021

**By ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St
New York, NY 10007

      Re:    Pagan v. C.I. Lobster Corp., et al.
               No. 20-cv-7349 (ALC)(SDA)

Dear Judge Aaron:

      As you know, we represent Plaintiff and the putative class in the above-referenced matter. In reviewing the file Defendants sent to Plaintiff's counsel on November 8, 2021, pursuant to the Court's Order on Plaintiff's motion to compel dated September 17, 2021, *see* Dkt. No. 65, and subsequent Order on an extension dated October 7, 2021, *see* Dkt. No. 67, it appears that Defendants have not redacted putative class members' names on time records. On review of ethical rules, including Rule 4.4(b) of the New York Rules of Professional Conduct, we notified defense counsel of this disclosure. Plaintiff has not used the discovery of unredacted names in any way, nor does he intend to do so.

      However, Plaintiff also observed that the time records cannot be matched to payroll records because they do not have employee IDs on them. In light of this, we ask that Defendants be required to re-produce time records with redactions for putative class members' names but with employment IDs added.

      Additionally, while payroll records appear to have been appropriately redacted, they do not contain pay periods, hindering Plaintiff from matching records of daily hours worked to corresponding pay periods. This makes disclosure of paystubs necessary, as they would almost certainly include pay periods, like Plaintiff Pagan's paystubs. In any event, the Court ordered the production of wage statements, which includes paystubs. These paystubs are directly relevant to Plaintiff's wage statement claim under NYLL § 195(3) and they must be produced.

      Defendants also do not appear to have produced any documents regarding purported notices of the tip credit; descriptions of job duties and/or titles for all putative class members; and documents sufficient to show Defendants' policies regarding wage and hour notices and reporting time. Documents regarding job titles are relevant to the extent that Plaintiff must show what types of employees were subject to violations, such as time shaving or minimum wage

violations because of an unlawful tip credit.  Accordingly, Defendants must produce all documents and at least state the job title of each employee ID number.

      We ask the Court to set a deadline of one week for Defendants to supplement their production accordingly.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/ Finn Dusenbery
      Finn Dusenbery