UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH PAGAN,

                                                  **Case No.:** 1:20-cv-7349 (ALC) (SDA)

                    Plaintiff,

       -against-

C.I. LOBSTER CORP., JOSEPH MANDARINO,
RICHARD MANDARINO, and JOHN MANDARINO,

                   Defendants.
------------------------------------------------------------------X

## DECLARATION OF EMANUEL KATAEV, ESQ.
## IN RESPONSE TO THIS COURT'S ORDER DATED DECEMBER 6, 2021

**EMANUEL KATAEV, ESQ.**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.    I am admitted to practice before this Court and I am an associate of Milman Labuda Law Group PLLC, attorneys for the Defendants in this case.

2.    I respectfully submit this declaration in response to this Court's Order dated December 6, 2021 showing cause as to why Defendants should not have sanctions imposed against them pursuant to Rule 37 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule").

3.    On September 17, 2021, this Court ordered Defendants to produce wage notices, records of hours worked, records of compensation paid, wage statements, notices of tip credit, and descriptions of job duties and/or titles for all members of the New York Class,[1] as well as documents sufficient to show Defendants' policies regarding wage and hour notices and reporting time. See Docket Entry 65. The documents were required to be produced by October 8, 2021. Id.

---

[1] This is defined as "all persons who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action."

1

4. On October 6, 2021, Defendants sought with Plaintiff's consent an extension of time to produce the aforesaid documents on or before November 8, 2021. See Docket Entry 66. Plaintiff's consent was conditioned on a two (2) month extension of time to complete discovery, to which Defendants agreed, through March 4, 2022. Id.

5. The following day, this Court entered an Order granting Defendants' request for an extension of time to produce the aforesaid documents and Plaintiff's request for an extension of time to complete discovery. See Docket Entry 67.

6. On Monday, November 8, 2021, Defendants produced documents Bates stamped D65 through D1185, comprising 1,121 pages of individualized payroll reports and time records. Defendants thus produced records of hours worked and records of compensation paid.

7. Defendants did not produce any wage notices because they were not in possession, custody, or control of any such documents. Defendants continue to search for any responsive documents and shall produce same consistent with their ongoing discovery obligations in this case.

8. Defendants did not produce wage statements because they are not in possession, custody, or control of any such documents. While Defendants previously produced Plaintiff's paystubs by requesting them from their payroll company, the same placed a great burden on the payroll company and resulted in additional costs to the Defendants.

9. Defendants are in possession of tip credit notices but need additional time to manually search for and produce them.

10. Defendants are not in possession, custody, or control of any descriptions of job duties and/or titles other than the payroll records which refer to a Department Number for each job title (which records have already been produced) nor any documents sufficient to show Defendants' policies regarding wage and hour notices and reporting time.

11. On November 17, 2021 – nine (9) days after Defendants produced the Court Ordered discovery – Plaintiff filed a letter motion for discovery. See Docket Entry 70. There, Plaintiff requested that Defendants: (i) reproduce the time and payroll records with employee ID numbers; (ii) produce the paystubs for all employees as set forth within the September 17, 2021 Order; and (iii) produce tip credit notices, descriptions of job duties and/or titles, and documents sufficient to show Defendants' policies regarding wage and hour notices and reporting time. Id.

12. Prior to filing the aforesaid letter motion, Plaintiff failed to meet and confer, nor did Plaintiff attempt to meet and confer, with Defendants concerning these issues. See Individual Practices of Magistrate Judge Stewart D. Aaron (hereinafter "Individual Practices") ¶ II(A) ("**Requirement To Meet And Confer.** No discovery dispute shall be heard unless the moving party … has first conferred in good faith with the adverse party or parties by telephone or in person in an effort to resolve the dispute. An exchange of letters or emails alone does not satisfy this requirement. Counsel must respond promptly and in good faith to any request from another party to confer in accordance with this paragraph"); see also Local Civil Rule 37.2 ("No motion under Rules 26 through 37 inclusive of the [Rules] shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the … Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference"); Fed. R. Civ. P. 37 ("**In General.** On notice to other parties …, a party may move for an order compelling disclosure or discovery. The motion must include a *certification that the movant has in good faith conferred or attempted to confer* with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" and "[a] motion for sanctions … must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action").

13. Notably, the Individual Practices require that any such letter motion certify that "an in-person or telephonic conference took place between counsel for the relevant parties and, in particular, must state: (1) the date and time of such conference; (2) the approximate duration of the conference; (3) the names of the attorneys who participated in the conference; (4) the adversary's position as to each issue being raised (as stated by the adversary during the in-person or telephone conference); and (5) that the moving party informed the adversary during the conference that the moving party believed the parties to be at an impasse and that the moving party would be requesting a conference with the Court."  See Individual Practices ¶ II(B).

14. Plaintiff's November 17, 2021 letter motion glaringly fails to meet this requirement because Plaintiff never attempted to meet and confer with Defendants prior to filing the letter motion.  There can be no dispute that Plaintiff's letter motion is one for discovery.

15. Regrettably, your undersigned was unable to timely respond to Plaintiff's letter motion by Monday, November 22, 2021 (three (3) business days after the date Plaintiff filed his November 17, 2021 letter motion pursuant to ¶ II(B)(1) of the Individual Practices) due to actual engagement of counsel.  Your undersigned was taking a deposition from 10:00 AM through approximately 6:00 PM in the matter of Edelman v. NYU Langone Health System, et al.; Case No.: 1:21-cv-502 (LGS) (GWG).  Similarly, your undersigned was in a deposition in the same case on Friday, November 19, 2021.

16. Between these depositions, the Thanksgiving holiday, and deadlines in other matters, including preparation for oral argument before the First Department at 11:00 AM on Tuesday, November 23, 2021 in another matter (for which your undersigned had to prepare), I was unfortunately unable to timely respond.

17.     As a result, this Court entered an Order on November 23, 2021 granting Plaintiff's letter motion as unopposed despite the fact Plaintiff altogether failed to abide by this Court's Individual Rules, the Local Civil Rules, and the Federal Rules of Civil Procedure.

18.     Following a court appearance on November 24, 2021, your undersigned had to leave the office early to pick up his children due to early dismissal as a result of the Thanksgiving holiday and was unable to produce documents required by – let alone reach Defendants to discuss – the November 23, 2021 Order, which required Defendants to (i) reproduce the time and payroll records with employee ID numbers; (ii) produce the paystubs for all employees as set forth within the September 17, 2021 Order; and (iii) produce tip credit notices, descriptions of job duties and/or titles, and documents sufficient to show Defendants' policies regarding wage and hour notices and reporting time by Monday, November 29, 2021 (a date on which your undersigned conducted another deposition in the Edelman case for the entire day).

19.     Accordingly, any failure on your undersigned's part to act was not made in bad faith, was not willful, and no sanctions are warranted even if Plaintiff properly met and conferred with Defendants as Plaintiff was required to.

20.     On December 6, 2021, Plaintiff moved for sanctions pursuant to Rule 37. See Docket Entry 72. Notably, Plaintiff again had the obligation to meet and confer pursuant to this Court's Individual Rules, the Local Civil Rules, and the Federal Rules of Civil Procedure. However, Plaintiff once again failed to meet and confer with Defendants.

21.     The same day, this Court issued the Order pursuant to which this declaration is made.

22.     At some time prior to the December 6, 2021 application, I attempted to contact Plaintiff's counsel by phone twice to discuss his November 17, 2021 letter motion, but he did not answer either call.

5

23. On December 6, 2021, following this Court's Order of the same date, I contacted Plaintiff's counsel via email requesting a conference. Having not responded to my email, I followed up via email again after noon the following day reiterating my request for a conference and noting that I had called him twice previously without receiving a return call.

24. Plaintiff's counsel then responded and the parties scheduled a meet-and-confer for the very first time, at Defendants' request, to discuss the issues complained of.

25. On December 8, 2021, at 12:00 PM, the parties met and conferred via Microsoft Teams for approximately half an hour.

26. With respect to the first discovery issue raised concerning the need for employee ID numbers on the redacted time and payroll records, although Defendants informed Plaintiff that each payroll record produced is for an individual employee, and that the corresponding time records for that employee follows the payroll record, Plaintiff insisted that Defendants reproduce the redacted discovery with employee ID numbers. Defendants have agreed to do so and will redact any inadvertently unredacted names within the time records.

27. With respect to the second discovery issue raised concerning the need for paystubs, while Defendants are not in possession of any paystubs (because the stubs are given to and kept by the employees every week), Defendants are prepared to request from their payroll company copies of the paystubs. This is how Defendants previously obtained and produced the pay stubs for the Plaintiff. Defendants seek three (3) weeks' time – until December 29, 2021 – to obtain these records.

28. With respect to the third discovery issue raised concerning the production of tip credit notices, descriptions of job duties and/or titles, and documents to show Defendants' policies regarding wage and hour notices and reporting time, Defendants are not in possession, custody, or control of any responsive documents other than tip credit notices.

29. Defendants expect to produce those records in on or before December 29, 2021. Additional time is needed to manually open every employee's personnel file and obtain a copy of the tip credit notice.

30. Defendants also requested that Plaintiff withdraw his motion for sanctions as a result of his failure to meet and confer with Defendants, as required, and because Defendants were prepared to provide the little remaining discovery left given that the vast majority of discovery sought dealt with items which Defendants were not in possession, custody, or control of.

31. Notwithstanding Plaintiff's inexcusable failure to meet and confer with Defendants prior to filing both the November 17, 2021 and December 6, 2021 letter motions, Plaintiff refused to work together with Defendants despite the fact Defendants by and large complied with their discovery obligations and Plaintiff suffered absolutely no prejudice by the delay in obtaining the remaining discovery sought. Indeed, discovery will not be concluded until March 4, 2022.

32. Courts have denied motions for sanctions where the moving party has failed to meet and confer as required, even where the party against whom sanctions was sought was found to have violated a discovery order. See Raymond v City of New York, No. 15-CIV.-6885 (LTS) (SLC), 2020 WL 1067482, at *9 (S.D.N.Y. Mar. 5, 2020), reconsideration denied, 2020 WL 1847556 (S.D.N.Y. Apr. 13, 2020), and objections overruled, 2020 WL 3619014 (S.D.N.Y. July 2, 2020), and objections overruled, 2020 WL 3619014 (S.D.N.Y. July 2, 2020) (Plaintiffs' counsel's refusal to cooperate in meet and confer sessions contributed in part to the problem. Therefore, neither of Plaintiffs' proposed orders—striking Defendants' Answer or an adverse inference—would be just in this instance, where one party failed to comply with the Court's Order, but the other party seems to have frustrated the compliance"); see also Carling v. Peters, No. 10-CIV.-4573 (PAE) (HBP), 2012 WL 1438261, at *2 (S.D.N.Y. Apr. 24, 2012) (denying letter motion to compel due to, *inter alia*, failure to meet and confer).

7

33. Indeed, the meet-and-confer requirement is "designed to promote efficiency in litigation," and may not be required where it proves futile and would only result in further delaying resolution of the dispute. See S.E.C. v Yorkville Advisors, LLC, No. 12-CIV.-7728 (GBD) (HBP), 2015 WL 855796, at *7 (S.D.N.Y. Feb. 27, 2015).

34. As demonstrated above, however, it is readily evident that the parties' meet-and-confer was not futile. In fact, the parties were able to resolve each of the issues he raised for the first time with the Court without first meeting and conferring with Defendants. In fact, a motion to compel must be ordinarily denied where the parties have failed to meet and confer. See Veleron Holding, B.V. v BNP Paribas SA, No. 12-CIV.-5966 (CM) (RLE), 2014 WL 4184806, at *2 (S.D.N.Y. Aug. 22, 2014); see also Carvel v. Franchise Stores Realty Corp., No. 08-CIV.-8938 (JGK), 2009 WL 4333652, at *13 (S.D.N.Y. Dec. 1, 2009) ("The plaintiff also moves to compel the defendants to answer interrogatories. This motion is denied as untimely. Before making a discovery motion, the parties are required to meet and confer to determine if the motion can be resolved. See Fed. R. Civ. P. 37(a)(1). This was not done. Moreover, the moving party must ask for a pre-motion conference. See S.D.N.Y. Local Rule 37.2").

35. Even were this Court to find that the meet-and-confer requirement should be excused on the grounds of futility or delay (which it should not be), a weighing of the factors to determine appropriate sanctions should result in a finding that no sanctions are warranted.

36. "When determining the appropriate sanction to impose under Rule 37, courts in this Circuit weigh several factors, including (1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions." See Granados v. Traffic Bar & Rest., Inc., No. 13 Civ. 500 (TPG) (JCF), 2015 WL 9582430, at *3 (S.D.N.Y. Dec. 30, 2015) (quotation marks omitted).

37. Here, as demonstrated above, there was no willfulness in any alleged noncompliance with the Orders in this case due to actual engagement of counsel. Your undersigned was involved in all-day depositions on November 19, 22, and 29, 2021 while juggling litigation deadlines in other matters, as well as preparing for and conducting oral argument before the First Department on November 23, 2021 and a court appearance the following day on the eve of Thanksgiving.

38. Similarly, the sanctions sought – striking the pleadings – are so beyond the pale that, while Defendants respectfully submit that no sanctions are in order whatsoever, virtually *any* other sanction would be more effective.

39. Moreover, the duration of the alleged noncompliance is very minimal, given that Defendants took the first step in meeting and conferring with Plaintiff concerning the remaining discovery sought and cooperated with Plaintiff in working out the issues related to same.

40. Finally, and importantly, the Court's Orders did not reference sanctions as a result of non-compliance. As such, Defendants were never placed on notice of any possibility that they would be faced with sanctions.

41. Accordingly, virtually all of the factors outlined herein weigh against any award of sanctions whatsoever.

42. For the foregoing reasons, Plaintiff's letter motion for sanctions must be denied.

Dated: Lake Success, New York
       December 8, 2021

                                                      ____/s_____
                                                      **EMANUEL KATAEV, ESQ.**