**OTTINGER**
EMPLOYMENT LAWYERS

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street, 14th Fl.
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

Finn Dusenbery
finn@ottingerlaw.com

December 16, 2021

**By ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St
New York, NY 10007

      Re:    Pagan v. C.I. Lobster Corp., et al.
                 No. 20-cv-7349 (ALC)(SDA)

Dear Judge Aaron:

      As you know, we represent Plaintiff and the putative class in the above-referenced matter and write to request that the Court set a deadline for Defendants to provide outstanding discovery.

      As the Court is aware, Defendants have repeatedly failed to abide by the Court's orders concerning discovery. On September 17, 2021, after the parties had met and conferred and Plaintiff had moved to compel, the Court ordered Defendants to provide certain discovery and set a deadline of twenty-one (21) days to do so. *See* Dkt. No. 65. Subsequently, Defendants sought a thirty (30) day extension until November 8, 2021 to provide such discovery, *see* Dkt. No. 66, which the Court granted. *See* Dkt. No. 67.

      Defendants then violated the Court's Order by failing to provide outstanding discovery by the November 8, 2021 deadline. On November 17, 2021, instead of rushing to seek sanctions against Defendants, Plaintiff's counsel wrote to the Court asking that it set another one-week deadline for Defendants to provide the required discovery, *see* Dkt. No. 70, which the Court granted as unopposed, setting a deadline of November 29, 2021. *See* Dkt. No. 71.

      On November 29, 2021, for the second time, Defendants violated this Court's Order by failing to provide all outstanding discovery. Plaintiff moved for sanctions under Rule 37(b), which the Court denied, admonishing Plaintiff to meet and confer with Defendants before raising any discovery disputes. *See* Dkt. No. 76.

      Respectfully, however, Plaintiff's motion for sanctions was not subject to meet and confer requirements, as Defendants had violated this Court's orders twice and the sanctions motion was brought under Rule 37(b). *See Kelly v. City of New York*, 2007 WL 1746912

(S.D.N.Y. 2007) ("…sanctions are warranted under Rule 37(b)(2), which does not require parties to meet and confer prior to imposing sanctions") (Ellis, M.J.); *see also Daval Steel Products v. M/V/ Fakredine*, 951 F.2d 1357 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order. The court's order also functions as a <u>final warning</u> that sanctions are imminent, and specifically informs the recalcitrant party concerning its obligations.").

The cases that Defendants cited in the declaration opposing sanctions, on the other hand, do not read a requirement to meet and confer into Rule 37(b). In *Raymond v. City of New York*, for instance, the Court found that a meet and confer prior to a sanctions motion was required only because the order that was violated specifically directed the parties to confer on search terms for ESI. *See Raymond v. City of New York*, 2020 WL 1067482, *8-9 (S.D.N.Y. 2020). In *S.E.C. v. Yorkville Advisors, LLC*, the Court even excuses the lack of a meet and confer prior to a motion to compel because it would have been futile. *S.E.C. v. Yorkville Advisors, LLC*, 2015 WL 855796 (S.D.N.Y. 2015).

Defendants' remaining cases all involve motions to compel, not motions for sanctions where a Court order has been violated. *See Veleron Holding, B.V. v. BNP Paribas SA*, 2014 WL 4184806 at *2 (S.D.N.Y. 2014); *Carvel v. Franchise Stores Realty Corp.*, 2009 WL 4333652 (S.D.N.Y. 2009); *Carling v. Peters*, 2012 WL 1438261 (S.D.N.Y. 2012).[1]

Plaintiff now respectfully requests that the Court set a deadline of December 29, 2021 for Defendants to provide all outstanding discovery pursuant to the Court's Order dated September 17, 2021. *See* Dkt. No. 65.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Finn Dusenbery
Finn Dusenbery

---

[1] Defendant's counsel misleadingly cited *Carling v. Peters* after the false assertion that Courts deny motions for sanctions where "the moving party has failed to meet and confer as required, even where the party against whom sanctions was sought was found to have violated a discovery order," *see* Dkt. No. 74, ¶ 32, which has absolutely no support in the cases.