# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

<u>**VIA ECF**</u>                                                          December 20, 2021

United States District Court
Southern District of New York
<u>Attn</u>: Hon. Stewart D. Aaron, U.S.M.J.
500 Pearl Street, Courtroom 11C
New York, NY 10007-1312

> *Re:*   **Pagan v. C.I. Lobster Corp.,** *et al.*
>        **Case No: 1:20-cv-7349 (ALC) (SDA)**
>        <u>**MLLG File No.: 197-2020**</u>

Dear Judge Aaron:

This office represents the Defendants in the above-referenced case.  <u>See</u> Docket Entry 12. Defendants write in response to Plaintiff's latest missive to this Court concerning discovery.  <u>See</u> Docket Entry 77.

In an apparent effort to draw the ire of this Court, Plaintiff incessantly files letter after letter with the Court to create the false impression that Defendants have completely failed to comply with their discovery obligations, despite their producing over one thousand pages of discovery to date.  Plaintiff has submitted his most recent letter again with complete disregard and abandon for this Court's Individual Rules requiring the parties to meet and confer.  Plaintiff has unnecessarily burdened the Court with routine discovery issues that the parties' counsel are clearly capable of resolving amongst themselves.  Indeed, just recently, this Court admonished Plaintiff in denying his motion for sanctions that he <u>must</u> meet and confer in good faith prior to raising any discovery disputes with the Court.  <u>See</u> Docket Entry 76.

In their December 16, 2021 letter to the Court, Plaintiff incredibly insists that there was no requirement to meet and confer with Defendants.  In support, Plaintiff relies on the language of Rule 37(b) (which provides that if a party fails to obey an order to provide discovery, the court where the action is pending *may* issue further just orders which *may* include a variety of remedies) to argue that no meet-and-confer requirement is embodied within same.  Indeed, Plaintiff's insistence on a narrow reading of Rule 37(b) implies (falsely) that the Local Civil Rules and Individual Rules (which clearly contain a meet and confer requirement)[1] are subordinate to the Federal Rules of Civil Procedure.

_____

[1] <u>See</u> Individual Practices ¶ II(A) ("**Requirement To Meet And Confer.**  No discovery dispute shall be heard unless the moving party … has first conferred in good faith with the adverse party or parties by telephone or in person in an effort to resolve the dispute. An exchange of letters or emails alone does not satisfy this requirement. Counsel must respond promptly and in good faith to any request from another party to confer in accordance with this paragraph"). <u>See</u> <u>also</u> Local Civil Rule 37.2 ("No motion under Rules 26 through 37 inclusive of the [Rules] shall be heard

However, Rule 83 of the Federal Rules of Civil Procedure expressly provides for the promulgation of local and individual rules, noting that "[a] judge may regulate practice in any manner consistent with federal law." See Fed. R. Civ. P. 83. In the context of individual practice rules, the Second Circuit has noted that "[d]istrict courts may elaborate on the requirements of the national rules, adding operational details, without being 'inconsistent' with the national rules" and thus running afoul of Rule 83. See Fruit of the Loom, Inc. v. Am. Mktg. Enterprises, Inc., 192 F.3d 73, 75 (2d Cir. 1999) (citation omitted). Here, it is abundantly evident that the requirement to meet and confer is mandatory from the most basic review of this Court's Individual Rules. There can be no reasonable argument that the requirement to meet and confer in the Individual Rules is inconsistent with the Federal Rules of Civil Procedure, where Rule 37 read as a whole *twice* provides that parties must meet and confer prior to seeking relief under same. See Fed. R. Civ. P. 37(a)(1) and (d)(1)(B).

Moreover, Plaintiff's authority in support of the notion that he may disregard the Individual Rules, Local Civil Rules, and Federal Rules of Civil Procedure are as unavailing as they are inapposite.

In Kelly v. City of New York, Judge Ellis found that:

> [P]laintiffs did have two conversations with defendants prior to the motion for sanctions. By defendants' own admission, their position was that they needed to "investigate" prior to producing the discovery, and they maintained this position during the subsequent call two weeks later. Defendants do not appear to have given plaintiffs any indication of when that investigation might be complete and production might be begun. Under these circumstances, defendants cannot expect plaintiffs to have continued to confer.

See 2007 WL 1746912, at *3. These facts are not present here, where Plaintiff has fired off three (3) letters to the court on discovery without once discussing them with Defendants prior to filing, and where the Defendants here *have* given an indication as to when production might begin: namely, on or before December 29, 2021. Plaintiff's reliance on Daval Steel Prods. v. M/V Fakredine is similarly misplaced. There, the Second Circuit dealt with noncompliance with a subpoena to a third party under Rule 45 and discussed Rule 37's requirements vis-à-vis same. See 951 F.2d 1357, 1365 (2d Cir. 1991) ("Rule 37(a) clearly envisions some judicial intervention between a discovery request and the imposition of sanctions"). There is no subpoena at issue in this matter.

---

unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the … Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference");

Notwithstanding Plaintiff's failure to meet and confer prior to filing the most recent letter motion on December 16, 2021, given the foregoing indisputable authority requiring same, Defendants nonetheless in good faith reached out *twice* to Plaintiff over this weekend to schedule a meet-and-confer, to which Plaintiff agreed to conduct at Defendants' invitation at 11:00 AM this morning.

During the parties' telephonic meet-and-confer today, Defendants stated (as they did in their prior December 8, 2021 call with Plaintiff, which Defendants had also initiated) that Defendants were prepared to stipulate to a December 29, 2021 deadline concerning the production of remaining documents and submit the stipulation to be so-Ordered by the Court. Plaintiff demanded to know what documents they may expect to receive, and Defendants informed Plaintiff that they are in receipt of tip credit notices, wage notices, and most of the paystubs, which Defendants are in the process of compiling, redacting, Bates stamped, and producing. In fact, Defendants drafted a stipulation for Plaintiff's review to be so-Ordered by the Court, and thus obviate the telephonic conference before this Court. However, Plaintiff only responded to Defendants' proposed stipulation submitted at 11:35 AM this morning at 5:25 PM this evening, and – despite repeated efforts to work out this dispute out – Plaintiff refused to acknowledge his obligation to and indicated a continued desire to flout his obligation to meet and confer prior to burdening the Court with discovery matters. Plaintiff's conduct smacks entirely of bad faith.

Accordingly, Defendants respectfully submit that Plaintiff should be Ordered to seek leave prior to filing with this Court any further letter motions related to discovery or sanctions. Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
      December 20, 2021

Respectfully submitted,
**MILMAN LABUDA LAW GROUP PLLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**
The Ottinger Firm, P.C.
Attn: Robert Ottinger & Finn Dusenbury, Esqs.
401 Park Avenue South
New York, NY 10016
robert@ottingerlaw.com
finn@ottingerlaw.com

*Attorneys for Plaintiff*