# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 4, 2022

**VIA ECF & E-MAIL**
United States District Court
Southern District of New York
Attn: Hon. Andrew L. Carter, U.S.D.J.
40 Foley Square, Courtroom 1306
New York, NY 10007-1312
alcarternysdchambers@nysd.courts.gov

      *Re:*    **Pagan v. C.I. Lobster Corp.,** *et al.*
              **Case No: 1:20-cv-7349 (ALC) (SDA)**
              **MLLG File No.: 197-2020**

Dear Judge Carter:

      This firm represents the Defendants, who submit this letter motion in accordance with ¶ 2(A) of this Court's Individual Practices to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").  Defendants provide the basis of their anticipated motion below.

## Relevant Background

      On September 9, 2020, Plaintiff Joseph Pagan ("Plaintiff") filed the instant lawsuit.  See Docket Entry 1.  Following Defendants' letter motion for a pre-motion conference in anticipation of its motion to dismiss, Plaintiff amended his complaint.  See Docket Entries 22-24. Plaintiff's FAC asserts causes of action under: (i) the Fair Labor Standards Act ("FLSA") for unpaid minimum wages; (ii) the FLSA for unpaid overtime wages; (iii) the New York Labor Law ("NYLL") for unpaid minimum wages; (iv) the NYLL for unpaid overtime wages; (v) the NYLL for failure to furnish wage notices; (vi) the NYLL for failure to furnish wage statements; (vii) the NYLL for spread of hours compensation; (viii) the NYLL for illegal deductions for gratuities.  See Docket Entry 25.

## This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim

      Plaintiff alleges he was paid $10.00 per hour and was not compensated for all hours worked.  See Docket Entry 25 at ¶¶ 37-44.  He also claims, without any factual details in support, that he was not paid overtime for hours worked in excess of forty (40) hours per week. See Id. at ¶¶ 25, 63.

Hon. Andrew L. Carter, U.S.D.J.
February 4, 2022
P a g e | 2

He similarly conclusorily alleges that he was not paid "spread of hours" premium on days when his workdays lasted longer than ten (10) hours a day, but fails to identify a single day that he worked more than ten (10) hours. Id. at ¶ 47. Plaintiff also complains that a tip credit was taken against his wages such that his wages paid were less than the full minimum wage, but fails to identify a single week in which he was paid less than the minimum wage. Id. at ¶¶ 48-51. Plaintiff's pleadings reference Defendants' time records and refer to them as inaccurate. Id. at ¶¶ 25, 27, 76.

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiff fails to remotely meet the plausibility standard required to state a claim for his wage-and-hour causes of action. He fails to identify a single week in which he worked and was not paid at least the minimum wage or any overtime wages. Accordingly, his wage-and-hour claims must be dismissed for failure to state a claim. For the same reason, he may not conditionally certify a collective action because he has failed to establish any violation of the FLSA.

**Plaintiff's Wage Claims Fail Because the Time Records, Incorporated by Reference in the Pleadings, Show That Plaintiff Never Worked Overtime & Was Paid for All Hours Worked**

The standard for ruling on a Rule 12(c) motion is virtually identical to the standard under Rule12(b)(6). See Hayden v. Paterson, 594 F.3d 150, 157 n.4 (2d Cir. 2010); see also George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977). Thus, in considering this motion for judgment on the pleadings, the Court accepts as true all of the well-pleaded facts alleged in the Complaint. Id. at 553; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (complaint must set forth factual allegations that are "enough to raise a right to relief above the speculative level"). The Court should dismiss the Complaint if it appears beyond doubt that Plaintiff can prove no plausible set of facts to support her claims which would entitle her to relief. See Twombly, 550 U.S. at 555.

Hon. Andrew L. Carter, U.S.D.J.
February 4, 2022
P a g e | 3

In determining the sufficiency of Plaintiff's claims, the Court may consider documents attached to, *or incorporated by reference in*, the pleadings; matters of which judicial notice may be taken; or *documents either in Plaintiff's possession or of which she had knowledge and on which she relied in bringing suit*. See Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993); Conlking v. Brookhaven Science Assoc., Inc., 2012 WL 2160439, at *2 (E.D.N.Y. June 12, 2012). Indeed, a court may also consider "a document [that] is not incorporated by reference ... where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (citations omitted).[1]

Here, Plaintiff references and relies on Defendants' time and pay records in his complaint by stating – conclusorily – that they are inaccurate. However, Plaintiff fails to allege any facts supporting the allegation that Defendants' records are somehow inaccurate. Moreover, Defendants' records show that Plaintiff never once worked more than forty (40) hours in any week, and that Plaintiff was always paid at least the minimum wage when accounting for tips received. See Docket Entry 38-2; see also copies of a sampling of paystubs establishing that Plaintiff was properly paid annexed hereto as **Exhibit "A."** As such, this Court should be able to review Defendants' time and pay records in order to assess whether Plaintiff states a claim under the FLSA, and – upon dismissing the FLSA claims – this Court should decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367.

It is also worthy to note that the complaint allegations themselves only state that Plaintiff "generally" worked certain hours without any specific dates, nor has Plaintiff outlined any details as to alleged off-the-clock work. Indeed, the words "off the clock" are nowhere to be found in the complaint. This is not enough to plead a claim under the FLSA. See Lundy, Nakahata, and DeJesus, *supra*.

Finally, the claims against individual defendants Richard Mandarino and John Mandarino must be dismissed because the complaint only alleges that they had the power to hire and fire without more. This is not enough to state a claim against an individual as an employer. See Inclan v. New York Hosp. Group, Inc., 95 F Supp 3d 490, 507 (S.D.N.Y. 2015) (setting forth at least three additional factors to consider other than the power to hire and fire to determine individual liability under the FLSA).

Accordingly, Defendants' third letter motion for a pre-motion conference should be granted. Defendants thank this honorable Court for its time and attention to this case.

---

[1] Where the material allegations are admitted or not controverted, the motion may be decided pursuant to Rule 12(c). See Sheppard v. Beerman,18 F.3d 147, 151 (2d Cir. 1994); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1367 (3d ed. 2021) ("[J]udgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court"). However, if this Court determines that there exist disputed issues of fact, Defendants are prepared for this Court to convert the Rule 12(c) motion to a Rule 56 motion for summary judgment. See Lively v. WAFRA Inv. Advisory Group, Inc., 6 F.4th 293, 302 (2d Cir 2021).

Hon. Andrew L. Carter, U.S.D.J.
February 4, 2022
P a g e | **4**

Dated: Lake Success, New York
      February 4, 2022                        Respectfully submitted,

                                                **MILMAN LABUDA LAW GROUP PLLC**

                                                _____/s_____
                                                Emanuel Kataev, Esq.
                                                3000 Marcus Avenue, Suite 3W8
                                                Lake Success, NY 11042-1073
                                                (516) 328-8899 (office)
                                                (516) 303-1395 (direct dial)
                                                (516) 328-0082 (facsimile)
                                                emanuel@mllaborlaw.com

cc: Plaintiff (via ECF).

# EXHIBIT A

WELLS FARGO BANK
MINNEAPOLIS, MN

| DATE | CHECK NO. |
|---|---|
| 04/05/2019 | 0035248 |

**CI Lobster Corp**
691 Bridge Street
Bronx, NY 10464

PAY  One Hundred Twenty-Four and 71 / 100

AMOUNT  $ 124.71

TO THE ORDER OF

Joseph F. Pagan

AUTHORIZED SIGNATURE(S)
VOID AFTER 90 DAYS

## GENERAL INFORMATION

CI Lobster Corp
Bronx, NY 10464 (718)885-1459

00000001 - Main_00000001 - Main_00000300 - 300
Joseph F. Pagan   EE # 00011588   SSN: ***3647
PAY PERIOD 03/25/19 TO 03/31/19
PAY FREQ Weekly
CHECK DATE 04/05/2019   CHECK # 0035248

| EARNINGS | PIECES | HOURS | YTD HOURS | AMT | YTD AMT |
|---|---|---|---|---|---|
| Regular Hours | | 40.00 | 40.00 | 600.00 | 600.00 |
| Tips | | | | 671.00 | 671.00 |
| **TOTAL EARNINGS** | | **40.00** | **40.00** | **$1,271.00** | **$1,271.00** |

| FILING STATUS | | | TAX TYPE | AMT | YTD AMT |
|---|---|---|---|---|---|
| Federal M 3 | +25.00 | | Federal | 89.75 | 89.75 |
| State M 3 | +0.00 | | FICA | 66.40 | 66.40 |
| | | | Medicare | 15.53 | 15.53 |
| | | | NYC Marry | 35.16 | 35.16 |
| | | | NY State | 47.91 | 47.91 |

## VARIABLE PAY INFORMATION

| EARNINGS | DEPT | RATE ID | PCS | HRS | RATE | AMT |
|---|---|---|---|---|---|---|
| Regular Hrs | 300 | | | 40.00 | 15.00 | 600.00 |
| Tips | 300 | | | | | 671.00 |

| TOTAL | | | | 40.00 | | $1,271.00 |

| TOTAL WITHHOLDINGS | | | $254.75 | $254.75 |

| ACCRUAL | EARNED | TAKEN | BALANCE |
|---|---|---|---|

| ADJUSTMENTS | MATCH | YTD MATCH | AMT | YTD AMT |
|---|---|---|---|---|
| MEALS | | | 18.00 | 18.00 |
| PFL | | | 1.94 | 1.94 |
| SDINY | | | 0.60 | 0.60 |
| TIPCREDIT | | | 200.00 | 200.00 |
| **TOTAL DED** | | | **$220.54** | **$220.54** |

## DIRECT DEPOSIT INFORMATION

| NET PAY | AMT | YTD AMT |
|---|---|---|
| | $124.71 | $124.71 |

D15

WELLS FARGO BANK
MINNEAPOLIS, MN

| DATE | CHECK NO. |
|---|---|
| 09/27/2019 | 0036726 |

**CI Lobster Corp**
691 Bridge Street
Bronx, NY 10464

PAY  Sixty-Nine and 27 / 100

AMOUNT
$ 69.27

TO THE
ORDER OF

Joseph F. Pagan

AUTHORIZED SIGNATURE(S)
VOID AFTER 90 DAYS

## GENERAL INFORMATION

CI Lobster Corp
Bronx, NY 10464 (718)885-1459

00000001 - Main_00000001 - Main_00000300 - 300
Joseph F. Pagan   EE # 00011588   SSN: ***3647

PAY PERIOD 09/16/19 TO 09/22/19
PAY FREQ Weekly
CHECK DATE 09/27/2019   CHECK # 0036726

## VARIABLE PAY INFORMATION

| EARNINGS | DEPT | RATE ID | PCS | HRS | RATE | AMT |
|---|---|---|---|---|---|---|
| Regular Hrs | 300 | | | 29.00 | 15.00 | 435.00 |
| Tips | 300 | | | | | 382.00 |

| TOTAL | | | | 29.00 | | $817.00 |

| ACCRUAL | EARNED | TAKEN | BALANCE |
|---|---|---|---|

## EARNINGS

| EARNINGS | PIECES | HOURS | YTD HOURS | AMT | YTD AMT |
|---|---|---|---|---|---|
| Regular Hours | | 29.00 | 729.00 | 435.00 | 10,935.00 |
| Tips | | | | 382.00 | 14,099.00 |
| **TOTAL EARNINGS** | | 29.00 | 729.00 | $817.00 | $25,034.00 |

| FILING STATUS | | | TAX TYPE | AMT | YTD AMT |
|---|---|---|---|---|---|
| Federal M 3 | | +25.00 | Federal | 45.28 | 1,472.95 |
| State M 3 | | +0.00 | FICA | 41.66 | 1,333.57 |
| | | | Medicare | 9.74 | 311.88 |
| | | | NYC Marry | 18.60 | 332.47 |
| | | | NY State | 23.14 | 853.64 |

| TOTAL WITHHOLDINGS | | | $138.42 | $4,304.51 |
|---|---|---|---|---|

| ADJUSTMENTS | MATCH | YTD MATCH | AMT | YTD AMT |
|---|---|---|---|---|
| GARNISH2 | | | 56.00 | 1,764.00 |
| GARNISH2 | | | 6.46 | 203.49 |
| MEALS | | | 18.00 | 392.40 |
| PFL | | | 1.25 | 38.30 |
| SDINY | | | 0.60 | 15.60 |
| TIPCREDIT | | | 145.00 | 3,525.00 |
| **TOTAL DED** | | | **$227.31** | **$5,938.79** |

## DIRECT DEPOSIT INFORMATION

| NET PAY | AMT | YTD AMT |
|---|---|---|
| | $69.27 | $691.70 |

**D39**

| | | DATE | CHECK NO. |
|---|---|---|---|
| | | 03/20/2020 | |

**CI Lobster Corp**
691 Bridge Street
Bronx, NY 10464

AMOUNT

PAY     ***VOID***VOID*** THIS IS NOT A CHECK ***VOID***VOID***      $ 0.00

TO THE
ORDER OF

Joseph F. Pagan

AUTHORIZED SIGNATURE(S)
VOID AFTER 0 DAYS

## GENERAL INFORMATION

CI Lobster Corp
Bronx, NY 10464 (718)885-1459

00000001 - Main_00000001 - Main_00000300 - 300
Joseph F. Pagan   EE # 00011588   SSN: ***3647
PAY PERIOD 03/09/20 TO 03/15/20
PAY FREQ Weekly
CHECK DATE 03/20/2020   CHECK #

| EARNINGS | PIECES | HOURS | YTD HOURS | AMT | YTD AMT |
|---|---|---|---|---|---|
| Regular Hours | | 12.00 | 188.00 | 180.00 | 2,820.00 |
| Tips | | | | 366.00 | 4,129.00 |
| **TOTAL EARNINGS** | | 12.00 | 188.00 | $546.00 | $6,949.00 |

| FILING STATUS | | | TAX TYPE | AMT | YTD AMT |
|---|---|---|---|---|---|
| Federal M | 3 | +25.00 | Federal | | 268.42 |
| State   M | 3 | +0.00 | FICA | 30.13 | 372.57 |
| | | | Medicare | 7.05 | 87.14 |
| | | | NYC Marry | | 61.50 |
| | | | NY State | 7.49 | 156.76 |

## VARIABLE PAY INFORMATION

| EARNINGS | DEPT | RATE ID | PCS | HRS | RATE | AMT |
|---|---|---|---|---|---|---|
| Regular Hrs | 300 | | | 12.00 | 15.00 | 180.00 |
| Tips | 300 | | | | | 366.00 |
| **TOTAL** | | | | 12.00 | | $546.00 |

**TOTAL WITHHOLDINGS**     $44.67     $946.39

## ACCRUAL   EARNED   TAKEN   BALANCE

| ADJUSTMENTS | MATCH | YTD MATCH | AMT | YTD AMT |
|---|---|---|---|---|
| GARNISH2 | | | 56.00 | 643.26 |
| GARNISH2 | | | 6.46 | 77.52 |
| MEALS | | | 10.80 | 151.20 |
| PFL | | | 1.47 | 17.93 |
| SDINY | | | 0.60 | 7.20 |
| TIPCREDIT | | | 60.00 | 940.00 |
| **TOTAL DED** | | | **$135.33** | **$1,837.11** |

## DIRECT DEPOSIT INFORMATION

| NET PAY | AMT | YTD AMT |
|---|---|---|
| | $0.00 | $36.50 |

D64