UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
**Joseph Pagan**, *individually and on behalf of*
*all others similarly-situated*,

                                   **Plaintiff,**

                -against-

**C.I. Lobster Corp., et al.**,

                                 **Defendants.**

**1:20-CV-7349-ALC-SDA**

**ORDER**

------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

      Before the Court is Defendants' motion to set aside Judge Stewart D. Aaron's July 16, 2021 Order ("July 16, 2021 Order") denying their motion to disqualify Plaintiff's counsel, awarding sanctions, ordering corrective notice, and scheduling an evidentiary hearing. ECF No. 44. The substance of Defendants' objection is that Judge Aaron denied their request for an evidentiary hearing regarding Defendants' allegations of professional misconduct against Plaintiff's counsel. For the reasons stated herein, the motion is **DENIED**.

      The Court assumes the Parties' familiarity with the factual and procedural background in this case. As relevant here, Judge Stewart D. Aaron's July 16, 2021 Order concluded that based on the record before him, Defendants failed to meet the high burden for disqualification. Defendants take issue with Judge Aaron crediting the sworn statement from Mr. Finn Walter Dusenbery of the Ottinger Firm, an attorney admitted to practice in the Southern District of New York, that he contacted Christopher Baca and Laundel Booker "for the purpose of gathering information and interviewing witnesses" and never "indicated that [he] was soliciting their participation in this litigation" over contrary declarations from Baca and Booker that he intended to urge them to join the lawsuit. ECF No. 44 (quoting Finn Walter Dusenbery Affidavit ¶¶ 9–10).

1

Judge Aaron explains that defense counsel "interviewed" Baca, Booker, and possibly another unnamed witness on June 14, 2021—the same day their declarations were presumably prepared by defense counsel—and thus finds their statements that the goal of the calls from Plaintiff's counsel was to encourage them to join the lawsuit to be "speculative." ECF No. 44 at 5–6 n. 4. Upon reviewing the entire record, including the March 29, 2021 text message from Plaintiff Joseph Pagan ("Pagan") to Booker, he decided that Defendants failed to meet their burden to disqualify the Ottinger Firm based on an improper solicitation. ECF No. 44 at 6.

On the alleged conflict-of-interest violation, a separate ground for disqualification, Judge Aaron provided a thorough explanation as to why the evidence failed to establish that "Pagan wishe[d] to settle his individual claims alone and that the Ottinger Firm somehow is preventing him from doing so." ECF No. 44 at 7 (footnote omitted). He relied on both a sworn statement from Mr. Dusenbery that Pagan had agreed to litigate the case as a class and/or collective action[1] and the fact that Pagan himself participated in mediation and had rejected Defendants' settlement offer. *Id.* Judge Aaron ruled on the solicitation and conflict-of-interest issues without holding an evidentiary hearing.

Judge Aaron issued his decision denying the motion on July 16, 2021. ECF No. 44. Upon obtaining an extension of time to file objections, Defendants filed the motion to set aside the July 16, 2021 Order on August 11, 2021. ECF Nos. 51-53. Plaintiff opposed on August 25, 2021. ECF No. 57. Defendants filed a reply brief on September 1, 2021. ECF No. 61.

---

[1] Defendants argue that this statement constitutes inadmissible hearsay. However, this Court need not reach this question because it is a new argument that Plaintiff did not raise in the motion for disqualification before Judge Aaron. Numerous district courts decline to consider new arguments or factual assertions raised on review of a magistrate judge's order. *See, e.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 403-04, 405 (S.D.N.Y. 2020) (explaining that "new arguments" and "factual assertions" not originally presented to the magistrate judge may not be raised as objections under Rule 72(a) of the Federal Rules of Civil Procedure) (collecting cases). Even if this statement was inadmissible hearsay, Defendants would still lack evidence giving rise to a need for an evidentiary hearing.

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id*. Federal Rule of Civil Procedure 72(a) provides that when a non-dispositive pretrial matter is referred, after the magistrate judge issues a written decision, parties have 14 days after being served with a copy to file objections. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.* "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

"The magistrate judge's findings may be considered 'clearly erroneous' when 'on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed.'" *Bromfield v. Bronx Lebanon Special Care Center, Inc.*, No. 1:16-cv-10047, 2020 WL 495460, at *1 (S.D.N.Y. Jan. 30, 2020) (quoting *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (citation omitted)). "A ruling is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Brown v. Barnes & Noble, Inc.*, No. 16-CV-7333, 2019 WL 5188941, at *1 (S.D.N.Y. Oct. 15, 2019) (quoting *NIKE, Inc. v. Wu*, 349 F.Supp.3d 346, 353 (S.D.N.Y. 2018)).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan, et al.*, No. 15-CV-4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan 19, 2018); *Brown*, 2019 WL 5188941, at *1. "Thus, the party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." *Anwar v. Fairfield*

*Greenwich Ltd.*, 982 F.Supp.2d 260, 263 (S.D.N.Y. 2013) (internal quotation marks and alterations omitted).

Though Defendants may be unhappy with Judge Aaron's July 16, 2021 Order, the decision, including the decision not to hold an evidentiary hearing, was not clearly erroneous or contrary to law. As the decision to hold an evidentiary hearing on a motion for disqualification is within the sound discretion of the court, litigants are not entitled to such a hearing on every motion for disqualification. Defendants do not cite any legal authority that they would be entitled to such a hearing here. *See Flaherty v. Filardi*, 388 F.Supp.2d 274, 285 (S.D.N.Y. Sept. 14, 2005) ("Plaintiff cites no authority holding that an evidentiary hearing is required in every instance where a motion for disqualification is brought. Indeed, given the heavy burden for even bringing a motion for disqualification, a hearing clearly is not required in every case."). Rather, they reference cases that address the benefits of oral testimony more generally, which this Court does not disagree with, but those cases do not suggest that an evidentiary hearing with oral testimony in *this case* was warranted. Judge Aaron thoroughly reviewed the record and decided that an evidentiary hearing would not be necessary at that time. In other words, he did not believe that the record gave rise to disputed factual issues such that an evidentiary hearing would be necessary to resolve them.[2] Here, "[n]othing in the record suggests that the ruling was clearly erroneous or contrary to law, or that the substantial deference due to the resolution" of nondispositive matters "by a Magistrate Judge should not be accorded in the instant matter." *TVT*

---

[2] Judge Aaron's Order authorizes Defendants to question Pagan at his deposition regarding the May 29, 2021 text message sent to Booker so long as defense counsel does not breach attorney-client confidentiality between Mr. Dusenbery and Pagan. But this limited permission does not demonstrate that Judge Aaron clearly erred in his July 16, 2021 Order. If anything, the Order allows Defendants the opportunity to reserve a limited right to depose Pagan regarding that text message at his deposition.

*Recs. v. Island Def Jam Music Grp.*, 376 F. Supp. 2d 471, 472 (S.D.N.Y. 2005) (declining to overturn magistrate judge's order denying evidentiary hearing).

That Judge Aaron declined to impose sanctions on Defendants because the evidence "created a thin reed" to argue solicitation such that the motion should be taken "out of the realm of frivolousness," does not demonstrate that his ruling was contrary to law or clearly erroneous. ECF No. 44 at 8-9. A nonfrivolous issue is not necessarily one that will also prevail. Thus, this Court sees no discrepancy between denying disqualification of the Ottinger Firm and denying sanctions against Defendants.

The accusation that Judge Aaron rendered a decision after approximately ten hours after Defendants submitted reply papers does not point toward the need for an evidentiary hearing or clear error. His ruling reflects reasoned analysis and thorough consideration of the evidence before him. And Defendants have pinpointed no portion of their reply papers that Judge Aaron specifically failed to consider and, even if they had, there is no showing of prejudice against them. Finally, this Court is unpersuaded that ten hours is an insufficient amount of time for Judge Aaron to fully consider a short reply brief.

Under the "clearly erroneous and contrary to law" standard, this Court declines to set aside Judge Aaron's July 16, 2021 Order. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Defendants' motion to disqualify is denied. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 51.

**SO ORDERED.**

**Dated**: Feb. 4, 2022

New York, New York

                                          **The Hon. Andrew L. Carter, Jr.**
                                          **United States District Judge**