**OTTINGER**
EMPLOYMENT LAWYERS

Finn Dusenbery
finn@ottingerlaw.com

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street, 14th Fl.
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

February 9, 2022

**By ECF and Electronic Mail**

Hon. Andrew L. Carter
U.S. District Judge
Southern District of New York
40 Foley Sq, Courtroom 1306
New York, NY 10007
alcarternysdchambers@nyds.courts.gov

      Re:      **Pagan v. C.I. Lobster Corp.,** *et al.*
                **No. 20-cv-7349 (ALC)(SDA)**

Dear Judge Carter:

      This office represents Plaintiff and the proposed class and collective in the above-referenced matter and I write in response to Defendants' letter requesting a pre-motion conference in anticipation of Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

      Defendants repeat the same arguments (largely verbatim, in certain paragraphs) as in their letter requesting a pre-motion conference for a motion to dismiss, which was resolved when Plaintiff filed an amended complaint, but now seek to move for judgment on the pleadings. The timing of the present motion comes Defendants turned over class-wide pay and time records a little more than a month ago, right before Plaintiff is about to file a conditional certification motion under the FLSA and prior to the parties taking depositions. *See* Dkt. No. 22.

      As Plaintiff stated in his opposition to Defendants' prior request for a pre-motion conference for a motion to dismiss, *see* Dkt. No. 23, Plaintiff has made sufficient allegations to make out minimum wage, overtime and spread of hours claims under the FLSA and NYLL. Specifically, Plaintiff has alleged that: 1) Plaintiff was not paid minimum wage or overtime under the FLSA or NYLL in that he was not paid for all hours worked, which is broad enough to include "off-the-clock" work or time shaving; 2) Plaintiff was not paid minimum wage or overtime under the NYLL in that Defendants were not entitled to take a $5 tip credit against Plaintiff's hourly rate because Defendants required Plaintiff to share tips with a tip-ineligible employees, namely, Defendant Richard Mandarino, who did not provide customer service and had the power to hire and fire employees, and 3) Plaintiff did not receive an extra hour of pay for a spread of hours premium when his workdays lasted longer than ten hours under the N.Y.

Hospitality Wage Order.  *See Fermin*, 93 F. Supp.3d 19, 39 (E.D.N.Y. 2015) ("Thus, an employer loses its entitlement to the tip credit when it requires tipped employees to share tips with (1) employees who do not provide direct customer service or (2) managers.") *quoting Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234, 240 (2d Cir. 2011).

Further, contrary to Defendants' arguments, Plaintiff is not required to identify specific calendar days or particular weeks when violations occurred and allegations respecting the hours that Plaintiff "generally" worked are sufficient to make out wage and hour claims.  *See Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (the Second Circuit "has not required plaintiffs to keep careful records and plead their hours with mathematical precision" and "it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime…"; *Gayvoronskaya v. Americare, Inc.*, 2018 WL 4378162, at *4 (E.D.N.Y. 2018) (stating that operative Amended Complaint contained sufficient factual detail of plaintiff's hours worked for overtime claim where it alleged that plaintiff "typically worked for roughly seventy (72) hours per week in 2009 and 2010."); *Rothoff v. New York State Catholic Health Plan, Inc.*, 2020 WL 5763862, at *3 (E.D.N.Y. 2020) ("[t]hat the plaintiff alleges that she 'regularly' worked these specific hours during this period does not mean the pleading is insufficient."); *Pichardo v. Hoyt Transp. Corp.*, 2018 WL 2074160 at *7 n. 10 (E.D.N.Y. 2018) (denying motion to dismiss overtime claims where plaintiff alleged "typically" working between 47 and 49 hours per week and at least five hours of uncompensated work and stating, "[t]he reasonable inference – indeed the only inference – is that there was at least one week in which plaintiff worked 40 hours in addition to at least 5 hours of uncompensated work" and that it is "[not] fatal that there may be some atypical workweeks in which plaintiff accrued no overtime.").

Here, specifically, Plaintiff has alleged that he was employed from around March 2019 to March 17, 2020, and that during the summer season (from around late March to September), Plaintiff generally worked approximately five (5) shifts per week on three weekdays and Saturday and Sunday; that he generally worked from around 1 p.m. to 9:30 p.m. on weekdays; 10 a.m. to 1 a.m. on Saturdays; and 10 a.m. to midnight on Sundays; for a total of approximately fifty-four and a half (54.5) hours per week.  *See* Dkt. No. 25, Am. Compl., ¶¶ 36, 38-42.

Further, Plaintiff has alleged that, during the rest of the year, he generally worked approximately five (5) shifts per week, from around 5 p.m. to midnight or 1 a.m., for a total of approximately thirty-five to forty (35-40) hours per week.  *See* Dkt. No. 25, Am. Compl., ¶ 43.

Despite these work hours, Plaintiff alleges that Defendants only paid him $10 per hour, improperly took a tip credit for $5 per hour, and failed to pay him for all hours worked, which is a statement broad enough to include both "off-the-clock" work and time shaving, as stated previously.  *See* Dkt. No. 25, Am. Compl., ¶¶ 37, 48-49.

In addition, Plaintiff provides estimates of the hours that he was not paid for, including approximately twenty-four and a half (24.5) hours per week during the summer season and twenty (20) hours per week during the rest of the year, making out both minimum wage and overtime violations.  *See* Dkt. No. 45-46.  What is more, while documents are not even at issue on this motion, Defendants' own time records show that Defendants shaved Plaintiff's time,

2/9/22
Page 3 of 3

despite Defendants' false assertion that records show Plaintiff was paid for all hours worked.[1] *See* Ex. A.[2] As for spread of hours violations, Plaintiff has alleged working more than ten hour shifts on Saturdays and Sundays during the summer, but did not receive an extra hour of pay at the minimum wage rate. *See* Dkt. No. 47, N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.6. In sum, the allegations plainly make out minimum wage, overtime and spread of hours violations.

Finally, with respect to Defendants' argument that there are not sufficient allegations to establish individual liability against Defendant Richard Mandarino and John Mandarino, the amended complaint alleges that both had the power to hire and fire, which is ultimate control or final authority over the conditions of employment and, as such, implies an ability to set pay or schedules. *See Barenboim v. Starbucks Corp.*, 995 N.E.2d 153, 160 (N.Y. 2013) ("Meaningful authority, not final authority, should be the standard" for whether an employee is eligible to participate in a tip pool). The case cited by Defendants, *Inclan v. New York Hospitality Group, Inc.*, does not hold that the power to hire and fire alone is insufficient to establish employer liability under the FLSA or NYLL. *Inclan*, 95 F. Supp.3d 490, 510-11 (S.D.N.Y. 2015). In any event, if necessary, Plaintiff will amend the complaint again to add allegations that both Richard Mandarino and John Mandarino had the ability to set schedules of the restaurant's employees. *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132 (2d Cir. 1999); *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014).

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Finn Dusenbery
Finn Dusenbery

---

[1] Plaintiff pointed up discrepancies between Defendants' time records and paystubs on a prior motion to compel in this case. *See* Dkt. No. 64-1.

[2] For example, in the week of August 12, 2019 to August 18, 2019, Defendants' punch in/out records show that Plaintiff Pagan worked 24 hours and 21 minutes, but Plaintiff's paystub shows that Defendants only paid Plaintiff 22.5 hours in that week. *See* Ex. A. Similarly, in the week of April 15, 2019 to April 21, 2019, Defendants' punch in/out records show that Plaintiff worked 35 hours and two minutes during that period but Plaintiff's paystub shows that Defendants only paid Plaintiff for 33 hours.