UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Pagan, individually and on behalf of all others similarly-situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>C.I. Lobster Corp., Joseph Mandarino, Richard Mandarino, and John Mandarino,<br><br>       Defendants. | No.: 1:20-cv-7349 (ALC)(SDA) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION**

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

I.   FACTS ............................................................................................................................. 1

II.  ARGUMENT .................................................................................................................. 3

   A.  LEGAL STANDARD: A LENIENT "MODEST FACTUAL SHOWING" IS REQUIRED FOR CONDITIONAL CERTIFICATION AND SUCH A MOTION IS TYPICALLY GRANTED ........................................................................................... 3

III. PLAINTIFF HAS MET THE LENIENT STANDARD FOR CONDITIONAL CERTIFICATION ........................................................................................................... 5

IV.  THE COURT SHOULD NOT CONSIDER THE MERITS OF DISPUTED FACTUAL ISSUES THAT DEFENDANTS MAY RAISE IN OPPOSITION AND THE LENIENT STANDARD FOR CONDITIONAL CERTIFICATION MUST APPLY NOTWITHSTANDING DISCOVERY ................................................................................ 7

V.   PLAINTIFF'S PROPOSED NOTICE SHOULD BE APPROVED AND DISSEMINATED TO PUTATIVE FLSA COLLECTIVE MEMBERS .................................. 9

VI.  DEFENDANTS MUST PROVIDE CONTACT INFORMATION FOR PUTATIVE PARTY PLAINTIFFS ...................................................................................................... 9

VII. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Amador v. Morgan Stanley & Co. LLC*, (S.D.N.Y. 2013) ................................................................. 3, 8, 9

*Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, (E.D.N.Y. 2009) ................................................................. 4, 5

*Bittencourt v. Ferrara Bakery & Café Inc.*, 310 F.R.D. (S.D.N.Y. 2015) ................................................................. 10

*Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, (E.D.N.Y. 2008) ................................................................. 4

*Bowens*, 546 F. Supp. 2d at 82 ................................................................. 6

*Chowdhury v. Duane Reade, Inc.*, (S.D.N.Y. 2007) ................................................................. 9

*Cunningham v. Electronic Data Systems Corp.*, 754 F.Supp.2d 638 (S.D.N.Y. 2010) ................................................................. 8

*Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, (S.D.N.Y. 2009) ................................................................. 4

*Galicia v. 34th Street Coffee Shop Inc.*, 2017 WL 3769316 at *2 (S.D.N.Y. 2017) ................................................................. 6

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) ................................................................. 6

*Glatt v. Fox Searchlight Pictures, Inc.*, 2012 WL 2108220 (S.D.N.Y. 2012) ................................................................. 10

*Gortat v. Capala Brothers, Inc.*, (E.D.N.Y. 2010) ................................................................. 8

*Hernandez v. Bare Burger Dio Inc.*, (S.D.N.Y. 2013) ................................................................. 5, 7, 10, 11

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, (1989) ................................................................. 3, 4, 9

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, (S.D.N.Y. 1997) ................................................................. 5, 8

*Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc.*, 12-cv-265-KPF, 2012 WL 1981507 (S.D.N.Y. 2012) ................................................................. 6, 11

*Krueger v. N.Y. Tel. Co.*, (S.D.N.Y. Jul. 21, 1993) ................................................................. 8

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, (E.D.N.Y. 2008) ................................................................. 8

*Lee v. ABC Carpet & Home*, (S.D.N.Y. May 9, 2008) ................................................................. 9

*Malena v. Victoria's Secret Direct, LLC*, 2010 U.S (S.D.N.Y. Nov. 16, 2010) ................................................................. 4

*Malloy v. Richard Fleischman & Assocs.*, No. 09 CV 322, 2009 U.S.(S.D.N.Y. June 3, 2009) ................................................................. 5

*Moss v. Crawford & Co.*, 201 F.R.D. 398, (W.D.Pa. 2000) ................................................................. 4

*Myers v. Hertz Corp.*, 624 F.3d 537, (2d Cir. 2010) ......................................................................... 3, 4, 5, 9

*Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) ............................................................... 4

*Ramos v. Platt*, 2014 WL 3639194 (S.D.N.Y. 2014) ................................................................................. 6

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, (S.D.N.Y. 1998) ............................................................... 5

*Rosario v. Valentine Avenue Discount Store, Co., Inc.*, 828 F. Supp. 2d 508, 515 (S.D.N.Y. 2011) ........... 7

*Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, (W.D.N.Y. 2008) ............................................... 4

*Sanchez v. Gansevoort*, 2013 WL 208909 (S.D.N.Y. 2013) ................................................................... 10

*Shajan v. Barolo, Ltd.*, 2010 WL 2218095 (S.D.N.Y. 2010) ................................................................ 7, 10

*Torres v. Gristede's Operating Corp.*, (S.D.N.Y. Sept. 28, 2006) .............................................................. 4

*Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, (S.D.N.Y. 2012) ............................................................. 3

*Young v. Cnty. of Nassau*, No. 09 CV 3830, 2010 U.S. Dist. (E.D.N.Y. Jan. 13, 2010) ............................. 5

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, (S.D.N.Y. 2005) ........................................................... 8

*Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp.3d (E.D.N.Y. 2016) ............................................................. 10

**Statutes**

29 U.S.C. § 216(b) ............................................................................................................................ 1, 3, 11

**PRELIMINARY STATEMENT**

Plaintiff brings this motion for an order conditionally certifying an FLSA collective action under 29 U.S.C. § 216(b) on behalf of all persons who are or have been employed by Defendants as non-exempt employees in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action ("putative party plaintiffs"), court-facilitated notice of this pending action to allow putative party plaintiffs to opt in to the action, and production of contact information. Conditional certification under the FLSA is warranted because Defendants shaved Plaintiff's hours worked and documents produced in discovery show a pattern and practice of shaving other putative party plaintiffs' hours worked.

**I.    FACTS**

This lawsuit alleges that Defendants committed minimum wage and overtime violations under the FLSA by failing to pay Plaintiff for all hours worked, including shaving Plaintiff's and other putative party plaintiffs' hours worked, as stated above, at Defendants' restaurant at 691 Bridge St, Bronx, NY 10464, referred to as "City Island Lobster House," a single location. *See* Dkt. No. 25, *generally*; Pagan Decl., ¶ 2. Plaintiff Pagan worked as a server at Defendants' restaurant from around March 2019 to March 17, 2020. *See* Dusenbery Decl., Ex. D, Am. Compl., Dkt. No. 25, ¶ 36; Pagan Decl., ¶ 3.

Importantly, Defendants' own paystubs and time and pay records establish time shaving. *See* Dusenbery Decl., Ex. A.[1] For example, in the pay period from August 12 to August 18, 2019, Defendants' punch in/out records show that Plaintiff Pagan worked 24 hours and 31

---

[1] Plaintiff's chart discussed below shows additional examples of time shaving for Plaintiff Pagan in the pay period, April 1 to 7, 2019; April 8 to 14, 2019; April 22 to 28, 2019; and January 20 to 26, 2020. *See* Dusenbery Decl., Ex. B.

1

minutes, but Plaintiff's paystub shows that Defendants only paid Plaintiff 22.5 hours in that week. *See* Dusenbery Decl., Ex. A.  In addition, in the week of April 15, 2019 to April 21, 2019, Defendants' punch in/out records show that Plaintiff worked 35 hours and two minutes during that period but Plaintiff's paystub shows that Defendants only paid Plaintiff for 33 hours.  *See* Ex. A.

Similarly, on Plaintiff's counsel's review of Defendants' class-wide document production for what appears to be a total of approximately 64 employees, Plaintiff has gathered time-shaving examples for fourteen employees (more than 20% of total employees, excluding Pagan) from each year the employees worked and set out these examples in a chart for the Court's reference.  *See* Dusenbery Decl. ¶ 5, Ex. B[2].  The fourteen employees include ten tipped positions and four non-tipped positions.  *See* Dusenbery Decl. ¶ 5, Ex. B; *see also* Pagan Decl., ¶ 4.  By way of illustration, Plaintiff's chart shows that, in the pay period, March 25 to 31, 2019, employee "10"[3] worked 42.5 hours on time records, but was only paid for 40 hours.  *See* Dusenbery Decl., ¶ 5,  Ex. B.  Additionally, in the pay period, November 19 to 25, 2018, employee "20" worked 37.75 hours on time records, but was only paid for 35 hours.  *See* Dusenbery Decl., ¶ 5, Ex. B.  During his employment, Plaintiff Pagan also observed a manager named Victor Navarro who had the power to hire and fire employees, clock out servers before the end of their shifts.  *See* Pagan Decl., ¶ 9.

Further, Plaintiff Pagan states that other servers complained about having their time shaved and not receiving overtime on a constant basis, with generally all servers complaining

---

[2] Where Plaintiff was able to find paystubs showing pay periods, Plaintiff added them to the exhibit.  Paystubs show Defendants' pay period running from Monday to Sunday, with paydays on the following Friday and Plaintiff assumed the same pay period and payday for payroll records where paystubs were missing.
[3] Defendants produced pay and time records for putative class members anonymously by identifying different records by numbers rather than names, in accordance with the Court's orders dated September 17, 2021 and December 21, 2021.  *See* Dkt. Nos. 65, 81.

every week on payday on any given Friday. *See* Pagan Decl., ¶¶ 6-7. Specifically, during Plaintiff Pagan's employment, servers Anthony D'Agostine, Steve (last name unknown), and Ben (last name unknown), complained about not getting paid for all the hours that they worked to Defendant John Mandarino, who had the power to hire and fire the restaurant's employees, on a weekly basis. *See* Pagan Decl., ¶¶ 6-7.

## II.   ARGUMENT

### A. LEGAL STANDARD: A LENIENT "MODEST FACTUAL SHOWING" IS REQUIRED FOR CONDITIONAL CERTIFICATION AND SUCH A MOTION IS TYPICALLY GRANTED

Under the Fair Labor Standards Act, employees may bring a collective action "in behalf of … themselves and other employees similarly situated." 29 U.S.C. § 216(b). To join a collective action, employees must give consent to join the action in a writing filed with the court. 29 U.S.C. § 216(b). "District courts have discretion to implement § 216(b) by "facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020 at *2 (S.D.N.Y. 2013) *quoting Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) *quoting Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

Courts in the Second Circuit follow a two-step method for certification of FLSA collective actions. *Amador*, 2013 WL 494020 at *2 *citing Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 401-02 (S.D.N.Y. 2012). "The first step," which is at issue on the instant motion, "involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (internal citations omitted). At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go

forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Id*. (internal citations omitted). Facilitating notice early at the first step is "a means of facilitating the Act's broad remedial purpose and promoting efficient case management." *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) *quoting Hoffmann*, 982 F. Supp. at 262.

As stated above, the first step of collective action certification under the FLSA is at issue on this motion. "At this juncture—also termed the 'notice stage'—the court applies a 'fairly lenient standard' and (when it does so) typically grants 'conditional certification.'" *Torres v. Gristede's Operating Corp.*, No. 04 CV 3316, 2006 U.S. Dist. LEXIS 74039, at *23, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 28, 2006) (quoting *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409 (W.D.Pa. 2000)); *see Malena v. Victoria's Secret Direct, LLC*, No. 09 CV 5849, 2010 U.S. Dist. LEXIS 121320, at *8, 2010 WL 4642443, at *4 (S.D.N.Y. Nov. 16, 2010) ("The standard for conditionally certifying a collective action is a 'lenient evidentiary standard.'" (quoting *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 58 (S.D.N.Y. 2009))); *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009) ("At this stage, 'the evidentiary standard is lenient'…." (quoting *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008))). The reason for such a lenient standard, with a burden lighter than Rule 23 class certification, is that "the FLSA's opt-in provision merely provides an opportunity for potential plaintiffs to join and is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated." *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008).

This lenient standard is defined as "a 'modest factual showing'" that Plaintiff and the putative FLSA Collective Members "together were victims of a common policy or plan that

violated the law." *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see Bifulco*, 262 F.R.D. at 212; *Malloy v. Richard Fleischman & Assocs.*, No. 09 CV 322, 2009 U.S. Dist. LEXIS 51790, at *6, 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009); *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). "If the court finds that the putative party plaintiffs are similarly situated to the named plaintiffs, the court conditionally certifies the class and permits notice to be sent to the proposed plaintiffs." *Young v. Cnty. of Nassau*, No. 09 CV 3830, 2010 U.S. Dist. LEXIS 2471, at *4, 2010 WL 161593, at *1 (E.D.N.Y. Jan. 13, 2010); *see Myers*, 624 F.3d at 554–55.

### III. PLAINTIFF HAS MET THE LENIENT STANDARD FOR CONDITIONAL CERTIFICATION

Plaintiff has made the modest factual showing necessary for conditional certification based on his pleadings, affidavit, and the time and pay records and paystubs produced in this litigation that conclusively establish Defendants' practice of shaving putative party plaintiffs' time.

While Plaintiff may make the modest factual showing necessary for conditional certification based merely on the pleadings and his own affidavit, Plaintiff is also attaching to the instant motion a more than 20% sampling of putative party plaintiffs' showing that Defendants shaved their time – additional evidence that other courts granting conditional certification lacked. *See Hernandez v. Bare Burger Dio Inc.*, 2013 WL 3199292 at *2-3 (S.D.N.Y. 2013) (granting conditional certification where plaintiff "personally observed" other wage violations and stating, "Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit."); *Ramos v. Platt*, 2014 WL 3639194 (S.D.N.Y. 2014) (granting conditional certification where Plaintiff submitted two paystubs showing that he was paid a regular rate for overtime hours); *Khamsiri v. George &*

5

*Frank's Japanese Noodle Restaurant Inc.*, 12-cv-265-KPF, 2012 WL 1981507 at *1, Dkt. No. 13 (S.D.N.Y. 2012) (granting conditional certification based on single affidavit of named plaintiff alleging personal observations of minimum wage and overtime violations, *inter alia*, with a single paystub attached that did not even show overtime work); *Bowens*, 546 F. Supp. 2d at 82; *Galicia v. 34th Street Coffee Shop Inc.*, 2017 WL 3769316 at *2 (S.D.N.Y. 2017) (granting conditional certification where plaintiff made personal observations and had a conversation with another worker about underpayment of wages); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003).

      Further, here, the Amended Complaint and the plaintiff's affidavit by themselves meet the modest factual showing that the plaintiff and the putative party plaintiffs are similarly situated in that they were subject to similar illegal pay practices, namely, that they were not paid for all hours worked because they had their time shaved. Specifically, Plaintiff Pagan states in his declaration that other servers complained about having their time shaved and not receiving overtime on a constant, weekly basis, and specifically names Anthony D'Agostino, Steve (last name unknown) and Ben (last name unknown) as servers who complained every week on payday on Fridays. *See Galicia*, 2017 WL 3769316 (granting conditional certification where single named plaintiff's affidavit stated that he observed Defendants paid other employees similarly); *Khamsiri*, 2012 WL 1981507 ("Here, plaintiff has submitted a declaration from Niramol Khamsiri, confirming that she and other non-exempt employees employed by defendants in tipped positions, who performed work similar to hers, were, *inter alia*, paid less than the statutory minimum wage and not paid overtime pay. Courts have approved conditional collective action certification under similar circumstances."); *Khalil*, 2007 WL 7142139, at *1 (granting conditional certification where named plaintiff stated he had personal knowledge that

6

he and other waiters were subjected to the same tip policies and payroll practices, e.g., "paying employees only two hours for the lunch shift and six hours for the dinner shift, no matter how many hours are actually worked."); *Rosario v. Valentine Avenue Discount Store, Co., Inc.*, 828 F. Supp. 2d 508, 515 (S.D.N.Y. 2011) "[C]ourts regularly grant conditional certification of collective actions based on employee affidavits setting forth an employer's failure to pay minimum wage or overtime and identifying similarly situated employees by name.").

Further, Defendants did not pay Plaintiff or anyone else at the restaurant a "spread of hours" premium for shifts lasting longer than ten (10) hours per day and Defendants required Plaintiff and all other servers to share their tips with Defendant Richard Mandarino, who prepared salads, did not provide customer service, and had the power to hire and fire employees. *See* Pagan Decl. ¶ 10; *Hernandez v. Bare Burger Dio, Inc.*, 2013 WL 3199292 (S.D.N.Y. 2013) ("Here, Plaintiff has submitted a declaration by Mr. Hernandez confirming that he and other non-exempt employees employed by defendants in tipped positions, who performed work similar to his, were, *inter alia*, paid less than the statutory minimum wage, not paid overtime pay, did not receive tip credit notice or proper written wage notice, did not receive any spread of hours premium and were required to engage in non-tipped activities exceeding 20% of the workday."). Therefore, the Court should conditionally certify this action as a collective action.

**IV.   THE COURT SHOULD NOT CONSIDER THE MERITS OF DISPUTED FACTUAL ISSUES THAT DEFENDANTS MAY RAISE IN OPPOSITION AND THE LENIENT STANDARD FOR CONDITIONAL CERTIFICATION MUST APPLY NOTWITHSTANDING DISCOVERY**

On conditional certification motions, courts do not evaluate the merits or disputed factual issues. *See Shajan v. Barolo, Ltd.*, 2010 WL 2218095 (S.D.N.Y. 2010) ("Weighing of the merits is absolutely inappropriate."); *Amador v. Morgan Stanley*, 2013 WL 494020 (S.D.N.Y. 2013) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues

going to the ultimate merits, or make credibility determinations.  Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."). See also *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008) ("The standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification."); *Lynch*, 491 F. Supp. 2d at 368 ("[A] court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of this inquiry … is not on whether there has been an actual violation of law…."); *Hoffmann*, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here."); *Krueger v. N.Y. Tel. Co.*, Nos. 93 CV 178 & 179, 1993 U.S. Dist. LEXIS 9988, at *6, 1993 WL 276058, at *2 (S.D.N.Y. Jul. 21, 1993) ("[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case.").  Furthermore, the overwhelming authority in this Circuit finds that the lenient "modest factual showing" standard must apply, especially since Plaintiff has only obtained pay and time records for the putative class and the parties have not conducted depositions yet.  See *Cunningham v. Electronic Data Systems Corp.*, 754 F.Supp.2d 638 (S.D.N.Y. 2010) ("Even where the parties have undertaken substantial discovery, our courts have continued to use the first-stage certification analysis."); *Gortat v. Capala Brothers, Inc.*, 2010 1423018 at *10 (E.D.N.Y. 2010) ("The heightened scrutiny standard is only appropriate after the opt-in period has ended and the court is able to examine whether the *actual* plaintiffs brought

8

into the case are similarly situated."); *Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020 (S.D.N.Y. 2013); *Chowdhury v. Duane Reade, Inc.*, 2007 WL 2873929 at *3 (S.D.N.Y. 2007).

### V. PLAINTIFF'S PROPOSED NOTICE SHOULD BE APPROVED AND DISSEMINATED TO PUTATIVE FLSA COLLECTIVE MEMBERS

Upon finding that the named plaintiff and putative party plaintiffs are similarly situated, a court will certify the case as a collective action, and authorize the plaintiffs to send a collective action notice to putative party plaintiffs. *See Myers*, 624 F.3d at 555. Court-supervised notice is also the preferred method for managing this notification process because, firstly, it allows the court to set deadlines to advance the disposition of the action and, secondly, it protects plaintiffs' claims from expiring under the statute of limitations. *Hoffman-LaRoche*, 493 U.S. at 172. Court-supervised notice can also obviate disputes between the parties regarding the content of the notice. *Id.* ("By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed.").

The proposed notice defines the party plaintiffs, provides clear instructions on how to consent to become a party plaintiff and informs of the prohibition against retaliation for participation in a Fair Labor Standards Act action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) … to the broad discretion of the trial court." *Lee v. ABC Carpet & Home*, No. 00 CV 984, 2008 U.S. Dist. LEXIS 38725, at *3–4, 2008 WL 2073932, at *1 (S.D.N.Y. May 9, 2008) (citing *Hoffman-La Roche*, 493 U.S. at 170). The Court should authorize its mailing to all putative party plaintiffs and order its posting in the workplaces of the defendants' employees, including wherever statutory notices are posted.

### VI. DEFENDANTS MUST PROVIDE CONTACT INFORMATION FOR PUTATIVE PARTY PLAINTIFFS

9

Plaintiff seeks production of names, job titles, last known mailing addresses, last known telephone numbers, dates of employment, social security numbers and e-mail addresses[4] for all putative party plaintiffs three years prior to the filing of the complaint, as willfulness is met because of the alleged time shaving scheme. *See Bittencourt v. Ferrara Bakery & Café Inc.*, 310 F.R.D. 106 (S.D.N.Y. 2015) ("When willfulness is disputed, courts typically apply the three-year limitations period in defining the scope of a collective action."); *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp.3d 310 (E.D.N.Y. 2016); Pagan Decl., ¶ 12; *Shajan v. Barolo*, 2010 WL 2218095 at *1 (ordering production of names, addresses, phone numbers, Social Security numbers and dates of employment); *Sanchez v. Gansevoort*, 2013 WL 208909 (S.D.N.Y. 2013) (ordering production of names, titles, dates of employment, mailing addresses, and phone numbers); *Hernandez*, 2013 WL 3199292 at *1 (ordering producing in Excel format of names, titles, dates of employment, mailing addresses and telephone numbers). The production of this information should be in Excel format or other computer-readable format that the parties agree to and should be produced within ten (10) days of the date of such order. *See Shajan*, 2010 WL 2218095 at *1; *Sanchez*, 2013 WL 208909 at *2; *Hernandez*, 2013 WL 3199292 at *1; *Glatt v. Fox Searchlight Pictures, Inc.*, 2012 WL 2108220 (S.D.N.Y. 2012) (ordering pre-certification discovery of contact information including telephone numbers and e-mail addresses). Finally, the notice should be posted in a conspicuous location at Defendants' restaurant. *Hernandez*, 2013 WL 3199292 at *1; *Khamsiri*, 2012 WL 1981507 at *2 ("Such posting at the place of employment of potential opt-in plaintiffs is regularly approved by Courts.") (citing cases).

## VII.  CONCLUSION

---

[4] Given that workers may change mailing addresses, making them more difficult to find, social security numbers are necessary for skip tracing and e-mail addresses are an alternative and likely more reliable method of communication, especially in this day and age when technology is ubiquitous in so many people's lives.

Accordingly, the Court should grant Plaintiff's motion for an Order conditionally certifying an FLSA collective action of all non-exempt employees three years prior to this action's filing date through final disposition of the action, court-facilitated notice to putative party plaintiffs under 29 U.S.C. § 216(b), and production of contact information.

| | |
|---|---|
| Dated: February 10, 2022 | THE OTTINGER FIRM, P.C. |
| | /s/ Finn Dusenbery<br>Finn Dusenbery<br>The Ottinger Firm, P.C.<br>79 Madison Ave<br>New York, NY 10016 |
| | *Attorneys for Plaintiff and Putative Class* |