## MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 16, 2022

**VIA ECF & E-MAIL**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Andrew L. Carter, U.S.D.J.
40 Foley Square, Courtroom 1306
New York, NY 10007-1312
alcarternysdchambers@nysd.courts.gov

      *Re:*    **Pagan v. C.I. Lobster Corp.,** *et al.*
              **Case No: 1:20-cv-7349 (ALC) (SDA)**
              <u>**MLLG File No.: 197-2020**_____</u>

Dear Judge Carter:

      This firm represents the Defendants in the above-referenced case. Defendants write to respectfully request an extension of time, *sine die*, to oppose Plaintiff's motion to conditionally certify a collective action in this case. As further set forth below, Defendants should be permitted to move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), and have said motion adjudicated, prior to Plaintiff moving to conditionally certify a collective action.

      While Plaintiff filed his motion to conditionally certify a collective action under the Fair Labor Standards Act ("FLSA"), prior to that time Defendants already moved as required by letter motion to seek a pre-motion conference in anticipation of their motion for judgment on the pleadings. Defendants respectfully submit that this Court should permit Defendants to so move first, as success on their motion would moot Plaintiff's motion for conditional certification of a collective action. Otherwise, the parties would needlessly incur substantial attorneys' fees briefing two sets of motions, and this Court would be unnecessarily burdened with the same, when Defendants' anticipated motion for judgment on the pleadings would do away with the need for Plaintiff's motion and otherwise dismiss this case.[1]

---

[1] On May 12, 2021, this Court referred this case to the Hon. Stewart D. Aaron, U.S.M.J. ("Judge Aaron") for general pretrial purposes, including non-dispositive motions. <u>See</u> Docket Entry 33. Judge Aaron's Individual Practices do not require a pre-motion conference, but do instruct the parties to work out a briefing schedule for any motion. Plaintiff reached out to Defendants to set a briefing schedule, and Defendants stated that they would need at least until March 25, 2022 to oppose Plaintiff's motion to conditionally certify a collective action, which Plaintiff acceded to. <u>See</u> copy of the February 8-9, 2022 correspondence between the parties attached hereto as **Exhibit "A."** However, Plaintiff completely ignored and sidestepped Defendants' stated position that moving forward with Plaintiff's motion would be premature as set forth herein in light of Defendants' anticipated motion for judgment on the pleadings. <u>Id.</u> Defendants therefore asked Plaintiff that the parties jointly request a conference before this Court to discuss this issue; instead, Plaintiff filed his motion. <u>Id.</u>

Hon. Andrew L. Carter, U.S.D.J.
February 16, 2022
P a g e | **2**

Indeed, taking this course of action would be consistent with Rule 1, which provides that the Rules should be construed, administered, <u>and</u> <u>employed</u> <u>by</u> <u>the</u> <u>court</u> and the parties to secure the <u>just</u>, <u>speedy</u>, and <u>inexpensive</u> determination of every action and proceeding.  <u>See</u> Fed. R. Civ. P. 1 (emphasis added).

Moreover, courts routinely deny motions to conditionally certify a collective action without prejudice to renew where a dispositive motion or some other preceding issue is pending.  <u>See Auffray v. FXFL, LLC</u>, No. 1:15-CIV.-9379 (GHW), 2016 WL 6810863, at *1 (S.D.N.Y. Nov. 16, 2016) (Woods, U.S.D.J.) ("Because Mr. Halem's motion, if successful, would completely eliminate Plaintiffs' claims under the FLSA, Plaintiffs' motion for conditional certification of a collective action is denied without prejudice to renewal in the event that Mr. Halem's motion to dismiss is denied by the Court"); <u>see</u> <u>also</u> <u>Benavidez v. Plaza Mexico, Inc.</u>, No. 09-CIV.-5076 (KNF), 2014 WL 1133446, at *1 (S.D.N.Y. Mar. 21, 2014) (Fox, U.S.M.J.) (where court denied plaintiffs' subsequent motion for conditional certification of a collective action as premature because resolution of bankruptcy issue was necessary).  This Court should treat Plaintiff's motion in a similar manner, by deciding Defendants' dispositive motion prior to considering Plaintiff's subsequent motion to conditionally certify a collective action.

Accordingly, Defendants' deadline to oppose Plaintiff's motion to conditionally certify a collective action must be adjourned, *sine die*, pending a determination of Defendants' anticipated motion for judgment on the pleadings.

Dated: Lake Success, New York
February 16, 2022

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

Enclosure.

cc: Plaintiff (via ECF)

# EXHIBIT A

| | |
|---|---|
| **From:** | Emanuel Kataev |
| **To:** | Finn Dusenbery; Robert Ottinger |
| **Cc:** | Netanel Newberger; Richard Milman |
| **Subject:** | RE: Lobster |
| **Date:** | Wednesday, February 09, 2022 2:35:00 AM |
| **Attachments:** | 2022-02-04 083 Ds Letter Motion for PMC re 12c Motion.pdf |

Finn:

We respectfully submit that moving forward with a motion to conditionally certify a collective action would be premature in light of Defendants' anticipated motion for judgment on the pleadings. We therefore ask that the parties jointly request a conference with Judge Carter to discuss this issue.

Were the Court to permit moving forward with the collective action motion simultaneously with Defendants' motion for judgment on the pleadings (which we do not believe it will, as our anticipated motion would be dispositive and render yours moot), I have depositions scheduled for virtually every day between this Friday and the end of the month, with oral argument before the Second Circuit in another matter on March 8, 2022. I would therefore ask for at least until March 25, 2022 to oppose Plaintiff's motion.

Thanks and best,

**Emanuel Kataev, Esq.**
**Associate**
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

This message and its attachments may contain confidential information that is legally privileged. If you are not the intended recipient, you are hereby notified that any printing, copying, forwarding, or saving of this message is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete the message and any attachment from your system.

**From:** Finn Dusenbery <finn@ottingerlaw.com>
**Sent:** Tuesday, February 8, 2022 1:34 PM
**To:** Emanuel Kataev <Emanuel@mllaborlaw.com>
**Cc:** Robert Ottinger <robert@ottingerlaw.com>; Netanel Newberger <netanel@mmmlaborlaw.com>
**Subject:** Lobster

Emanuel,

Magistrate Judge Aaron's rules strongly encourage us to agree on a briefing schedule for motions that aren't discovery-related. We plan to file a conditional cert motion shortly. How much time would you be seeking for opposition? Thanks.


Finn Dusenbery

The Ottinger Firm, P.C.

401 Park Ave S

New York, NY 10016

Cell: (607) 437-1168

www.ottingerlaw.com

*This message and any attachments are intended solely for the use of the addressee(s) and may contain confidential and/or privileged information.  If you are not the intended recipient of this message, you may not use, disseminate, or copy this message or any attachments.  If you have received this message in error, please notify us immediately at robert@ottingerlaw.com and delete this message and any attachments from your system.  Any unauthorized use, dissemination, or copying of this message or any attachments is strictly prohibited.  Thank you.*

DUE TO COVID-19, AS WELL AS THE SHELTER IN PLACE EXECUTIVE ORDER ISSUED BY THE GOVERNOR OF CALIFORNIA, OUR OFFICE WILL BE WORKING REMOTELY STARTING MARCH 17, 2020. ANY CORRESPONDENCE SENT TO OTTINGER EMPLOYMENT LAWYERS BY U.S. MAIL, OVERNIGHT DELIVERY, OR OTHERWISE, SHOULD ALSO BE SENT TO THE INTENDED RECIPIENT(S) ELECTRONICALLY VIA E-MAIL OR FACSIMILE. DURING THIS TIME, WE ASK THAT YOU PLEASE BE PATIENT WHILE WE GET BACK TO YOU.