# OTTINGER
## EMPLOYMENT LAWYERS

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street, 14th Fl.
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

Finn Dusenbery
finn@ottingerlaw.com

February 22, 2022

**By ECF & E-MAIL**

Hon. Andrew L. Carter
United States District Judge
United States District Court
Southern District of New York
40 Foley Sq, Courtroom 1306
New York, NY 10007
alcarternysdchambers@nysd.courts.gov

   Re: **Pagan v. C.I. Lobster Corp., et al.**
      **No. 20-cv-7349 (ALC)(SDA)**

Dear Judge Carter:

   As you know, we represent Plaintiff and the putative class in the above-referenced matter. Plaintiff writes to request a pre-motion conference with the Court for a motion for conditional certification under the FLSA.

   I apologize to the Court for filing Plaintiff's motion for conditional certification on February 10, 2022, without requesting a pre-motion conference. Plaintiff's counsel was under the impression that Magistrate Judge Aaron would decide the conditional certification motion and his individual rules – which did not require a pre-motion conference – would apply, given that the Court had referred non-dispositive pre-trial motions to him. *See* Dkt. No. 33.

   We seek conditional certification of a class of restaurant workers who systematically had their time shaved. As explained below, the defendant's own records produced in discovery prove that the workers' time records were routinely altered to reduce their time and lower their pay. Plaintiff seeks to conditionally certify an FLSA collective action under 29 U.S.C. § 216(b) on behalf of all persons who are or have been employed by Defendants as non-exempt employees in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action ("putative party plaintiffs"), court-facilitated notice of this pending action to allow putative party plaintiffs to opt-in to the action, and production of contact information.

   Importantly, Defendants' own paystubs and time and pay records establish time shaving. *See* Ex. A.[1] For example, in the pay period from August 12 to 18, 2019, Defendants' punch

_____

[1] Plaintiff's chart discussed below shows additional examples of time shaving for Plaintiff Pagan in the pay period, April 1 to 7, 2019; April 8 to 14, 2019; April 22 to 28, 2019; and January 20 to 26, 2020. *See* Ex. B.

in/out records show that Plaintiff Pagan worked 24 hours and 31 minutes, but Plaintiff's paystub shows that Defendants only paid Plaintiff 22.5 hours in that week. *See* Ex. A. In addition, in the week of April 15, 2019, to April 21, 2019, Defendants' punch in/out records show that Plaintiff worked 35 hours and two minutes during that period, but Plaintiff's paystub shows that Defendants only paid Plaintiff for 33 hours. *See* Ex. A.

Similarly, on Plaintiff's counsel's review of Defendants' class-wide document production for what appears to be a total of approximately 64 employees, Plaintiff has gathered time-shaving examples for fourteen employees (more than 20% of total employees, excluding Pagan) from each year the employees worked and set out these examples in a chart for the Court's reference. *See* Ex. B[2]. The fourteen employees include ten tipped positions and four non-tipped positions. *See* Ex. B. By way of illustration, Plaintiff's chart shows that, in the pay period, March 25 to 31, 2019, employee "10"[3] worked 42.5 hours on time records but was only paid for 40 hours. *See* Ex. B. Additionally, in the pay period, November 19 to 25, 2018, employee "20" worked 37.75 hours on time records but was only paid for 35 hours. *See* Ex. B. During his employment, Plaintiff Pagan also observed a manager named Victor Navarro who had the power to hire and fire employees, clock out servers before the end of their shifts. *See* Pagan Decl., ¶ 9.

Courts in the Second Circuit follow a two-step method for certification of FLSA collective actions. *Amador*, 2013 WL 494020 at *2. At the first step, "also termed the 'notice stage'—the court applies a 'fairly lenient standard' and (when it does so) typically grants 'conditional certification.'" *Torres v. Gristede's Operating Corp.*, No. 04 CV 3316, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 28, 2006); *see Malena v. Victoria's Secret Direct, LLC*, No. 09 CV 5849, 2010 WL 4642443, at *4 (S.D.N.Y. Nov. 16, 2010) ("The standard for conditionally certifying a collective action is a 'lenient evidentiary standard.'"); *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009). This lenient standard is defined as "a 'modest factual showing'" that Plaintiff and the putative FLSA Collective Members "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555; *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). "If the court finds that the putative party plaintiffs are similarly situated to the named plaintiffs, the court conditionally certifies the class and permits notice to be sent to the proposed plaintiffs." *Young v. Cnty. of Nassau*, No. 09 CV 3830, 2010 WL 161593, at *1 (E.D.N.Y. Jan. 13, 2010); *see Myers*, 624 F.3d at 554–55.

While Plaintiff may make the modest factual showing necessary for conditional certification based merely on the pleadings and his own affidavit, Plaintiff is also attaching a more than 20% sampling of putative party plaintiffs' showing that Defendants shaved their time – additional evidence that other courts granting conditional certification lacked. *See Hernandez v. Bare Burger Dio Inc.*, 2013 WL 3199292 at *2-3 (S.D.N.Y. 2013) (granting conditional

---

[2] Where Plaintiff was able to find paystubs showing pay periods, Plaintiff added them to the exhibit. Paystubs show Defendants' pay period running from Monday to Sunday, with paydays on the following Friday and Plaintiff assumed the same pay period and payday for payroll records where paystubs were missing.

[3] Defendants produced pay and time records for putative class members anonymously by identifying different records by numbers rather than names, in accordance with the Court's orders dated September 17, 2021 and December 21, 2021. *See* Dkt. Nos. 65, 81.

2/22/22
Page 3 of 4

certification where plaintiff "personally observed" other wage violations and stating, "Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit."); *Ramos v. Platt*, 2014 WL 3639194 (S.D.N.Y. 2014) (granting conditional certification where Plaintiff submitted two paystubs showing that he was paid a regular rate for overtime hours); *Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc.*, 12-cv-265-KPF, 2012 WL 1981507 at *1, Dkt. No. 13 (S.D.N.Y. 2012) (granting conditional certification based on single affidavit of named plaintiff alleging personal observations of minimum wage and overtime violations, *inter alia*, with a single paystub attached that did not even show overtime work); *Bowens*, 546 F. Supp. 2d at 82; *Galicia v. 34th Street Coffee Shop Inc.*, 2017 WL 3769316 at *2 (S.D.N.Y. 2017); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003).

Further, here, the Amended Complaint and the plaintiff's affidavit by themselves meet the modest factual showing that the plaintiff and the putative party plaintiffs are similarly situated and had their time shaved.  Specifically, Plaintiff Pagan states in his declaration that other servers complained about having their time shaved and not receiving overtime on a constant, weekly basis, and specifically names Anthony D'Agostino, Steve (last name unknown) and Ben (last name unknown) as servers who complained every week on payday on Fridays.  *See Galicia*, 2017 WL 3769316 (granting conditional certification where single named plaintiff's affidavit stated that he observed Defendants paid other employees similarly); *Khamsiri*, 2012 WL 1981507 ("Here, plaintiff has submitted a declaration from Niramol Khamsiri, confirming that she and other non-exempt employees employed by defendants in tipped positions, who performed work similar to hers, were, *inter alia*, paid less than the statutory minimum wage and not paid overtime pay.  Courts have approved conditional collective action certification under similar circumstances."); *Khalil*, 2007 WL 7142139, at *1; *Rosario v. Valentine Avenue Discount Store, Co., Inc.*, 828 F. Supp. 2d 508, 515 (S.D.N.Y. 2011).

To be clear, the merits of disputed factual issues are not evaluated on this motion.  *See Shajan v. Barolo, Ltd.*, 2010 WL 2218095 (S.D.N.Y. 2010) ("Weighing of the merits is absolutely inappropriate."); *Amador v. Morgan Stanley*, 2013 WL 494020 (S.D.N.Y. 2013); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008); *Lynch*, 491 F. Supp. 2d at 368; *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005); *Hoffmann*, 982 F. Supp. at 262; *Krueger v. N.Y. Tel. Co.*, Nos. 93 CV 178 & 179, 1993 WL 276058, at *2 (S.D.N.Y. Jul. 21, 1993).

Finally, the overwhelming authority in this Circuit finds that the lenient "modest factual showing" standard must apply, especially since Plaintiff has only obtained pay and time records for the putative class and the parties have not conducted depositions yet.  *See Cunningham v. Electronic Data Systems Corp.*, 754 F.Supp.2d 638 (S.D.N.Y. 2010) ("Even where the parties have undertaken substantial discovery, our courts have continued to use the first-stage certification analysis."); *Gortat v. Capala Brothers, Inc.*, 2010 1423018 at *10 (E.D.N.Y. 2010) ("The heightened scrutiny standard is only appropriate after the opt-in period has ended and the court is able to examine whether the *actual* plaintiffs brought into the case are similarly situated."); *Amador*, 2013 WL 494020 (S.D.N.Y. 2013); *Chowdhury v. Duane Reade, Inc.*, 2007 WL 2873929 at *3 (S.D.N.Y. 2007).   We thank the Court for its attention to this matter.

2/22/22
Page 4 of 4

Respectfully submitted,

/s/ Finn Dusenbery
Finn Dusenbery