UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Pagan, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>C.I. Lobster Corp., Joseph Mandarino, Richard Mandarino, and John Mandarino,<br><br>Defendants. | No.: 20-cv-7349 (ALC)<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff Joseph Pagan, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, The Ottinger Firm, P.C., as and for their Complaint in this action against Defendants C.I. Lobster Corp. (the "Company" or "C.I. Lobster") and Joseph Mandarino (collectively, "Defendants"), allege upon personal knowledge and upon information and belief as to other matters as follows:

**NATURE OF THE CLAIMS**

1.      Plaintiff, current and/or former non-exempt employees employed by Defendants, bring this action on their own behalf and on behalf of the proposed collective and Rule 23 classes identified below, against Defendants for violations of: (1) the minimum wage and overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the minimum wage and overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.* and Part 142 of Title 12 of the Official Compilation of Codes, rules and regulations of the state of new York, 12 N.Y.C.R.R. § 142 *et seq.*; (3) the wage statement and notice requirements of NYLL §§ 195(1) and 195(3); (4) the spread of hours requirement under

1

New York State Regulation 12 NYCRR § 146-1.6 ("NYCRR"); and (6) any other claim(s) that can be fairly inferred from the facts set forth herein.

2.      Plaintiff seeks to represent a collective made up of all persons who are or have been employed by Defendants as non-exempt employees in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action.

3.      Plaintiff seeks to represent a class made up of all persons who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 216(b) and 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise to these claims primarily occurred in this District.

6.      Plaintiff's claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

7.      Plaintiff Joseph Pagan was employed by Defendants from on or around March 2019 to March 17, 2020.  At all relevant times, Plaintiff Joseph Pagan was an "employee" within the meaning of the FLSA and NYLL.

8.      Defendant C.I. Lobster Corp. is a corporation existing under the laws of the State of New York, with its principal place of business located at 691 Bridge St.  At all relevant times,

Defendant C.I. Lobster Corp. was an "employer" within the meaning of the FLSA and NYLL and had 11 or more employees.

8. [sic — appears continuing; paragraph numbered above]

9. Upon information and belief, C.I. Lobster Corp. has an annual gross volume of sales in excess of $500,000.

10. Upon information and belief, at all relevant times, Defendant Joseph Mandarino is the owner of C.I. Lobster Corp. and exercises sufficient control of C.I. Lobster Corp. day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

11. Defendant Joseph Mandarino had the ability to hire and fire Plaintiff and other employees of Defendant C.I. Lobster Corp. For example, Joseph Mandarino hired Plaintiff.

12. Defendant Joseph Mandarino had the ability to set the pay of Plaintiff and other employees of Defendant C.I. Lobster Corp. For example, Defendant Joseph Mandarino set Plaintiff's pay.

13. Defendant Joseph Mandarino had the ability to set the schedule of Plaintiff and other employees of Defendant C.I. Lobster Corp. For example, Defendant Joseph Mandarino set Plaintiff's schedule.

14. Defendant Richard Mandarino is the son of Defendant Joseph Mandarino and has the power to hire and fire Plaintiff and other employees of Defendant C.I. Lobster Corp.

15. Defendant Richard Mandarino has the power to schedule Defendants' employees, including Plaintiff.

16. Defendant John Mandarino is the nephew of Defendant Joseph Mandarino and has the power to hire and fire Plaintiff and other employees of Defendant C.I. Lobster Corp. For example, John Mandarino fired a server named Ben (last name unknown).

17. Defendant John Mandarino has the power to schedule Defendants' employees, including Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of themselves and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly situated are:

> **FLSA Collective:** All persons who are or have been employed by Defendants as non-exempt employees in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action.

19. Defendants employed Plaintiffs and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action, and classified Plaintiffs as non-exempt from the minimum wage and overtime requirements of the FLSA.

20. Each of the FLSA Collective Action members are or were non-exempt employees entitled to minimum wage for all hours worked up to 40 hours per workweek and overtime compensation for all hours worked in excess of 40 hours per workweek.

21. However, at all times during the FLSA Collective Action period, Defendants failed to pay the Collective Action members minimum wage for all hours worked up to 40 hours per workweek and all overtime premiums for all hours worked in excess of 40 hours per workweek.

22. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Action members.

23. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

24. There are, upon information and belief, similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action.

26. Plaintiffs enumerates the following subclasses:

> **Subclass A:** All New York Class members employed as servers.

27. At all times during the time period relevant to the New York Class, Defendants, as a matter of policy, (i) did not pay Plaintiff or the New York Class minimum wage for every hour worked up to 40 hours in a given workweek or the applicable overtime premium pay rate for all hours worked in excess of 40 per workweek; (ii) failed to furnish correct and accurate wage notices and wage statements required by the NYLL; (iii) did not pay Plaintiffs or the New York Class spread of hours compensation.

28. The facts as alleged in the foregoing Paragraphs with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

29. Upon information and belief, Defendants failed to make, keep, and/or preserve accurate records with respect to Plaintiff and the New York Class and failed to furnish to

Plaintiff and the New York Class accurate and compliant wage notices and statements of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

30. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendants employed in excess of 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

31. Typicality: Plaintiff's claims are typical of the members of the proposed New York Class. During the New York Class period, Defendants subjected Plaintiff and the members of the New York Class to the same policy and practice of failing to pay them minimum wage and overtime compensation required by the NYLL, taking deductions from their wages for reasons and through methods prohibited by the NYLL, failed to pay spread of hours pay, and failed to provide statutorily sufficient and accurate wage notices and pay statements.

32. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL collective and class action litigation.

34. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendants violated the NYLL as alleged herein;

    b. Whether Defendants unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of the NYLL;

  c. Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

  d. Whether Defendants failed to provide the New York Class with accurate wage notices in violation of NYLL;

  e. Whether Defendants failed to provide the New York Class with accurate wage statements in violation of NYLL;

  f. Whether Defendants unlawfully failed to pay spread of hours compensation to members of the New York Class;

  g. Whether Defendants employed Plaintiff and the New York Class within the meaning of New York law;

  h. Whether Defendants should be enjoined from continuing the practices that violate the NYLL;

  i. What the proper measure of damages sustained by the New York Class are; and

  j. Whether Defendants' actions were "willful."

35. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) and/or Fed. R. Civ. P. 23(b)(3) because prosecution of actions by or against individual members of the New York Class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests, and common questions of law and fact to the New York Class predominate over any questions affecting only individual Class members

and a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

37. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendants' practices.

37. Plaintiff intends to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendants.

## INDIVIDUAL FACTUAL ALLEGATIONS

38. As outlined above, Defendants employed Plaintiff Joseph Pagan as a server from approximately March 2019 to March 17, 2020.

39. Defendants compensated Plaintiff Joseph Pagan at the rate of $10 per hour.

40. During the summer season (from around late March to September), Plaintiff generally worked approximately five (5) shifts per week, three weekdays per week and on Saturday and Sunday.

41. On Saturdays during the summer season, Plaintiff generally worked from around 10 a.m. to 1 a.m.

42. On Sundays during the summer season, Plaintiff generally worked from around 10 a.m. to midnight.

43. On weekdays during the summer season, Plaintiff generally worked from around 1 p.m. to 9:30 p.m.

44. During the summer season, Plaintiff generally worked a total of approximately fifty-four and a half (54.5) hours per week.

45. During the rest of the year, Plaintiff generally worked approximately five (5) shifts per week, from around 5 p.m. to midnight or 1 a.m., for a total of approximately thirty-five to forty (35-40) hours per week.

46. Defendants did not compensate Plaintiff for all hours worked, including because of time shaving.

47. Plaintiff estimates that he was not paid for approximately twenty-four and a half (24.5) hours per week during the summer season.

48. Further, Plaintiff estimates that he was not paid for approximately twenty (20) hours per week during the rest of the year.

49. Defendants did not pay Plaintiffs New York's "spread of hours" premium on days when Plaintiff's workdays lasted longer than ten (10) hours per day.

50. Defendants took a $5 tip credit against Plaintiff's hourly rate, reducing Plaintiff's cash wage to $10 per hour, which was always less than the full New York minimum wage.

51. Defendants were not entitled to use tip credits to pay Plaintiff less than the full minimum wage because (1) they did not give Plaintiff proper notices of the tip credit and (2) they misappropriated portions of Plaintiff's and other servers' tips.

52. Specifically, Defendants did not give Plaintiff adequate notice of the tip credit, including notice under the N.Y. Hospitality Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 2.2.

53. Defendants required Plaintiff to share tips with tip-ineligible employees, such as Defendant Richard Mandarino, who prepared salads, did not provide customer service, and had the power to hire and fire employees of Defendant C.I. Lobster Corp.

54. As Plaintiff generally worked a total of approximately fifty-four and a half (54.5) hours per week during the summer season, he was generally owed approximately $395.13 in minimum wages under the FLSA ($7.25 per hour x 54.5 hours) per week and $817.50 in minimum wages under the NYLL ($15 per hour x 54.5 hours) per week, but was generally only paid around $300 ($10 per hour x 30 hours) per week.

55. As Plaintiff generally worked a total of approximately thirty-five to forty (35-40) hours per week during the rest of the year, he was generally owed at least approximately $253.75 in minimum wages under the FLSA ($7.25 per hour x 35 hours) per week and $525 in minimum wages under the NYLL, but was generally only paid around $150 to $200 ($10 per hour x 15 to 20 hours) per week.

56. Further, Plaintiff was not paid an overtime premium of one and one half times his regular rate for hours worked in excess of forty (40) per week, including his work during the summer season, when he generally worked approximately fifty-four and a half (54.5) hours per week.

57. Defendants did not provide Plaintiff proper notices or wage statements pursuant to NYLL § 195 (1) and (3).

58. Defendants committed the foregoing acts against Plaintiffs, members of the FLSA Collective Action, and members of the New York Class.

**FIRST CAUSE OF ACTION**
**(FLSA: Unpaid Minimum Wage)**
**(Brought By Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

59. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

60. As outlined above, during the relevant time period, Defendants practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiff Joseph Pagan and the members of the FLSA Collective Action by, among other things, failing to pay them the applicable minimum wage for all hours worked.

61. Accordingly, Plaintiff Joseph Pagan and the members of the FLSA Collective Action are entitled to the difference between the wages paid (if any) by Defendants and the FLSA minimum wage, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's minimum wage provisions.

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

63. Plaintiff Joseph Pagan and the members of the FLSA Collective seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(FLSA: Failure to Pay Overtime Compensation)**
**(Brought By Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

64. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

65. During the relevant time period, Plaintiff Joseph Pagan and the members of the FLSA Collective worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

66. Despite the hours worked by Plaintiff Joseph Pagan and the members of the FLSA Collective, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff and the members of the FLSA Collective appropriate overtime compensation.

67. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

68. Accordingly, Plaintiff Joseph Pagan and the members of the FLSA Collective are entitled to the difference between the wages paid (if any) by Defendants and the applicable overtime rate of pay, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's overtime provisions.

69. Plaintiff and the members of the FLSA Collective seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION**
**(NYLL & N.Y.C.R.R.: Unpaid Minimum Wage)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

70. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

71. As outlined above, Defendants' pay practices failed to pay Plaintiff Joseph Pagan and the members of the New York Class the applicable minimum wage for every hour worked as required by the NYLL and the N.Y.C.R.R.

72. Accordingly, Plaintiff Joseph Pagan and the members of the New York Class are entitled to the difference between the applicable minimum wage and the wages (if any) paid by

Defendants, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of, *inter alia*, the NYLL and N.Y.C.R.R.

73. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of, *inter alia*, NYLL § 198, and as a result Plaintiff and the members of the New York Class are entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

74. Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL and N.Y.C.R.R.

## FOURTH CAUSE OF ACTION
**(NYLL & N.Y.C.R.R.: Failure to Pay Overtime Compensation)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

75. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

76. During the relevant time period, Plaintiff and the members of the New York Class regularly worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the NYLL, were not paid all appropriate overtime compensation.

77. Despite the hours worked by Plaintiff and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL and N.Y.C.R.R., failed and/or refused to pay them appropriate overtime compensation.

78. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff and the members of the New York Class are entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

79.     Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

**FIFTH CAUSE OF ACTION**
**(NYLL: Failure to Furnish Wage Notices)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

80.     Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

81.     During the relevant time period, Defendants failed to furnish Plaintiff Joseph Pagan and the members of the New York Class with accurate wage notices that specifically enumerated certain criteria, as required by NYLL § 195(1).

82.     Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff Joseph Pagan and the members of the New York Class for the applicable statutory penalty and/or liquidated damage applicable at the time the violation occurred which may be $50 per day per violation up to a maximum of $5,000 per class member.

83.     In addition to statutory penalties, Plaintiff Joseph Pagan and the members of the New York Class and the members of the New York Class are entitled to recover from Defendants' reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**(NYLL: Failure to Furnish Wage Statements)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

84.     Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

85. During the relevant time period, Defendants failed to furnish Plaintiff Joseph Pagan and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

86. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff Joseph Pagan and the members of the New York Class for the applicable statutory penalty and/or liquidated damages which may be $250 per violation up to a maximum of $5,000 per class member.

87. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendants' reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**(NYLL and N.Y.C.R.R.: Spread of Hours)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

88. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

89. At all relevant times, all Defendants are or were "employers" within the meaning of the NYLL and N.Y.C.R.R.

90. At all relevant times, Plaintiff is and was an "employee" within the meaning of the NYLL and N.Y.C.R.R.

91. At all relevant times, Plaintiff is not or was <u>not</u> exempt from the provisions of the NYLL or the N.Y.C.R.R.

92. Defendants failed to compensate Plaintiff Joseph Pagan and the members of the New York Class the legally mandated spread of hours pay for days in which they worked in excess of ten (10) hours.

93. These practices were willful and lasted for the duration of the relevant time periods.

94. These practices are in violation of the NYLL and N.Y.C.R.R.

95. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL and NY.C.R.R. without a good faith basis, and as a result Plaintiff and the members of the New York Class are entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

96. Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

**EIGHTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**
**(Brought by Plaintiff on Behalf of Himself and the Subclass of Servers)**

97. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

98. Defendants illegally misappropriated a portion of Plaintiff's and Subclass of servers' tips.

99. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Subclass of servers are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the proposed FLSA Collective and the New York Class, prays for the following relief:

A. An award of damages, according to proof, including back pay and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23.

E. Designation of Plaintiffs as Representative of the Class.

F. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G. Penalties available under applicable laws;

H. Costs of action incurred herein, including expert fees;

I. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

J. Pre-judgment and post-judgment interest, as provided by law; and

K. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: March 11, 2022

New York, New York

Respectfully submitted,

THE OTTINGER FIRM, P.C.

By: /s/ Finn Dusenbery_____
Finn Dusenbery
401 Park Avenue South
New York, New York 10016
Telephone: (347) 492-1904
finn@ottingerlaw.com

*COUNSEL FOR PLAINTIFFS AND THE PROPOSED CLASSES*

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.