# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

March 31, 2022

<u>VIA ECF</u>
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Stewart D. Aaron, U.S.M.J.
500 Pearl Street, Courtroom 11C
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2022
```

     *Re:*    Pagan v. C.I. Lobster Corp., *et al.*
             Case No: 1:20-cv-7349 (ALC) (SDA)
             <u>MLLG File No.: 197-2020</u>

Dear Judge Aaron:

     This firm represents the Defendants in the above-referenced case. Defendants write to: (i) apprise the Court of concerning conduct by Plaintiff which amounts to witness tampering and faithless servant actions; (ii) request a stay or adjournment, *sine die*, of Plaintiff's motion to conditionally certify a collective action in this case, including Defendants' opposition; (iii) update the Court on Defendants' efforts to settle this case; and (iv) renew Defendants' request for an in-person conference with the parties present.

### **<u>Plaintiff has Engaged in Unlawful Witness Tampering and was a Faithless Servant</u>**

     In light of the parties' most recent telephonic conference with the Court on March 9, 2022 and the important decisions that were required to be made concerning Plaintiff's request to conditionally certify a collective action – as well as this Court's directive for the Defendants to make a settlement demand – your undersigned counsel recently met with Defendants in person to discuss all of these issues.

     During this meeting, Defendants' counsel learned for the first time that: (i) during the entire course of his employment, Plaintiff sold marijuana and other drugs on Defendants' premises; and (ii) Plaintiff brandished a gun on a coworker, Anthony D'Agostino ("D'Agostino"). It is Defendants' belief that Plaintiff had knowledge of D'Agostino's intent to provide a witness statement to Defendants as to these and other matters, but that D'Agostino ultimately declined to provide a written statement after being confronted by Plaintiff with a gun. However, the information that was verbally provided by D'Agostino to Defendants not only refutes factual assertions about him contained in Plaintiff's affidavit in support of his motion for collective action (*i.e.*, that D'Agostino complained to Defendants about not getting paid for all hours worked or that Plaintiff told D'Agostino about not receiving spread of hours pay) (<u>see</u> ECF Docket Entry 112, at ¶¶ 7, 11), but would bolster a faithless servant claim by Defendants against Plaintiff, as set forth further *infra*.

Defendants' request for an in-person conference is GRANTED. No later than 4/5/2022, Defendants shall file a sworn affidavit or declaration regarding the belated, serious allegations raised herein. No later than 4/11/2022, Plaintiff shall file an affidavit or declaration in response. No later than 4/13/2022, Defendants may file a reply. An in-person conference shall be held in Courtroom 11C at 500 Pearl St. on 4/15/2022 at 9:30 a.m. Both Plaintiff and Defendants' affiant or declarant shall appear in person. The date for Defendants to respond to the motion at ECF No. 109 is hereby adjourned and shall be set at the conference. SO ORDERED. Dated: 3/31/2022

Hon. Stewart D. Aaron, U.S.M.J.
March 31, 2022
P a g e | **2**

As such, absent judicial intervention, the inability of Defendants to submit an affidavit from D'Agostino containing such facts will significantly handicap Defendants' ability to oppose Plaintiff's motion for collective action certification.

Moreover, Plaintiff's aforementioned conduct is abhorrent and amounts to not only his having run an illegal business during his working hours with Defendants, but also witness tampering. It is beyond dispute that "witness tampering is extremely serious misconduct." See Harris v. SCA Rest. Corp., 2014 U.S. Dist. LEXIS 33702, at *10 (E.D.N.Y. Mar. 14, 2014) (citation and internal quotation marks omitted). "A court has the inherent power to sanction a party 'for conduct which abuses the judicial process.'" See Riley v. City of New York, 2015 U.S. Dist. LEXIS 16025, at **19-20 (E.D.N.Y. Feb. 10, 2015) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991)). "Although requests for sanctions following witness tampering are not common in federal court, other courts have held that witness tampering is sanctionable under a court's inherent power." See Harris, 2014 U.S. Dist. LEXIS 33702, at *11. Accordingly, Defendants request an evidentiary hearing with the Plaintiff and D'Agostino present to hear testimony on this issue, and for appropriate sanctions to be awarded based on Plaintiff's engagement in witness tampering.

Separately, Plaintiff's decision to sell drugs, legal or illegal, on Defendants' premises renders him a faithless servant under the law. Under New York law, an agent is obligated "to be loyal to his employer and is prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties." See Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 200 (2d Cir. 2003) (citation and internal quotation marks omitted). "[A] faithless employee forfeits the right to compensation, at least for services that are tainted by the dishonesty and perhaps more broadly." See Henry v. Concord Limousine, Inc., 2014 U.S. Dist. LEXIS 9695, at *18 (E.D.N.Y. Jan. 24, 2014) (citation omitted).

Employees such as Plaintiff, who run a separate illegal business while working for Defendants, are obligated to disgorge the amount of compensation received from the date of the first disloyal act to the last date of his employment. See Zakresky v. Graduate Sch. of Figurative Art of New York Acad. of Arts, 899 N.Y.S.2d 64, 64 (Sup. Ct. 2009) ("Here, the complaint alleges that [plaintiff] pled guilty to stealing from the Academy during the period when he was serving as the Academy's comptroller. 'Where, as here, [the employees] engaged in repeated acts of disloyalty, complete and permanent forfeiture of compensation, deferred or otherwise, is warranted under the faithless servant doctrine'") (quoting William Floyd Union Free Sch. Dist. v. Wright, 877 N.Y.S.2d 359, 397 (2d Dep't 2009)); see also Khaldei v. Kaspiev, 135 F. Supp. 3d 70, 85-86 (S.D.N.Y. 2015) ("Where, as here, a [party] has engaged in multiple acts of disloyalty over a significant period of time—lasting not just months, but years ...—forfeiture of any compensation owed during that time is clearly warranted").

Accordingly, Defendants are placing Plaintiff and this Court on notice of their intent to pursue faithless servant claims in an appropriate forum such that Plaintiff's claims for wages would be disgorged.

Hon. Stewart D. Aaron, U.S.M.J.
March 31, 2022
P a g e | **3**

**Plaintiff's Motion to Certify a Collective Action Must be Stayed or Adjourned,** *Sine Die*

For the following reasons, the Court should stay or adjourn, *sine die*, Plaintiff's motion to conditionally certify a collective action under the Fair Labor Standards Act ("FLSA"), including Defendants' opposition, which is currently due on April 11, 2022.

As an initial matter, prior to deciding Plaintiff's motion to conditionally certify a collective action under the FLSA, a decision should first be made on Defendants' forthcoming motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), which shall be filed by tomorrow, April 1, 2022. Indeed, taking this course of action would be consistent with Rule 1, which provides that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added). Defendants respectfully submit that it would be unjust, time consuming, and expensive to oppose Plaintiff's motion for conditional certification of a collective action when Defendants' anticipated motion for judgment on the pleadings would do away with the need for Plaintiff's motion and otherwise dismiss this case. Moreover, judges in the Southern District of New York routinely deny motions to conditionally certify a collective action without prejudice to renew where a dispositive motion or some other preceding issue is pending. See, e.g., Auffray v. FXFL, LLC, 2016 U.S. Dist. LEXIS 159475, at \*\*2-3 (S.D.N.Y. Nov. 16, 2016) ("Because Mr. Halem's motion, if successful, would completely eliminate Plaintiffs' claims under the FLSA, Plaintiffs' motion for conditional certification of a collective action is denied without prejudice to renewal in the event that Mr. Halem's motion to dismiss is denied by the Court"); Benavidez v. Plaza Mexico, Inc., 2014 U.S. Dist. LEXIS 38627, at \*4 (S.D.N.Y. Mar. 21, 2014) (where court denied plaintiffs' subsequent motion for conditional certification of a collective action as premature because resolution of bankruptcy issue was necessary). As such, this Court should treat Plaintiff's motion in a similar manner, by deciding Defendants' dispositive motion prior to considering Plaintiff's motion to certify a collective action.

Second, another reason to stay or adjourn the motion for conditional certification of a collective action is that the case should be stayed while the issues pertaining to Plaintiff's faithless servant and witness tampering actions are sorted out. The above-mentioned acts by Plaintiff has, *inter alia*, affected Defendants' ability to procure a statement from the witness as to Plaintiff's faithless servant actions, which – as noted above – is a defense against Plaintiff's claim to be an adequate class representative on a motion for conditional certification of a collective action. This is why Defendants have requested an evidentiary hearing with Plaintiff and D'Agostino.

Third, Plaintiff's counsel's aspirations to certify a collective action and/or class action will likely be denied. Plaintiff cannot be found to be an adequate class representative since he is not similarly situated to any putative class members. For example, the defenses concerning Plaintiff's claims are individualized, as the violation of the faithless servant doctrine may require Plaintiff to disgorge his claims and monies earned during the entire FLSA statute of limitations period. Last but not least, Plaintiff's criminal conduct renders him inadequate as a class representative.

Finally, Defendants' motion to dismiss will include an argument that the Court should not exercise supplemental jurisdiction over Plaintiff's NYLL claims because they provide for greater relief to Plaintiff than the FLSA claims. If anything, Plaintiff should be required to litigate all of the state law claims (where he can achieve greater recovery than on his FLSA claims) and Defendants' faithless servant defense in Supreme Court of the State of New York. In the event the faithless servant claims are successful, Defendants would be entitled to completely disgorge Plaintiff's wages, including those sought in his claims, such that his FLSA (and NYLL) claims will be subject to dismissal. Therefore, staying or adjourning the motion for conditional certification will preserve judicial resources since the resolution of the faithless servant claims may result in the dismissal of Plaintiff's FLSA claims.

Accordingly, Plaintiff's motion to conditionally certify a collective action must be stayed or adjourned, *sine die*, pending a determination of Defendants' anticipated motion for judgment on the pleadings.

**Status of Settlement Efforts**

Defendants have heeded this Court's requirement to make a written settlement offer to Plaintiff, having issued a written (and generous) settlement offer on March 23, 2022. Plaintiff's counsel responded today, enclosing a purported response from plaintiff Joseph Pagan stating that he would like to resolve this case on behalf of the class, and that his counteroffer is for a class wide resolution (with no basis nor calculations provided for the exorbitant amount). However, Mr. Pagan's signature is a computer signature, and thus there is no verification that the response actually come from Mr. Pagan himself, rather than his counsel, nor that Mr. Pagan was even advised of Defendants' settlement offer. Defendants promptly requested of Plaintiff's counsel to provide a handwritten, notarized signature from Mr. Pagan, which Plaintiff's counsel rejected.

**Request for In-Person Conference**

Defendants respectfully renew their request for an in-person conference with all parties present (including Mr. Pagan) to discuss the issues set forth herein and to confirm Plaintiff's personal position with respect to resolving this action.

Dated: Lake Success, New York
       March 31, 2022    Respectfully submitted,
                          **MILMAN LABUDA LAW GROUP PLLC**
                          _____/s_____
                          Emanuel Kataev, Esq.
                          3000 Marcus Avenue, Suite 3W8
                          Lake Success, NY 11042-1073
                          (516) 328-8899 (office)
                          (516) 303-1395 (direct dial)
                          (516) 328-0082 (facsimile)
                          emanuel@mllaborlaw.com

cc: Plaintiff (via ECF).