UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH PAGAN,

                                                                    Case No.: 1:20-cv-7349 (ALC) (SDA)

                                    Plaintiff,

              -against-

C.I. LOBSTER CORP., JOSEPH MANDARINO,
RICHARD MANDARINO, and JOHN MANDARINO,

                                    Defendants.
------------------------------------------------------------------X


### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

**MILMAN LABUDA LAW GROUP PLLC**

Netanel Newberger, Esq.
Emanuel Kataev, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
netanel@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT**................................................................................1

**STANDARD OF REVIEW**.....................................................................................2

**FACTS**................................................................................................................4

**ARGUMENT**........................................................................................................5

   **I.   THE ALLEGATIONS IN THE SECOND AMENDED COMPLAINT FAIL TO STATE AN FLSA AND/OR NYLL CLAIM**......................................................... 5

   **II.   THE COMPLAINT REFERENCES DEFENDANTS' TIME AND PAYROLL RECORDS, WHICH SHOW NO VIOLATION**................................................... 10

   **III. DEFENDANTS RICHARD MANDARINO AND JOHN MANDARINO DID NOT EMPLOY PLAINTIFF**.......................................................................... 11

   **V.   ALTERNATIVELY, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURSIDICTION OVER PLAINTIFF'S STATE LAW CLAIMS** ... 16

**CONCLUSION**...................................................................................................17

## TABLE OF AUTHORITIES

**Cases**

Anschutz Corp. v. Merrill Lynch & Co.,
690 F.3d 98 (2d Cir. 2012).................................................................................... 3

Apolinar v. R.J. 49 Rest., LLC,
2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016)................................. 12

ASARCO LLC v. Goodwin,
756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715 (2014) ............................. 3

Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009)............................................................................. 2, 3, 9

Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A.,
849 Fed. Appx. 289, 296 (2d Cir. 2021)........................................................ 15

Barfield v. New York City Health & Hosps. Corp.,
537 F.3d 132, 142 (2d Cir. 2008)................................................................... 12

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 555 (2007)........................................................................ 3, 9, 13

Boggs v. Die Fliedermaus, LLP,
2004 U.S. Dist. LEXIS 12883, at *3 (S.D.N.Y. July 7, 2004) ......................... 16

Brass v. American Film Technologies, Inc.,
987 F.2d 142, 150 (2d Cir. 1993)................................................................... 10

Burnette v. Carothers,
192 F.3d 52, 56 (2d Cir. 1999) ......................................................................... 2

Burke v. New York City Tr. Auth.,
758 Fed. Appx. 192, 195 (2d Cir. 2019), cert denied, 140 S.Ct. 852 (2020)...................... 6

Cain v. Mercy Coll.,
2022 U.S. App. LEXIS 6590 at **4-5 (2d Cir. March 15, 2022)..................... 15

Cannon v. Douglas Elliman, LLC,
2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Decl. 10, 2007) ..................... 12

Chambers v. Time Warner, Inc.,
282 F.3d 147, 152-53 (2d Cir. 2002) .......................................................... 3, 10

City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,
    752 F.3d 173, 188 (2d Cir. 2014)...................................................................... 15

Cleveland v. Caplaw Enterprises,
    448 F.3d 518, 521 (2d Cir. 2006)...................................................................... 2

Columbus Ale House, Inc. v. Cuomo,
    495 F. Supp.3d 88, 95-95 (E.D.N.Y. 2020) ...................................................... 14

Conlking v. Brookhaven Science Assoc., Inc.,
    2012 U.S. Dist. LEXIS 82080, at *6 (E.D.N.Y. June 12, 2012) ...................... 10

Davis v. Ching Yi Cheng,
    2017 U.S. Dist. LEXIS 212738, *19-21 (E.D.N.Y. Decl. 28, 2017)............... 13

DeJesus v. HF Mgt. Services, LLC,
    726 F.3d 85, 88 (2d Cir. 2013)........................................................................ 7

Fernandez v. Zoni Language Centers, Inc.,
    858 F.3d 45, 48 (2d Cir. 2017)........................................................................ 5

Gebhardt v. Allspect, Inc.,
    96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) ....................................................... 3

Gisomme v. HealthEx Corp.,
    2014 U.S. Dist. LEXIS 67588, at *6 (E.D.N.Y. May 15, 2014) ...................... 6

Glatt v. Fox Searchlight Pictures, Inc.,
    811 F.3d 528, 533 (2d Cir. 2015)..................................................................... 5

Herman v. RSR Sec. Servs. Ltd.,
    172 F.3d 132, 139 (2d Cir. 1999).................................................................... 12

Irizarry v. Catsimatidis,
    722 F.3d 99, 104 (2d Cir. 2013)...................................................................... 11

Khaldei v. Kaspiev,
    135 F. Supp. 3d 70, 85-86 (S.D.N.Y. 2015) .................................................... 16

Kolari v. New York-Presbyterian Hosp.,
    455 F.3d 118, 122 (2d Cir. 2006)..................................................................... 15

Lundy v. Catholic Health Sys. of Long Island Inc.,
    711 F.3d 106, 114 (2d Cir. 2013)............................................................. 6 7, 8, 9

Manway Constr. Co. v. Hous. Auth. of City of Hartford,
    711 F.2d 501, 503 (2d Cir. 1983)........................................................................ 16

Marcial v. New Hudson Family Rest., Inc.,
    2019 U.S. Dist. LEXIS 71682, at *18 (S.D.N.Y. Apr. 29, 2019)....................................... 9

Mennella v. Office of Court Admin.,
    938 F. Supp. 128, 131 (E.D.N.Y. 1996), aff'd, 164 F.3d 618 (2d Cir. 1998).................... 2

Nakahata v. New York–Presbyterian Healthcare Sys.,
    723 F.3d 192, 201 (2d Cir. 2013)............................................................. 6, 7, 8, 9

Paleja v. KP NY Operations LLC,
    2022 U.S. App. LEXIS 3399 at **3-4 (2d Cir. Feb. 8, 2022) ........................................... 8

Patel v. Contemporary Classics of Beverly Hills,
    259 F.3d 123, 126 (2d Cir. 2001)........................................................................ 2

Porat v. Lincoln Towers Cmty. Ass'n,
    464 F.3d 274, 276 (2d Cir. 2006)........................................................................ 15

Rosa v. Dhillon,
    2020 U.S. Dist. LEXIS 234635 at *8 (E.D.N.Y. Decl. 14, 2020) ..................................... 6

Rothenberg v. Daus,
    2015 U.S. Dist. LEXIS 39764 at **33-34, fn. 12 (S.D.N.Y. March 27, 2015)............... 16

Sellers v. M.C. Floor Crafters, Inc.,
    842 F.2d 639, 642 (2d Cir. 1988)........................................................................ 2

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236, 240 (2d Cir. 2002)........................................................................ 3

Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield,
    6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014) ........................................................... 16

TechnoMarine SA v. Giftports, Inc.,
    758 F.3d 493, 505 (2d Cir. 2014)........................................................................ 14

Tracy v. NVR, Inc.,
    667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ........................................................... 12

Wolman v. Catholic Health Sys. of Long Island, Inc.,
    853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) ........................................................... 12

<u>Xue Lian Lin v. Comprehensive Health Mgmt., Inc.</u>,
    2009 U.S. Dist. LEXIS 29779, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009)........... 12

**Statutes**

12 NYCRR § 142–2.2 (2011) .................................................................................................. 5

12 NYCRR § 146-1.3(b)(1)(i) ............................................................................................. 5, 6

28 U.S.C. §1367 ..................................................................................................................... 15

29 U.S.C. § 203(d) ................................................................................................................. 11

29 U.S.C. § 203(g) ................................................................................................................. 11

29 U.S.C. § 206(a)(1)(C) ..................................................................................................... 5, 6

29 U.S.C. §§ 206–207 .............................................................................................................. 5

NYLL § 198(1-d) ................................................................................................................... 10

**Rules**

Rule 12(b)(6).......................................................................................................................... 2, 3

## PRELIMINARY STATEMENT

Despite three (3) bites at the apple, Plaintiff Joseph Pagan (hereinafter "Plaintiff") has failed to meet the long known and well-established pleading standard to state a claim pursuant to either the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").

Preliminarily, Plaintiff's allegations that he received $10.00 per hour (plus tips) for every hour worked fails to state a claim for a minimum wage violation under the FLSA and/or the NYLL.

Similarly, Plaintiff has failed to state a claim for overtime wage violations under the FLSA and/or the NYLL.  Plaintiff's allegations that he regularly worked in excess of forty (40) hours per week is insufficient without any supporting factual context, such as how much he was actually paid during a given week compared to what he is entitled to.  Although Plaintiff alleges in the Second Amended Complaint, his third pleading prompted by the onset of this motion, that *if* he worked X hours, he should have received Y pay but instead only *would have* received Z pay, this type of hypothetical and conclusory pleading fails to state a claim upon which relief can be granted.

Moreover, Plaintiff references and relies on his time and pay records, which he received during his employment and were produced in January 2021, which indisputably show that Plaintiff never once worked more than forty (40) hours in any week, and that Plaintiff was always paid at least the minimum wage when accounting for tips received.  As such, this Court should be able to review Defendants' time and pay records in order to assess whether Plaintiff states a claim under the FLSA and/or the NYLL.

Finally, Defendants Richard Mandarino ("Richard") and John Mandarino ("John") did not employ Plaintiff, and the conclusory allegations in the Second Amended Complaint with respect to the "employer" status of these individual defendants are insufficient to state a claim under the economic realities test.  Therefore, dismissal of all claims against Richard and John is warranted.

Defendants thus respectfully submit this motion for judgment on the pleadings on the ground that the Plaintiff's claims under the FLSA and NYLL fail to state a claim for relief. The motion should be granted, with leave to amend denied; alternatively, the federal claims must be dismissed and this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed ... a party may move for judgment on the pleadings." See Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only where all material facts are undisputed and, "a judgment on the merits is possible merely by considering the contents of the pleadings." See Mennella v. Office of Court Admin., 938 F. Supp. 128, 131 (E.D.N.Y. 1996), aff'd, 164 F.3d 618 (2d Cir. 1998) (citing Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988)). A court may also convert a motion for judgment on the pleadings into a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court.'" See Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006).

In all other respects, a motion brought pursuant to Rule 12(c) is analyzed under the same standard applicable to a motion under Rule 12(b)(6). See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); see also Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). Moreover, "[t]o survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A claim has "facial plausibility" only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98 (2d Cir. 2012).

"Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusion." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will [therefore] not suffice to prevent a motion to dismiss." See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (quoting Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)) (internal citation and quotation marks omitted in original).

Although the complaint need not contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Iqbal, 556 U.S.at 678.  Nor will a pleader's "formulaic recitation of the elements of a cause of action" be considered adequate to overcome a Rule 12(b)(6) motion. See Twombly, 550 U.S. at 555.  While the Court must limit itself to the facts alleged in the complaint and any documents attached to the complaint as exhibits or incorporated by reference therein, Courts may also look to matters of which judicial notice may be taken in determining a motion for judgment on the pleadings. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715 (2014).

The Second Amended Complaint in this case falls woefully short of properly pleading any of Plaintiff's claims.  As a result, Defendants are entitled to judgment on the pleadings and the Second Amended Complaint must be dismissed.

## **FACTS**

On September 9, 2020, Plaintiff filed the instant lawsuit. <u>See</u> Docket Entry 1. Following Defendants' letter motion for a pre-motion conference in anticipation of its motion to dismiss the Complaint, Plaintiff filed his First Amended Complaint ("FAC"). <u>See</u> Docket Entries 22-24.

On January 8 and 12, 2021, Defendants produced Plaintiff's time and payroll records to Plaintiff. <u>See</u> Declaration of Emanuel Kataev dated April 1, 2022 (hereinafter "<u>Kataev</u> <u>Decl.</u>"), ¶ 3. On March 11, 2022, following Defendants' letter motion for a pre-motion conference in anticipation of its motion to dismiss the FAC, Plaintiff filed his Second Amended Complaint ("SAC"), asserting causes of action under: (i) the FLSA for unpaid minimum wages; (ii) the FLSA for unpaid overtime wages; (iii) the NYLL for unpaid minimum wages; (iv) the NYLL for unpaid overtime wages; (v) the NYLL for failure to furnish wage notices; (vi) the NYLL for failure to furnish wage statements; (vii) the NYLL for spread of hours compensation; and (viii) the NYLL for illegal deductions for gratuities. <u>See</u> Docket Entries 83, 85, 107.

In the SAC, Plaintiff alleges, in relevant part, that he was paid $10.00 per hour (plus tips) and was not compensated for all hours worked. <u>See</u> Docket Entry 107 at ¶¶ 39, 46, 53. He also claims, without any supporting factual details, that he was not paid overtime for hours worked in excess of forty (40) hours per week. <u>See</u> <u>Id.</u> at ¶¶ 56, 66.[1]

---

[1] Plaintiff altogether fails to identify a single week in which he worked a set amount of hours and received a set amount of pay which would establish whether or not he was properly paid, which is required under the pleading standards set forth by the Second Circuit nearly a decade ago. Jarringly, Plaintiff fails to make these requisite allegations despite the fact that he only worked for Defendants from March 2019 through March 2020 (see Docket Entry 107 at ¶ 38), and that he filed his original complaint in September 2020, just six (6) months later (<u>see</u> Docket Entry 1).

Plaintiff also alleges that a tip credit was not properly taken against his wages such that his wages paid were less than the full minimum wage, but fails to identify a single week in which he was paid less than the minimum wage.  Id. at ¶¶ 50-53.

Plaintiff's pleadings reference Defendants' time records and refer to them as inaccurate, without explaining how.  Id. at ¶¶ 29, 31, 85.  Plaintiff also conclusorily alleges that Defendants engaged in "time shaving," the practice of artificially reducing the number of hours an employee actually works, without explaining how.

Finally, Plaintiff makes the conclusory allegation that he was not paid a "spread of hours" premium on days when his workdays lasted longer than ten (10) hours a day, yet he fails to identify a single day that he worked more than ten (10) hours.  Id. at ¶ 49.

## ARGUMENT

### I.     THE ALLEGATIONS IN THE SECOND AMENDED COMPLAINT FAIL TO STATE AN FLSA AND/OR NYLL CLAIM

The FLSA generally requires employers to pay "employees a specified minimum wage, and overtime of time and one-half for hours worked in excess of forty hours per week." See Fernandez v. Zoni Language Centers, Inc., 858 F.3d 45, 48 (2d Cir. 2017) (quoting Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 533 (2d Cir. 2015) (citing 29 U.S.C. §§ 206–207)).  The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL).

The minimum wage under federal law is $7.25 per hour, and the overtime rate is therefore $10.88 per hour.  See 29 U.S.C. § 206(a)(1)(C).  During the time period relevant to Plaintiff's claims, the minimum wage under the New York State Hospitality Industry Wage Order for food service workers of large employers is $15.00 per hour (i.e., $10.00 per hour with a $5.00 tip credit). See 12 NYCRR § 146-1.3(b)(1)(i).

As set forth below, despite three (3) attempts, Plaintiff has altogether failed to state a plausible FLSA and/or NYLL claim under both the minimum wage and overtime prongs, or any of Plaintiff's other NYLL claims.

a. Plaintiff's Minimum Wage Claims Must Be Dismissed

Regarding the minimum wage, Plaintiff alleges that he was paid $10 per hour (plus tips). See Docket Entry 107 at ¶¶ 39, 46, 53; see also Kataev Decl., Ex. B. This is clearly above the FLSA minimum wage of $7.25 per hour. See 29 U.S.C. § 206(a)(1)(C).

As such, Plaintiff has no minimum wage claim under the FLSA. See Rosa v. Dhillon, 2020 U.S. Dist. LEXIS 234635 at *8 (E.D.N.Y. Decl. 14, 2020) ("Because plaintiffs allege that their wages surpassed the federal minimum wage, plaintiffs cannot state a minimum wage claim under the FLSA. I therefore grant the motion to dismiss").

Moreover, Plaintiff's pay was in accordance with the minimum wage under the New York State Hospitality Industry Wage Order for food service workers. See 12 NYCRR § 146-1.3(b)(1)(i). Plaintiff references in the Second Amended Complaint that he was paid tips, and the tip credit is reflected in Plaintiff's payroll records produced herewith. See Kataev Decl., Ex. B.

As such, Plaintiff has no minimum wage claim under the NYLL.

b. Plaintiff's Overtime Claims Must Be Dismissed

Moreover, in order to state a claim for overtime wages under the FLSA and the NYLL, a plaintiff must allege "a single workweek in which [he] worked at least 40 hours and also worked *uncompensated* time in excess of 40 hours[.]" See Burke v. New York City Tr. Auth., 758 Fed. Appx. 192, 195 (2d Cir. 2019), cert denied, 140 S.Ct. 852 (2020) (emphasis added) (citing Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); Nakahata v. New York–Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir. 2013)) (dismissing both the FLSA

and NYLL overtime claims for failure to provide length and frequency of alleged unpaid work); see also Gisomme v. HealthEx Corp., 2014 U.S. Dist. LEXIS 67588, at *6 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotations omitted)).  Plaintiff fails to meet this standard; he does not allege a single workweek where he worked over forty (40) hours and that uncompensated time in excess of forty (40) hours.

In Nakahata, the Second Circuit discussed Lundy and recounted how the plaintiff in Lundy pled the number of hours the plaintiffs were typically scheduled to work in a week and thus failed to state an FLSA overtime claim; on that same basis, the Court in Lundy dismissed the FLSA overtime claim.  See 723 F.3d at 200-201.  This is no different from the Second Amended Complaint in the instant matter, where Plaintiff alleges that he "generally worked a total of approximately" 54.5 hours during the summer season and "generally worked…approximately" 35-40 hours the rest of the year.  See Docket Entry No. 107, at ¶¶ 44-45.

In DeJesus v. HF Mgt. Services, LLC, 726 F.3d 85, 88 (2d Cir. 2013), the Second Circuit, in dismissing the FLSA claim, held that an allegation that a plaintiff "regularly worked" more than forty (40) hours a week and was not properly compensated – similar to that alleged in the Second Amended Complaint here – was "one of those borderline phrases" that while not stating an "ultimate legal conclusion[]," was "nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." See 726 F.3d at 89.  In the Second Amended Complaint here, many of these "borderline phrases" are used, including, but not limited to: (i) "Plaintiff was not paid an overtime premium of one and one half times his regular rate for hours worked in excess of forty (40) per week" (Docket Entry No. 107, at  ¶ 56); (ii) "Defendants did not compensate Plaintiff for all hours worked, including because of time shaving" (Id. at ¶ 46).

7

Recently, the Second Circuit held that a Complaint which alleged that a plaintiff "regularly worked in excess of 40 hours per week" and that in a "typical week" the plaintiff would work "approximately 70 [sic] hours", was insufficient to state an FLSA claim.  See Paleja v. KP NY Operations LLC, 2022 U.S. App. LEXIS 3399 at **3-4 (2d Cir. Feb. 8, 2022) (summary order).

In the case at bar, the Second Amended Complaint should be analyzed in the same exact manner as that described above because it is no different, as can be readily seen from the Second Amended Complaint's conclusory allegations as to the hours that Plaintiff "generally worked:"

- "During the summer season (from around late March to September), Plaintiff *generally* worked approximately five (5) shifts per week, three weekdays per week and on Saturday and Sunday." (See Docket Entry 107, at ¶ 40) (emphasis added);
- "On Saturdays during the summer season, Plaintiff *generally* worked from around 10 a.m. to 1 a.m." (Id., at ¶ 41) (emphasis added);
- "On Sundays during the summer season, Plaintiff *generally* worked from around 10 a.m. to midnight." (Id., at ¶ 42) (emphasis added);
- "On weekdays during the summer season, Plaintiff *generally* worked from around 1 p.m. to 9:30 p.m." (Id., at ¶ 43) (emphasis added);
- "During the summer season, Plaintiff *generally* worked a total of approximately fifty-four and a half (54.5) hours per week."  (Id., at ¶ 44) (emphasis added); and
- "During the rest of the year, Plaintiff *generally* worked approximately five (5) shifts per week, from around 5 p.m. to midnight or 1 a.m., for a total of approximately thirty-five to forty (35-40) hours per week."  (Id., at ¶ 45) (emphasis added).

Here, the Amended Complaint fails to identify a single week in which Plaintiff worked and was not paid at least the minimum wage or any overtime or spread of hours pay (Plaintiff's seventh claim).[2]  This is not enough to plead a claim under the FLSA and the NYLL.  See Lundy, Nakahata, DeJesus, and Paleja, *supra*.

Accordingly, Plaintiff's overtime claims under the FLSA and NYLL must be dismissed.

---

[2] It is also worthy to note that the Second Amended Complaint's allegations do not outline any details as to alleged "time shaving" or off-the-clock work (indeed, the words "off the clock" are nowhere to be found in the Second Amended Complaint).

c.   Plaintiff's "Illegal Deduction from Gratuities Claim" Must Be Dismissed

Plaintiff's eighth claim for "illegal deductions from gratuities" must be dismissed for failure to state a claim upon which relief can be granted.

The relevant allegations only set forth conclusory assertions of fact that Defendants illegally misappropriated a portion of Plaintiff's tips, but does not provide an iota of the minimal factual information to support this claim, such as whether this alleged misappropriation occurred weekly, monthly or annually or whether Defendants engaged in serving customers.  See Ashcroft v. Iqbal, 566 U.S. 662, 663 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

Accordingly, Plaintiff's NYLL claim related to tips must be dismissed.

d.   Plaintiff's FLSA Collective Action and NYLL Class Claims Must Be Dismissed

To maintain a collective action, Plaintiff must establish a scheme that violates the FLSA.

As set forth *supra*, Plaintiff may not conditionally certify a collective action because he has failed to establish any violation of the FLSA.  See, e.g., Marcial v. New Hudson Family Rest., Inc., 2019 U.S. Dist. LEXIS 71682, at *18 (S.D.N.Y. Apr. 29, 2019) ("Plaintiffs cannot show that they are entitled to conditional certification for their FLSA minimum wage claim" when they were paid above the federal minimum wage).

Because Plaintiff fails to allege a violation of the FLSA, he is not entitled to conditionally certify a collective action.

Similarly, Plaintiff cannot maintain a class action because he never worked any overtime according to his time records and is therefore not similarly situated to any individual who may have worked overtime.

e.  Conclusion

As such, like the complaint in <u>Lundy</u>, <u>Nakahata</u>, <u>DeJesus</u> and <u>Paleja</u>, the Plaintiff in this case fails to state a claim under the FLSA and the NYLL, and thus must suffer the same fate of dismissal.

## II.    THE COMPLAINT REFERENCES DEFENDANTS' TIME AND PAYROLL RECORDS, WHICH SHOW NO VIOLATION

In determining the sufficiency of Plaintiff's claims, this Court may consider documents attached to, *or incorporated by reference in*, the pleadings; matters of which judicial notice may be taken; or *documents either in Plaintiff's possession or of which he had knowledge and on which he relied in bringing suit*. <u>See</u> <u>Brass v. American Film Technologies, Inc.</u>, 987 F.2d 142, 150 (2d Cir. 1993); <u>Conlking v. Brookhaven Science Assoc., Inc.</u>, 2012 U.S. Dist. LEXIS 82080, at *6 (E.D.N.Y. June 12, 2012).

Indeed, a court may also consider "a document [that] is not incorporated by reference ... where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002) (citations omitted).

Here, Plaintiff references and relies heavily on Defendants' time and pay records in the Second Amended Complaint by conclusorily stating that they are inaccurate.  See Docket Entry 107, at ¶¶ 29, 31, 85.  However, Plaintiff fails to allege any facts supporting the allegation that Defendants' records are somehow inaccurate.

Moreover, Defendants' records show that Plaintiff never once worked more than forty (40) hours in any week, and that Plaintiff was always paid at least the minimum wage under the federal law and- when accounting for tips received- under the NYLL.  <u>See</u> <u>Kataev Decl.</u>, Ex. B.

Based on these records (which Plaintiff has failed to allege any facts in support of the notion that they are in any way inaccurate other than his conclusory self-serving statements), his fifth and sixth claims for failure to furnish a wage notice and for failure to furnish him with a proper wage statement, respectively, must be dismissed, as Plaintiff was paid timely and in full for all of his wages, which is an affirmative defense.  See NYLL § 198(1-d).

Finally, since Plaintiff recently filed the Second Amended Complaint on March 11, 2022, he has had the benefit of prior discovery in this matter, including production by Defendants of Plaintiff's time and payroll records on January 8 and 12, 2021.  See Kataev Decl., ¶ 3.  Indeed, despite the foregoing, Plaintiff has still not provided any further detail in the Second Amended Complaint as to his actual hours worked or wages paid notwithstanding the fact that he has had access to his own time and pay records provided by Defendants since January 2021, over a year ago.

As such, this Court should be able to review Defendants' time and payroll records in order to assess whether Plaintiff states a claim under the FLSA and NYLL.

## III.   DEFENDANTS RICHARD MANDARINO AND JOHN MANDARINO DID NOT EMPLOY PLAINTIFF

An individual or entity may be held liable under the FLSA if it is deemed an "employer" under the statute.  See 29 U.S.C. § 203(d).  Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. See 29 U.S.C. § 203(g).

"[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA [is] grounded in economic reality rather than technical concepts." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted).

"Employment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Id. at 104. The relevant factors as to whether an employment relationship exists under the FLSA include "'whether the alleged employer:

> (1) had the power to hire and fire the employees,
>
> (2) supervised and controlled employee work schedules or conditions of employment,
>
> (3) determined the rate and method of payment, and
>
> (4) maintained employment records.'"

Id. at 104-05, quoting Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008). These factors are not exclusive and no one factor is dispositive.  Id. at 105;[3] see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (to determine whether a party qualifies as an "employer" under both the FLSA and NYLL's "generous definitions," the relevant inquiry is "whether the alleged employer possessed the power to control the workers in question … with an eye to the economic reality presented by the facts of each case."); Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (dismissing FLSA claim against Human Resources officer because allegations presuming control based on that officer's job title did not sufficiently allege his control over plaintiff); Wolman v. Catholic Health Sys. of Long Island, Inc., 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) ("[C]ourts will not find individual liability when the relationship between plaintiff-employees and the putative employer is too attenuated, especially when the entity has a significant number of employees."), aff'd in part, rev'd in part sub nom.

---

[3] The same analysis that applies to FLSA claims also applies to claims brought under the NYLL. Xue Lian Lin v. Comprehensive Health Mgmt., Inc., 2009 U.S. Dist. LEXIS 29779, at *6 (S.D.N.Y. Apr. 9, 2009), citing Cannon v. Douglas Elliman, LLC, 2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Dec. 10, 2007).

In Apolinar v. R.J. 49 Rest., LLC, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016), the plaintiffs sued their boss's mother "using identical language that plaintiffs use with respect to the other individual defendants." Id. at *14.  The Court dismissed the claims against the boss's mother since there were solely conclusory allegations regarding her duties "which merely plead the presence of the factors relevant to whether an individual is a joint employer – is insufficient to plausibly show that [she] was their employer for purposes of the FLSA." Id. at *14-15.

In the instant matter, Plaintiff similarly makes several conclusory allegations in the Second Amended Complaint with respect to the "employer" status of Richard and John Mandarino, which are insufficient to state a claim under the economic realities test and warrant dismissal. The boilerplate allegations simply state that Richard: (1) "has the power to hire and fire Plaintiff and other employees of Defendant C.I. Lobster Corp." and (2) "has the power to schedule Defendants' employees, including Plaintiff" (Docket Entry 107, at ¶¶ 14-15); and that John: (1) "has the power to hire and fire Plaintiff and other employees of Defendant C.I. Lobster Corp.  For example, John Mandarino fired a server named Ben (last name unknown)" and (2) "has the power to schedule Defendants' employees, including Plaintiff" (Id., at ¶¶ 16-17).

Plaintiff's "formulaic recitation of the elements of a cause of action" is insufficient to survive dismissal. Twombly, 550 U.S. at 555.  Plaintiff does not allege that either Richard or John *actually* asserted any of these aforementioned theoretical authorities over him so as to state a claim under the economic realities test.  In other words, Plaintiff does not allege that Richard or John *actually* hired or fired Plaintiff, or set Plaintiff's schedule; in fact, Plaintiff alleges that defendant *Joseph Mandarino* hired Plaintiff and set Plaintiff's pay and schedule (Docket Entry 107, at ¶¶ 11-13).

13

Moreover, while Plaintiff alleges that John "fired a server named Ben (last name unknown)" (Docket Entry 107, at ¶ 16), this had nothing to do with Plaintiff so it is insufficient to state a claim under the economic realities test.  See Davis v. Ching Yi Cheng, 2017 U.S. Dist. LEXIS 212738, **19-21 (E.D.N.Y. Decl. 28, 2017)(dismissing claims against all but one (1) individual defendant since there was "absolutely no evidence that any of the other co-defendants …, had anything to do with the Plaintiff's employment" including interviewing, hiring plaintiff or having anything to do with plaintiff's employment or wages).  Accordingly, all of Plaintiff's claims against Richard Mandarino and John Mandarino must be dismissed.

## IV.    PLAINTIFF MUST BE DENIED LEAVE TO AMEND THE COMPLAINT

Leave to amend a pleading may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (quotation marks omitted).

Here, as noted above, Plaintiff has already been provided with multiple opportunities to remedy the above deficiencies in the pleading.  Plaintiff filed the original Complaint on September 9, 2020. See Docket Entry 1.  Following Defendants' letter motion for a pre-motion conference in anticipation of its motion to dismiss on January 19, 2022, Plaintiff filed his First Amended Complaint on February 22, 2021.  See Docket Entries 22-24.  On March 11, 2022, following Defendants' letter motion for a pre-motion conference in anticipation of its motion to dismiss, Plaintiff filed his Second Amended Complaint.  See Docket Entries 83, 85, 107.

For Plaintiff to now receive yet another opportunity to amend is futile and will only cause undue prejudice to Defendants who continue to suffer due to the pandemic.  See Columbus Ale House, Inc. v. Cuomo, 495 F. Supp.3d 88, 95-95 (E.D.N.Y. 2020) (Cogan, J.).

There, Judge Cogan held:

> New York City is in the middle of an economic crisis brought about
> by the pandemic. Much has been written about the falling real estate
> prices, vacant store fronts, fleeing residents, and the potential
> permanent or long-term demise of the entertainment and restaurant
> industries in New York

Id.

Further, because the pleading deficiencies complained of here were set forth in Defendants'

January 19, 2021 pre-motion conference letter seeking to file a motion to dismiss the First

Amended Complaint, i.e. *prior to* Plaintiff's filing of the Second Amended Complaint, they were

not unforeseen such that leave should be granted once more to amend, given that it is indisputable

that Plaintiff was placed on notice of these deficiencies for well over a year and has failed to cure

them.  See Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A., 849 Fed. Appx. 289,

296 (2d Cir. 2021) ("And Banco Safra had ample opportunity to amend its complaint to cure the

… deficiencies. It is thus "unlikely that the deficiencies ... were unforeseen") (citing City of

Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014)).

Moreover, a district court is not required to grant leave to amend when it grants a motion

to dismiss based on pleading deficiencies, as the Court should do in the instant matter. See Porat

v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006); see also City of Pontiac

Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014).

Finally, this Court's Individual Practices require the non-moving party facing a motion to

dismiss to advise the Court and the adversary whether it intends to file an amended pleading.  See

Individual Practices ¶ 2(D).  Plaintiff availed himself of this benefit afforded under the Individual

Practices and thus should not be provided with a fourth bite at the apple.

Accordingly, granting leave to amend must be denied.

15

## V.  ALTERNATIVELY, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURSIDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

The alleged jurisdictional basis over Plaintiff's state law claims against Defendants is supplemental jurisdiction, under 28 U.S.C. § 1367.  See Docket Entry 107, at ¶ 4.  However, since all of Plaintiff's FLSA claims should be dismissed for the reasons articulated above, this Court should decline to exercise supplemental jurisdiction over any remaining state law claims.  See Cain v. Mercy Coll., 2022 U.S. App. LEXIS 6590 at **4-5 (2d Cir. March 15, 2022) (declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

Also, the Court can, and should, *sua sponte* decline to exercise supplemental jurisdiction.  See, e.g., Rothenberg v. Daus, 2015 U.S. Dist. LEXIS 39764 at **33-34, fn. 12 (S.D.N.Y. March 27, 2015) ("plaintiffs' contention that the court may not decline to exercise supplemental jurisdiction *sua sponte* contravenes black letter law"), citing Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield, 6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014) ("[T]he Court *sua sponte* declines to exercise supplemental jurisdiction over the remaining [state law] claims against [defendants]"), Boggs v. Die Fliedermaus, LLP, 2004 U.S. Dist. LEXIS 12883, at *3 (S.D.N.Y. July 7, 2004), Manway Constr. Co. v. Hous. Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983).

Here, Defendants intend to file faithless servant claims against Plaintiff, which may result in the complete disgorgement of Plaintiff's claims against Defendants.  See Kataev Decl., ¶ 4; Docket Entry 113.  See Khaldei v. Kaspiev, 135 F. Supp. 3d 70, 85-86 (S.D.N.Y. 2015) ("Where,

as here, a [party] has engaged in multiple acts of disloyalty over a significant period of time—lasting not just months, but years...forfeiture of any compensation owed during that time is clearly warranted").

As such, to conserve judicial resources, Plaintiff's FLSA claims and his requests to certify a collective and class action should be stayed, and Plaintiff should be required to litigate in New York State Supreme Court all of his state law claims (where he can achieve greater recovery than on his FLSA claims) and Defendants' faithless servant claims.

Therefore, this Court should decline to exercise supplemental jurisdiction and should instead dismiss the state claims in the Second Amended Complaint, along with all the federal claims.

**<u>CONCLUSION</u>**

Defendants respectfully request that Plaintiff's Second Amended Complaint be dismissed.

Dated:  Lake Success, New York
      April 1, 2022

                                           **MILMAN LABUDA LAW GROUP PLLC**

                                           By:  */s/  Emanuel Kataev, Esq.* _____
                                           Netanel Newberger, Esq.
                                           Emanuel Kataev, Esq.
                                           3000 Marcus Avenue, Suite 3W8
                                         Lake Success, NY 11042-1073
                                         (516) 328-8899 (office)
                                         (516) 328-0082 (facsimile)
                                         netanel@mllaborlaw.com
                                         emanuel@mllaborlaw.com

                                         *Attorneys for Defendants*

**<u>VIA ECF</u>**
The Ottinger Firm, P.C.
<u>Attn:</u> Finn Dusenbery, Esq.
401 Park Avenue South
New York, NY 10016-8800
finn@ottingerlaw.com

17