UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH PAGAN,

                              Plaintiff,

        -against-

C.I. LOBSTER CORP., JOSEPH MANDARINO,
RICHARD MANDARINO, and JOHN MANDARINO,

                             Defendants.
-----------------------------------------------------------------X

**Case No.:** 1:20-cv-7349 (ALC) (SDA)

**DECLARATION OF
LAUNDEL BOOKER**

LAUNDEL BOOKER, pursuant to 28 U.S.C. § 1746, declares as follows:

1. Your declarant is a waiter or server of the Defendant C.I. Lobster Corp. (hereinafter "City Island Lobster House" or the "Restaurant").

2. I have been a waiter at the Restaurant for nine (9) years since approximately April 2013.

3. On April 2, 2022, I spoke with an attorney Emanuel Kataev, Esq. (hereinafter "Mr. Kataev") who is associated with Milman Labuda Law Group PLLC (hereinafter "MLLG"), who represents the Restaurant and other defendants named above (hereinafter the "Defendants").

4. I was told by Mr. Kataev that the Defendants are conducting an investigation into allegations that Plaintiff Joseph Pagan (hereinafter "Pagan") sold drugs on the Restaurant's premises.

5. I was told by Mr. Kataev that Pagan has brought a lawsuit on behalf of himself and others alleging that the Defendants did not properly pay Pagan and other employees of the Restaurant.

6. I was told by Mr. Kataev that, as part of the Defendants' defense, MLLG wanted to ask me (and a number of other persons) questions.

7. Prior to asking me questions, MLLG read me the following statement and told me to first clearly understand that:

a. MLLG's purpose is to investigate facts and prepare a defense for Defendants regarding the allegations referenced above;

b. My participation or lack of participation in this investigation is voluntary and will in no way affect my rights as an employee of the Defendants;

c. There will be absolutely no reprisals or other action taken against me by any of the Defendants because of any answers I might give or statements that I make;

d. If I agree to participate, I may refuse to answer any of MLLG's questions or stop this conversation at any time without affecting any of my rights;

e. There will be no rewards and no reprisals, regardless of whether I speak with MLLG or as a result of what I have to say;

f. MLLG told me that it is not interested in ascertaining whether or not I am a union member or for or against a union, and positively asserts that I have the right to join or refrain from joining any labor organization without fear of reprisals; and

g. MLLG told me that it is only interested in the truth.

### Pagan Sold Drugs at the Restaurant

8. I remember working with Pagan for approximately a year and it was before COVID.

9. During the time I worked with Pagan, it was known among the employees that if any employee wanted drugs, they should go to Pagan.

10. From what I understood, Pagan sold marijuana.

11. One day, Pagan called me over to his car and physically showed me that he had a trunk full of marijuana in his car for sale.

12. I told him that if I needed anything, I would let him know.

13. However, the truth is, I do not even smoke cigarettes so I would not be interested.

14. I never previously spoke up to my employer about this because I did not want any trouble.

15. I am told that there is a conference on Friday, April 15, 2022 to discuss this.

16. I am available to appear at this conference at 9:30 AM to attest to this personally.

17. I am happy that Pagan is no longer working here because he caused a lot of trouble.

18. I have read and understand this Declaration, affirm that the statements contained herein are true and based on my own personal knowledge, or that upon information and belief, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 2, 2022.

*Laundel Booker*
Laundel Booker